# Exhibit C

*United States of America v. Visa Inc.,* No. 24 Civ. 07214, (ECF No. 42)

Protective Order

Case 1:24-cv-07214-JGK   Document 23   Filed 05/17/24   Page 12 of 12

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

               *Plaintiff,*

      v.

VISA INC.,

               *Defendant.*

Case No. 1:24-cv-07214-JGK-SLC

**STIPULATED PROTECTIVE ORDER**

To ensure the efficient and prompt resolution of this Action, facilitate discovery by the Parties litigating this Action, and protect Confidential Information and Highly Confidential Information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and according to Federal Rule of Civil Procedure 26(c)(1) and all applicable Local Rules, ORDERS as follows:

## I.    GENERAL PROVISIONS

### A.    Definitions

1.    "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2.    "Confidential Information" means the portion of any Investigation Materials or Litigation Materials that contains (a) Personally Identifiable Information (PII) or (b) trade secrets or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G). Provided, however, that any portion of any

1

Investigation Materials or Litigation Materials, except for PII, that has been published or otherwise made publicly available is not Confidential Information.

3.     "Defendant" means Visa Inc., and its employees, agents, representatives, parents, subsidiaries, affiliates, successors, and assigns.

4.     "Disclosed" means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

5.     "Document" means any document, data, or electronically stored information as such term is used in Federal Rule of Civil Procedure 34(a).

6.     "Highly Confidential Information" means any Confidential Information which the Protected Person producing it reasonably believes is likely to result in economic harm or competitive disadvantage if it is disclosed.

7.     "Investigation" means any pre-complaint review, assessment, or investigation by any Party of the Defendant's conduct alleged in the Complaint.

8.     "Investigation Materials" means non-privileged documents, data, communications, transcripts of testimony, or other materials relating to the Investigation, including but not limited to those provided pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-1314, or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, that (a) any non-Party provided to any Party; (b) any Party provided to any non-Party; or (c) any Party provided to any opposing Party.

9.     "Litigation Materials" means non-privileged documents, data, communications, transcripts of testimony, or other materials relating to this Action that (a) any non-Party provides to any Party; (b) any Party provides to any non-Party; (c) any Party provides to any opposing Party. Provided, however, that any written comment relating to a proposed consent judgment in

this Action that is submitted pursuant to the Antitrust Procedures and Penalties Act (Tunney Act), 15 U.S.C. § 16(b)–(h), is not Litigation Materials.

10. "Outside Counsel of Record" means the law firm(s) representing Defendant in this Action, including any attorneys, paralegals, and other professional personnel (including IT professionals and support staff) employed by such law firm(s) and assigned to this Action.

11. "Party" means the United States, any state or commonwealth that joins this Action, or Defendant. "Parties" means collectively the United States, any state or commonwealth that joins this Action, and Defendant in this Action.

12. "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

13. "Personally Identifiable Information" or "PII" means a natural person's (a) Social Security number; (b) driver's license number, or state or federal government identification number, or foreign country equivalent identification number; (c) passport number; (d) financial account number; (e) credit or debit card number; (f) name, address, or phone number in combination with their date of birth; or (e) personal health information.

14. "Plaintiff" means the United States and its employees, agents, and representatives. In the event that a U.S. state or commonwealth joins this Action, the term "Plaintiff" will include the United States and all states or commonwealths that join this Action.

15. "Pretrial Period" means the time between the filing of this Action and the first day of any Trial of this Action.

16. "Protected Person" means any Person, including any Party or non-Party, that provided Investigation Materials or provides Litigation Materials.

Case 1:24-cv-07214-JGK     Document 40-1     Filed 12/16/24     Page 5 of 22

**B.     Computing Time**

17.     Unless otherwise specified, time will be computed according to Federal Rule of Civil Procedure 6(a).

**C.     Persons Bound by This Order**

18.     This Order is binding on the Parties, their attorneys, successors, representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, contractors, experts, and consultants, all non-Parties providing discovery in this Action, and all other interested persons with actual or constructive notice of this Order, upon pain of contempt.

**D.     Notice of This Order to Non-Party Protected Persons**

19.     Within fifteen (15) business days of the Court's entry of this Order, each Party must send by email, overnight mail, or hand delivery a copy of this Order to each non-Party Protected Person (or, if represented by counsel, the non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

20.     Any Party that seeks discovery related to this Action from any non-Party must include a copy of this Order when serving a discovery request or subpoena on the non-Party. If any Party sent a discovery request or subpoena to any non-Party prior to entry of this Order, that Party must send a copy of this Order to the non-Party within two (2) business days of entry of this Order.

**E.     Modifications of This Order**

21.     If a non-Party Protected Person determines that this Order does not adequately protect its Confidential Information or Highly Confidential Information, it may, within ten (10) business days after receiving notice of this Order pursuant to Paragraph 19 or Paragraph 20, file a motion seeking additional protection from the Court for its Confidential Information or Highly Confidential Information. If a non-Party Protected Person timely files such a motion, the

Case 1:24-cv-07214-JGK    Document 23    Filed 05/17/24    Page 56 of 12

information for which additional protection has been sought may not be disclosed until the Court has rendered a decision on the motion, unless the movant and the Parties reach an agreement that permits disclosure of the Confidential Information or Highly Confidential Information while the motion is pending.

22.    Nothing in this Order limits any Person, including members of the public, a Party, or an interested non-party, from seeking additional protection or modification of this Order upon a motion duly made according to the Local Rules of this Court, including, without limitation, an order that certain information need not be produced at all or is not admissible evidence in this Action or any other proceeding.

### F.    Privacy Act

23.    This Order, and any subsequent order of this Court governing the United States' production of any documents, data, communications, transcripts of testimony, or other materials in this Action, constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a (b)(11).

## II.    PROCEDURES FOR DESIGNATING CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION

### A.    Designating Highly Confidential Information in Investigation Materials

24.    All Investigation Materials or any other materials that are entitled to confidentiality protections pursuant to the Antitrust Civil Process Act, 15 U.S.C. § 1313(c) (3), or the Hart-Scott-Rodino Antitrust Improvements Act, 15 U.S.C. § 18a(h), must be treated as Highly Confidential Information during the Pretrial Period unless that designation is successfully challenged under the procedures set forth in Paragraphs 43-44 below.

Case 1:24-cv-07214-JGK    Document 23    Filed 05/17/24    Page 67 of 212

**B.       Designating Confidential Information or Highly Confidential Information in Litigation Materials**

25.       The following procedures govern the process for Protected Persons (including Parties) to designate Confidential Information or Highly Confidential Information contained in any Litigation Materials. By so designating, the Protected Person (and counsel, if any) represents to the Court that it in good faith believes that the information constitutes Confidential Information or Highly Confidential Information as defined in Paragraphs 2 and 6 of this Order. Any Litigation Materials not designated in the manner required by this Order will not be treated as Confidential Information or Highly Confidential Information, even if such information was subject to a prior designation of confidentiality.

26.       Documents Produced in Native Format. When a Protected Person produces electronically stored documents in native file format, the Protected Person must designate any Confidential Information by (a) appending the suffix "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the file name or document production number, or (b) including the confidentiality designation in reasonably accessible metadata associated with the file. When documents that were produced in native file format are printed for use during a deposition, for a court proceeding, or for disclosure to any Person described in Paragraphs 34 or 35, the Party printing the file must affix to the printed version a label containing the production number and the confidentiality designation associated with the document.

27.       Documents and Data Produced in Hard Copy or Non-Native Format. When a Protected Person produces documents in hard copy, image files, or other non-native file formats, the Protected Person must designate Confidential Information or Highly Confidential Information by stamping or otherwise marking each page or image that contains Confidential

Information with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with legibility.

28.   Testimony. All transcripts of depositions taken in this Action will be treated as Highly Confidential Information in their entirety for sixty (60) days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel). Within twenty-one (21) days of receiving a final transcript, a Protected Person may designate any portion of a deposition transcript or any portion of a deposition exhibit as containing Confidential Information or Highly Confidential Information by highlighting, stamping, or otherwise clearly marking the information as Confidential or Highly Confidential and by providing for future public use a copy of the deposition transcript and exhibits with the Confidential Information and/or Highly Confidential Information redacted. Any portion of a transcript or portion of a deposition exhibit not designated in the manner required by this Paragraph 28 will not be treated as Confidential Information or Highly Confidential Information, even if the document(s) that became the deposition exhibit(s) or information that is the subject of the deposition testimony was subject to a prior designation of confidentiality.

C.   **Notice of Confidentiality Designations to the Parties**

29.   Any designation of Confidential Information or Highly Confidential Information or other written notice to the Parties required by this Order must be provided by email, overnight mail, or hand delivery to the following counsel for the Parties:

For Plaintiff the United States:

Edward Duffy
Bennett Matelson
Michele Trichler
U.S. Department of Justice, Antitrust Division
450 Fifth Street NW, Suite 4000
Washington, DC 20530

7

Edward.Duffy@usdoj.gov
Bennett.Matelson@usdoj.gov
Michele.Trichler@usdoj.gov

For Defendant Visa Inc.:

Kieran Gostin
Wilkinson Stekloff LLP
2001 M Street NW, 10ᵗʰ Floor
Washington, D.C. 20036
kgostin@wilkinsonstekloff.com

**D.   Inadvertent Failure to Designate Confidential Information or Highly Confidential Information**

30.   A Protected Person that produced Litigation Materials prior to receiving a copy of this Order and did not designate such information as Confidential Information or Highly Confidential Information at the time it was produced may subsequently designate such materials as Confidential Information or Highly Confidential Information according to the terms of this Order following receipt of this Order.

31.   If at any time prior to the trial of this Action a Protected Person realizes that it inadvertently failed to designate Confidential Information or Highly Confidential Information that it previously produced in Litigation Materials, it may so designate such information by following the procedures of this Order. The Parties must thereafter treat the information according to the Protected Person's new designation; provided, however, that no prior disclosure of newly designated Confidential Information or Highly Confidential Information violates this Order. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any subsequent confidentiality designation.

## III.    USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION

### A.    Limited Use and Disclosure of Confidential Information and Highly Confidential Information

32.    Except as provided by Paragraph 37 of this Order, all Confidential Information and Highly Confidential Information produced by a Party or a non-Party Protected Person as part of this Action may be used solely for the conduct of this Action and must not be used for any business, commercial, competitive, personal, or other purpose. Provided, however, this Order does not preclude another court from finding that Confidential Information or Highly Confidential Information produced in this Action is relevant and subject to disclosure in another case.

33.    Any Person that becomes subject to a motion to disclose Confidential Information or Highly Confidential Information protected by this Order in another case must promptly notify the Party or non-Party Protected Person that designated the Confidential Information or Highly Confidential Information of the motion so the Protected Person has an opportunity to appear in the other case and be heard on whether that information should be disclosed.

34.    Except as provided by Paragraph 37 or pursuant to a court order, Confidential Information may be disclosed only to the following Persons:

(a)    the Court and all Persons assisting the Court in this Action, including magistrates, law clerks, court reporters, and stenographic or clerical personnel;

(b)    any special master, mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

(c)    counsel for Plaintiff, including any attorneys, paralegals, and other professional personnel employed by Plaintiff (including support and IT staff), and any agents or independent contractors retained by Plaintiff whose functions require access to the information;

9

Case 1:24-cv-07214-JGK    Document 23    Filed 05/17/24    Page 11 of 22

(d)    Outside Counsel of Record for Defendant, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to this Action, and agents or independent contractors retained by Defendant to assist in this Action whose functions require access to the information;

(e)    persons who are the authors, addressees, recipients, or custodians of the Confidential Information and persons who counsel for a Party believes in good faith previously received or had access to the Confidential Information, unless the person indicates they did not have access to the information;

(f)    any Person retained by a Party to serve as a testifying or consulting expert in this Action, including employees of the firm with which the expert or consultant is associated, employees of any firm retained by a Party to assist a testifying or consulting expert in this Action, and independent contractors who assist the expert's work in this Action, provided they first execute an Agreement Concerning Confidentiality in the form attached as Appendix A;

(g)    outside vendors or service providers (such as e-discovery vendors, contract attorneys, and printing service providers) retained by a Party to assist that Party in this Action, provided they first execute an Agreement Concerning Confidentiality in the form attached as Appendix A;

(h)    outside trial consultants (including, but not limited to, graphics consultants and jury consultants) retained by a Party to assist that Party in this Action, provided they first execute an Agreement Concerning Confidentiality in the form attached as Appendix A;

(i)    stenographers engaged to transcribe, and videographers engaged to record, depositions conducted in this Action; and

10

Case 1:24-cv-07214-JGK    Document 40-1    Filed 12/16/24    Page 12 of 22

(j)      five in-house attorneys for Defendant, not involved in business decisions, to whom disclosure is reasonably necessary for this litigation and whose names must be disclosed to Plaintiff at least five business days before being given access to Confidential Information, provided that the in-house attorneys must first execute an Agreement Concerning Confidentiality in the form of Appendix A attached hereto.  For purposes of this paragraph, the phrase "involved in business decisions" does not include the rendering of legal advice solely as to litigation, compliance, regulatory, or liability issues related to business decisions.  To the extent Defendant seeks to change the five in-house attorneys that may receive access to Confidential Information, Defendant must provide notice to Plaintiff at least 10 business days prior to the effective date of such change.

35.      Except as provided by Paragraph 36 or pursuant to a court order, Highly Confidential Information may be disclosed only to the persons set forth in Paragraph 34(a)-(i) above and under the same requirements to execute an Agreement Concerning Confidentiality in the form attached as Appendix A.

36.      Each Person identified in Paragraphs 34 and 35 of this Order to whom Confidential Information or Highly Confidential Information is disclosed may not disclose that Confidential Information or Highly Confidential Information to any other Person, except as otherwise provided by this Order.

37.      Nothing in this Order:

(a)      limits a Protected Person's use or disclosure of its own Confidential Information or Highly Confidential Information;

(b)      prevents disclosure of Confidential Information or Highly Confidential Information with the consent of the Protected Person that designated the material;

11

Case 1:24-cv-07214-JGK   Document 40-1   Filed 12/16/24   Page 13 of 22

(c)    prevents disclosure by a Party of Confidential Information or Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) that was lawfully acquired by or known to that Party independent of receipt during the Investigation or this Action; (iii) that was previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to a court order;

(d)    requires Plaintiff to withdraw or redact the Complaint; or

(e)    prevents the United States' retention, use, or disclosure of Confidential Information or Highly Confidential Information outside the context of this Action (i) to the extent permitted or required by law, court order, or regulation; or (ii) for law enforcement purposes, including for the purpose of securing compliance with a Final Judgment in this Action and in other legal proceeding in which the United States is a party.

## B.    Inadvertent Disclosure of Confidential Information

38.    In the event Confidential Information or Highly Confidential Information is disclosed to a Person not authorized to receive it under this Order, the Party responsible for the disclosure must promptly notify the Protected Person whose Confidential Information or Highly Confidential Information has been disclosed and provide all known relevant information concerning the nature and circumstances of the disclosure. The Party responsible for the disclosure must also promptly take all reasonable measures to retrieve the improperly disclosed material and ensure there is no additional unauthorized disclosure or use of the information.

39.    Unauthorized or inadvertent disclosure of Confidential Information or Highly Confidential Information does not change the confidential status of any disclosed material or waive the Protected Person's right to maintain the disclosed material as Confidential Information or Highly Confidential Information.

Case 1:24-cv-07214-JGK    Document 23    Filed 05/17/24    Page 13 of 22

### C.    Motions to Seal Pretrial Court Filings

40.    After the entry of this Order, during the Pretrial Period if any Confidential Information or Highly Confidential Information is included in a pleading, motion, exhibit, or other paper filed with the Court, the filing Party must file such Confidential Information or Highly Confidential Information under seal. The Protected Person that designated the material as Confidential Information or Highly Confidential Information may not oppose the filing of such Confidential Information or Highly Confidential Information under seal. The Parties and any Protected Person must comply with Section VI of the Court's Individual Practices, the Court's standing order, 19-mc-00583, and ECF Rules & Instructions, section 6, with respect to seeking Court approval for sealing and/or redacting filings.

41.    Filing another Person's Confidential Information or Highly Confidential Information under seal does not constitute agreement by the filing Party that the information is properly designated, and nothing in this Order should be construed to prevent a Party from later challenging the confidentiality designation of information that was previously filed under seal.

### D.    Challenging Confidentiality Designations During the Pretrial Period

42.    This Order does not preclude or prejudice a Protected Person or Party from arguing for or against any confidentiality designation, establish any presumption that a particular confidentiality designation is valid, or alter the burden of persuasion that would otherwise apply in a dispute over whether something constitutes Confidential Information or Highly Confidential Information.

43.    During the Pretrial Period, any Party that objects to the treatment or designation of Investigation Materials or Litigation Materials as Confidential Information or Highly Confidential Information—including a new confidentiality designation made pursuant to Paragraph 31—may provide written notice to the Protected Person who made the designation

13

and to all Parties identifying the challenged designation and stating with particularity the grounds

for its objection. All materials objected to must continue to be treated as Confidential

Information or Highly Confidential Information pending resolution of the dispute by agreement

between the objecting Party and the Protected Person or by the Court.

44.    If the objecting Party and the Protected Person cannot reach agreement within

fourteen (14) days of the Party's written notice, the Protected Person may file a motion for a

protective order with the Court to maintain the confidentiality of the challenged material. The

Protected Person bears the burden of persuading the Court that the material is Confidential

Information or Highly Confidential Information as defined in Paragraphs 2 and 6 of this Order. If

the Protected Person fails to timely address the dispute to the Court in accordance with this

Paragraph 44, or if the Court finds the designation inapplicable, the information will no longer be

treated as Confidential Information or Highly Confidential Information in this Action.

## IV.    USE OF CONFIDENTIAL INFORMATION AND HIGHLY CONFIDENTIAL INFORMATION AT TRIAL AND IN POST-TRIAL FILINGS

### A.    Notice to Non-Party Protected Persons of Confidential Information and Highly Confidential Information to be Used at Trial

45.    Within seven (7) days of the Parties' exchange of their preliminary trial exhibit

lists, the Parties must notify any non-Parties (or the non-Party's counsel if represented by

counsel) that produced any of the exhibits on their preliminary trial exhibit lists. The notification

must identify the exhibit(s) produced by the non-Party and include a copy of this Order.

46.    Within seven (7) days of the Parties' exchange of their preliminary deposition

designations, the Parties must notify any non-Party deponents (or the deponent's counsel, if

represented by counsel) whose testimony appears in their preliminary deposition designations.

The notification must identify the designated deposition testimony and include a copy of this

Order.

**B.      Sealing Confidential Information and Highly Confidential Information at Trial**

47.      The Parties must meet and confer in good faith with each other and with any affected non-Party Protected Person regarding the disclosure and use of Confidential Information or Highly Confidential at Trial before filing any motions with the Court to seal Confidential Information or Highly Confidential Information at Trial.

48.      No later than twenty-one (21) days before the Final Pretrial Conference in this Action, any Party or non-Party Protected Person that seeks to prevent its Confidential Information or Highly Confidential Information contained in a trial exhibit or designated deposition testimony from being disclosed on the public record at Trial must file a motion with the Court seeking to seal such information at Trial by following the procedures set forth in the Court's Individual Practices, Section VI, Standing Order 19-mc-00583, and ECF Rules & Instructions, section 6. The movant bears the burden of persuading the Court that the material should be sealed at Trial. Any opposition to a motion to seal must be filed within fourteen (14) days after the motion is filed. Replies to a motion to seal may only be filed with leave of the Court upon a showing of good cause.

49.      If the Court grants a motion to seal brought pursuant to Paragraph 48, the Confidential Information or Highly Confidential Information that is the subject of the motion must be sealed and not made available on the public record for purposes of all arguments, presentations, and witness examinations at Trial, unless the Court orders otherwise.

50.      Absent a ruling by the Court granting a motion to seal brought pursuant to Paragraph 48, any information previously designated by a Protected Person as Confidential Information or Highly Confidential Information that appears on any Party's final trial exhibit list or final deposition designations, and that is admitted into evidence at trial, will no longer be

15

Case 1:24-cv-07214-JGK    Document 23    Filed 05/17/24    Page 17 of 22

treated as Confidential Information or Highly Confidential Information under the terms of this Order, will be disclosed on the public record, and any arguments, presentations, and witness examinations about such information likewise will be disclosed on the public record.

### C.    Sealing Post-trial Court Filings

51.    If a Party includes in any post-trial motion, brief, findings of fact, conclusions of law, or other paper filed with the Court any documents, data, testimony, or other materials or information that were sealed during Trial under the terms of this Order or any other Order of the Court, the Party must file such information under seal. The Protected Person that requested sealing of such information during Trial may not oppose the motion to file under seal and the filing Party need not meet and confer with the Protected Person before filing the Confidential Information or Highly Confidential Information under seal.

52.    Any information that appears on any Party's final trial exhibit list or final deposition designations and was admitted into evidence at trial that was not sealed during Trial under the terms of this Order or any other order of the Court need not be sealed in any post-trial motion, brief, findings of fact, conclusions of law, or other paper filed with the Court and may be disclosed on the public record.

## V.    INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

53.    The disclosure of any Investigation Materials or Litigation Materials subject to attorney-client privilege, deliberative process privilege, work-product protection, or other applicable legal or evidentiary privilege ("Privileged Material") is not a waiver in this Action or in any other federal or state proceeding, provided that (a) the disclosure was inadvertent; (b) the Person that disclosed the Privileged Material used reasonable efforts to prevent such disclosure; and (c) the Person that disclosed the Privileged Material promptly took reasonable steps to rectify the error, including following Federal Rule of Civil Procedure 26(b)(5)(B).

16

Case 1:24-cv-07214-JGK     Document 40-1     Filed 12/16/24     Page 17 of 22

54.     The Person asserting the privilege bears the burden of proof with respect to a claim or assertion of privilege. A Person claiming inadvertent production of Privileged Material must first make a good-faith determination that such materials are privileged or otherwise protected from disclosure under applicable law and rules. The Person must then promptly notify all Parties that received the Privileged Material and provide sufficient information for such Parties to assess the claim of privilege, in the form of a privilege log as outlined in Federal Rule of Civil Procedure 26(b)(5). If a receiving Person discovers a document that it believes to be Privileged Material, the receiving Person must promptly notify the designating Person; provided, however, that no Person will be found to have violated this Order for failing to recognize inadvertently produced Privileged Material.

55.     After discovering or being notified of a claim of inadvertent production of Privileged Material, any receiving Person (a) may not use or disclose the Privileged Material until the claim is resolved, except as permitted by Federal Rule of Civil Procedure 26(b)(5), (b) must return, sequester, or destroy all copies of the Privileged Material in its possession, and (c) must take reasonable steps to retrieve the Privileged Material from any Person(s) to whom the receiving Person disclosed it before being notified of or discovering the inadvertent production. The designating Person must retain a copy of the Privileged Material until the resolution or termination of this Action.

## VI.     PROCEDURES UPON TERMINATION OF THIS ACTION

56.     The obligations imposed by this Order survive the termination of this Action unless the Court orders otherwise.

57.     Within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Confidential Information or Highly Confidential Information must make a good faith effort to return all copies

17

Case 1:24-cv-07214-JGK    Document 23    Filed 05/17/24    Page 18 of 22

of such Confidential Information or Highly Confidential Information that has not otherwise been made public during this Action to the Protected Person that produced it (or the Protected Person's counsel, if represented by counsel), or to destroy or delete all copies of such Confidential Information or Highly Confidential Information, unless the Confidential Information or Highly Confidential Information may be retained pursuant to Paragraph 37, Paragraph 59, or Paragraph 60. All Confidential Information or Highly Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this Order.

58.    Within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons having received Confidential Information or Highly Confidential Information must certify compliance with Paragraph 57 of this Order in writing to the Party or Protected Person that produced the Confidential Information or Highly Confidential Information.

59.    Counsel for the Parties will be entitled to retain court papers, deposition, hearing, and trial transcripts and exhibits, and work product containing Confidential Information or Highly Confidential Information, provided that the Parties and their counsel do not disclose the portions of those materials containing Confidential Information or Highly Confidential Information except pursuant to a court order or with the consent of the Protected Person that produced the Confidential Information or Highly Confidential Information, or as otherwise permitted by this Order.

60.    Expert witnesses for the Parties, and any firm retained by a Party to assist an expert witness in this Action will be entitled to retain their own expert reports, their own deposition and trial transcripts and exhibits, and their own work product, even if such materials

Case 1:24-cv-07214-JGK   Document 23   Filed 05/17/24   Page 19 of 22

contain Confidential Information or Highly Confidential Information, provided such Persons have executed Appendix A to this Order and do not disclose the portions of those materials containing Confidential Information or Highly Confidential Information except pursuant to a court order or with the consent of the Protected Person that produced the Confidential Information or Highly Confidential Information.

61.     Counsel for a Party that disclosed Confidential Information or Highly Confidential Information to a Person identified in Paragraph 34 subparagraphs (f), (g), or (h) and Paragraph 35 of this Order must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached as Appendix A for a period of at least one year following the termination of this Action.

62.     This Court retains jurisdiction to resolve any disputes arising out of this Order after termination of this Action.

63.     This Order is not binding on the Court or Court personnel.  The Court reserves the right to amend it at any time.

Dated: December 16, 2024                         Agreed By:

| | |
|---|---|
| /s/ *Edward Duffy*<br>Edward Duffy<br>Bennett J. Matelson<br>Michele Trichler<br>United States Department of Justice<br>Antitrust Division<br>450 Fifth Street, N.W., Suite 4000<br>Telephone: (202) 812-4723<br>Facsimile: (202) 514-7308<br>Edward.duffy@usdoj.gov<br>Bennett.Matelson@usdoj.gov<br>Michele.Trichler@usdoj.gov<br><br>*Counsel for Plaintiff, the United States* | /s/ *Beth A. Wilkinson*<br>Beth Wilkinson (SBN NY 2181592)<br>Brian Stekloff *(admitted pro hac vice)*<br>Kieran Gostin (SBN NY 4847653)<br>Roxana Guidero *(admitted pro hac vice)*<br>**WILKINSON STEKLOFF LLP**<br>2001 M Street NW, 10th Floor<br>Washington, DC 20036<br>Telephone: (202) 847-4000<br>Facsimile: (202) 847-4005<br>bwilkinson@wilkinsonstekloff.com<br>bstekloff@wilkinsonstekloff.com<br>kgostin@wilkinsonstekloff.com<br>rguidero@wilkinsonstekloff.com<br><br>Anne P. Davis *(admitted pro hac vice)*<br>Jonathan Ian Gleklen *(admitted pro hac vice)*<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>601 Massachusetts Avenue NW<br>Washington, D.C. 20001<br>Telephone: (202) 942-6197<br>Facsimile: (202) 942-5999<br>anne.davis@arnoldporter.com<br>jonathan.gleklen@arnoldporter.com<br><br>*Counsel for Defendant Visa Inc.* |

**SO ORDERED** this 17 of _December_ 20 24

_____

U.S. District Judge

Case 1:24-cv-07214-JGK    Document 23    Filed 05/17/24    Page 22 of 22

<u>APPENDIX A</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

            *Plaintiff,*

   v.

VISA INC.

            *Defendant.*

Case No. 1:24-cv-07214-JGK-SLC

## **AGREEMENT CONCERNING CONFIDENTIALITY**

I, _____, am employed by _____ in the position of _____. I certify as follows.

1.     I have read the Protective Order entered in the above-captioned action and understand its terms.

2.     I agree to be bound by the terms of the Protective Order. I agree to use the information provided to me only as explicitly permitted by the Protective Order.

3.     I understand that my failure to abide by the terms of the Protective Order will subject me, without limitation, to civil and criminal penalties for contempt of Court.

4.     I submit to the jurisdiction of this Court solely for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Dated: _____, 20__        Signed: _____