The Honorable Paul A. Engelmayer                    May 26, 2026
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    *United States v. The New York and Presbyterian Hospital*, No. 26 Civ. 02480 (S.D.N.Y.)

Dear Judge Engelmayer:

Plaintiff United States of America respectfully moves for entry of the attached proposed protective order ("PPO") (Exhibit A). There is good cause for the PPO's entry. Discovery in this antitrust action will include a large volume of confidential business and personal information, the disclosure of which without protection would be harmful to parties and non-parties. The PPO limits use of such information and limits disclosure to outside counsel only, preventing Defendant's employees from accessing sensitive information, including from non-parties with which Defendant transacts.

The parties agree on many terms, but after telephonic and written meet-and-confers,[1] the parties have reached impasse on five items, which are discussed below. Except where Plaintiff has incorporated or adapted Defendant's proposed language to address Defendant's concerns,[2] Plaintiffs' proposed PPO is consistent with the protective orders entered in this District in antitrust matters filed by the United States, *United States of America, et al. v. Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*, (ECF No. 213) (Exhibit B) and *United States of America v. Visa Inc.*, No. 24 Civ. 07214, (ECF No. 42) (Exhibit C).

1.    Third-Party Notice. Because Plaintiff must produce to Defendant third-party discovery collected during the Plaintiff's pre-complaint investigation, Plaintiff stands in the shoes of third parties. Plaintiff has informed third parties that their materials will likely be produced in discovery after the entry of a protective order. PPO Paragraph 24 requires Plaintiff to provide notice of the protective order to third parties that produced materials during the investigation so that they have an opportunity to seek additional protection *before* Plaintiff produces their confidential information to Defendant. To not unduly delay production of investigative materials to Defendant, a third party seeking greater protection than the terms of the entered protective provide must file a motion within 10 business days of being provided the order. Similar notice requirements to third parties are found in the *Live Nation* (¶ 21.c) and *Visa* (¶ 21) protective orders, as well as in nearly all Antitrust Division litigations with pre-complaint discovery. This commonly used provision creates an orderly mechanism to enable third parties a limited period to seek additional protection from the Court while ensuring that Plaintiff can promptly produce pre-complaint third-party discovery to Defendant.

---

[1] On April 7, May 4, and May 21, 2026, parties met and conferred via video conference. Parties exchanged draft orders and emailed regarding the proposed language on April 10, April 24, May 13, May 14, May 15, and May 22, 2026.

[2] *See, e.g.*, ¶¶ 40, 42 (permitting use and production of protected materials in related actions at the request of Defendant); ¶ 47 (parties' agreed upon language addressing Defendant's desire to use generative AI); ¶ 52 (adapting Defendant's proposed language regarding public proceedings); and ¶ 62 (parties' agreed upon language addressing Defendant's concerns regarding use of technology-assisted review in identifying privileged materials).

The Honorable Paul A. Engelmayer
Page 2

Defendant objects to this commonly used provision. Defendant has asserted that the provision creates different standards for third parties and parties. It does not. Paragraph 24 affords third parties an opportunity to be heard by the Court before they suffer prejudice from inadequate protections, that is, before their documents are produced. Parties *already* have this pre-production opportunity to secure adequate protection through this motion practice. Paragraph 25 makes clear that there are no separate standards. Any person may seek additional protection or modification of the order via motion.

2.  United States's Disclosure and Use of Confidential Information. The Department of Justice is tasked with enforcing federal law and investigating potentially unlawful conduct. Protective orders sought by the Division or other Department of Justice components routinely include a provision making clear that nothing in the order prevents the United States from using or disclosing information subject to the order (i) to the extent permitted or required by law, court order, or regulation, (ii) for law-enforcement purposes, or (iii) to secure compliance with a final judgment in this action. Such a provision is found in both *Visa* (¶ 37) and *Live Nation* (¶ 18). At the meet-and-confer, counsel for Defendant objected to this provision in PPO Paragraph 45.c. on the grounds that Defendant is not permitted similar disclosure rights. But unlike Defendant, Plaintiff has a duty to enforce the law. And Congress has provided the Department with authority to obtain documents and information in civil antitrust investigations, specifically allowing the Department to keep copies of documents that were obtained. 15 U.S.C. § 1313(e).

3.  Disclosure in Public Proceedings.[3] Plaintiff has incorporated Paragraph 52 at the request of Defendant, even though Plaintiff does not normally stipulate to such a provision and such language is not found in the *Visa* and *Live Nation* protective orders. Paragraph 52 requires five business days' notice to a protected person if a party reasonably expects to disclose that protected person's confidential information at a public proceeding before the Court. Plaintiff takes the position that such notice requirement should only apply to the confidential information of a *non-party* protected person. This is because a non-party may not be present at such a proceeding. The advance notice enables the non-party to seek protection from public disclosure by filing a motion ahead of the proceeding. The PPO therefore limits the notice requirement in Paragraph 52 to non-parties only. This advanced notice requirement is unnecessary for parties. Plaintiff and Defendant will both be present at any proceeding before the Court and able to address confidentiality issues in real time with your Honor or Magistrate Judge Wang. Further, applying the notice requirement to party confidential information prejudices Plaintiff as relevant confidential information is likely to come from Defendant and Defendant may waive its own confidentiality designation at any time to disclose confidential information to its own advantage. Plaintiff may then be unable to respond to the Court with relevant information if it has not provided sufficient notice to Defendant or is at least disadvantaged by Defendant's formulation. To resolve Defendant's stated concern that it will be required to address confidentiality issues at the hearing, Plaintiff has added a provision requiring a party using another party's confidential information to ask the Court to receive the information under seal or similarly protected form.

4.  Persons Bound by Order. Plaintiff respectfully submits that this order should broadly bind the parties and their affiliated representatives and agents to properly protect confidential information.

---

[3] Paragraph 53 of the PPO expressly provides that use of Confidential Information in trial and post-trial proceedings and filings will be governed by a later order.

The Honorable Paul A. Engelmayer
Page 3

PPO Paragraph 21 makes clear the scope of persons and entities that the Order binds. This provision is nearly identical to *Visa* ¶ 18 and *Live Nation* at page 1, and has been included in other recent protective orders in this District, *see ESPN Enterprises, Inc. v. DISH Network L.L.C.*, No. 1:25-CV-07169 (AS), 2025 WL 2602160, at *1 (S.D.N.Y. Sept. 9, 2025).[4] Defendant objects in part to the language. Defendant wants to limit the interested persons bound by the Order to anyone that both receives confidential information and receives actual notice of the Order. These are needless limits on the scope of persons bound by the Order. Defendant's formulation excludes both any person that receives constructive notice of the order and anyone who does not receive confidential information. Receipt of confidential information is an unwarranted limitation on the person that ought to be bound by the order because it excludes persons that have access to confidential information, such as legal IT personnel, persons that are in a position to disclose confidential information in ways that violate the order, even though such persons do not necessarily receive confidential information. Plaintiff has added language to Paragraph 21 expressly binding any person with access to confidential information.

A person that receives constructive notice of the order should be bound. Extending the order's obligations to persons with constructive notice is routine practice in this District. Extending the order's prohibitions to any person with constructive notice provides additional protection against inappropriate use and disclosure of confidential information. Defendant has identified no prejudice from binding persons with constructive notice.

5.  <u>Non-designation</u>. PPO Paragraph 28 requires the designating party to have a good-faith belief that material is confidential when designating it as such.[5] PPO Paragraph 28 makes clear that any information not designated as Confidential Information will not be treated as Confidential Information. Defendant objects to the inclusion of this sentence. To attempt to address Defendant's concern, Plaintiff added a sentence to Paragraph 28 expressly indicating that any Person may address the lack of a designation by using the procedure set forth in Paragraph 36, which governs inadvertent designation failures.

We thank the Court for its consideration of this submission.

|  |  | Respectfully submitted, |
|---|---|---|
|  | By: | s/ *Paul Torzilli* |
|  |  | PAUL J. TORZILLI (202) 476-0547 |
|  |  | JESSICA HOLLIS (202) 307-1347 |
|  |  | Trial Attorneys |
| cc:    All counsel of record (via ECF) |  | *Counsel for Plaintiff United States* |

---

[4] "[A]ny person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt."

[5] The good-faith standard is common for this District's "blanket" protective orders, and this Court has routinely entered blanket protective orders expressly requiring designations be made in good faith. *See, e.g., Visa* (¶ 25). As Magistrate Judge Peck explained: "a 'blanket' protective order [] permits the parties to protect documents that they *in good faith believe* contain trade secrets or other confidential commercial information." *Bayer AG and Miles, Inc. v. Barr Laboratories, Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995) (emphasis added).

Per the Court's Individual Rule 2(E) governing discovery disputes, New York Presybyterian Hospital's response is due Friday, May 29, 2026. The Court does not invite replies.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge


Dated: May 26, 2026
      New York, New York