Proskauer Rose LLP | 1001 Pennsylvania Avenue, NW | Washington, DC 20004

May 28, 2026

Colin R. Kass
202-416-6890
ckass@proskauer.com

*Via ECF*
The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse

Re:  *U.S. v. The New York and Presbyterian Hospital*, 26-cv-2480 (S.D.N.Y.)

Dear Judge Engelmayer:

The New York and Presbyterian Hospital (NYP) writes in response to the DOJ's letter motion for entry of a Protective Order (ECF 20).[1]  We agree a Protective Order should be entered, but NYP's proposal hews more closely to this District's Model, affords greater protection to both parties and non-parties, reduces delay, and does not prejudice any party's legitimate interests.  *See* Ex. 1.  We address the disputed issues in order of importance.

***Bulk Initial Designation of E-Discovery Materials (DOJ Issue 5)***.  The parties' principal disagreement concerns the procedure for designating e-discovery materials.  Large antitrust cases inevitably entail the production of vast amounts of competitively sensitive information, much of it from non-parties.  Without a streamlined mechanism for efficiently designating this information, discovery will be unduly delayed and needlessly expensive.

To address this, NYP proposes that the Court adopt the approach taken recently by several others, including in this District.  (*See* Exs. 2-6.)  Rather than require producing parties to hire swarms of contract attorneys solely to make confidentiality designations before production, these courts permit producing parties to *initially* designate all materials as highly confidential, subject to a defined procedure for seeking redesignation for specific materials if the need arises.

This is efficient.  Gone are the days where every document requires human review before production.  Increasingly sophisticated e-discovery tools can identify responsive documents in a fraction of the time.  Potentially privileged documents can be set aside based on search terms for individual review, leaving just confidentiality.  Requiring document-by-document review solely for confidentiality would hold up production and drive up costs exponentially.  But under NYP's proposal, producing parties need not incur that time and expense, and can quickly produce their information.  Notably, the DOJ itself seeks the virtues of bulk designation, reserving for itself the right to so designate its *entire* investigative file, including public documents.  NYP does not object to those initial designations, but the right to employ this procedure should be mutual.

NYP's proposal does not alter the standards for filing materials under seal.  Nor does it restrict disclosure of *public* information.  (NYP ¶ 1(c).)  It simply prohibits dissemination of *confidential* information to in-house counsel and businesspeople without further notice.

Nor does this proposal prejudice the DOJ.  From the DOJ's perspective, there is no difference between the parties' proposals since neither restricts disclosure to any DOJ attorney or staff working on the matter.  Moreover, the DOJ acknowledges that it *expects* producing parties to

---

[1] The DOJ filed its letter without notice and before the parties completed their meet and confer. NYP nonetheless agrees that the parties' positions are sufficiently developed for the Court to rule.

Proskauer»

bulk designate their documents and has conceded there is a good faith basis for doing so in this case given the issues at play and likely discovery to be held.

The problem with the DOJ's proposal, however, is that it does not affirmatively permit bulk designation, exposing the parties to later objection. Indeed, it continues to require some manual, document-by-document (or, in the case of testimony, line-by-line) designation, defeating the efficiencies of NYP's proposal. Most importantly, the DOJ's "designation challenge" procedures allow a receiving party to demand a manual, document-by-document review of the entire production without limit and without a showing of need. That is unwarranted.

The DOJ's sole objection to NYP's procedure is that it differs from the form protective order the DOJ typically proposes and to which some defendants in other cases have stipulated. That is no reason to reject NYP's superior proposal. As the Court explained in *Mathew Enterprises v. Chrysler Group LLC*, 5:13-cv-04236, ECF 82 (N.D. Cal.), "our species is made so that those who walk on the well-trodden path always throw stones at those who are showing a new road," but that is no reason not to adopt a protective order that "would allow either party to 'bulk designate'" their documents.

***Two-Tiered Confidentiality***. NYP proposes two confidentiality levels; the DOJ proposes one. The top tiers of both are equivalent, and – if the Court permits bulk designations – will presumptively govern nearly all discovery materials regardless of which proposal the Court adopts. But because NYP's in-house counsel (not businesspeople) may eventually need access to certain information (*e.g.*, pleadings or expert reports), we need a safety valve that – upon *consent* of the producing party – permits access without having to engage in further motion practice. The DOJ does not explain why this is a problem.

***Use for Unrelated Purposes (DOJ Issue 2)***. Nearly every protective order, including this District's Model, restricts use of protected materials to the prosecution or defense of the action. The DOJ seeks an exception because it is the "government," asserting that its status gives it the right to use the materials in any judicial proceeding or for any law enforcement purpose. The DOJ, of course, has broad investigative powers pursuant to various special-purpose legislation, each with its own statutory safeguards. But the Federal Rules of Civil Procedure is not such a statute. When the government files suit as a civil plaintiff, it has the same discovery rights and obligations as any other litigant. A civil litigant cannot disclose discovery in other lawsuits to "enforce" the law or provide them to other government agencies. The same is true for the DOJ.[2]

Indeed, the practical consequence of conferring such rights on the DOJ – rights exercised outside the jurisdiction and supervision of the Court – is that discovery materials will be recyclable in any future case brought by the United States. This concern is not hypothetical. The DOJ has brought other cases against insurers and hospitals that are germane here.[3] The defendants in those

---

[2] Contrary to the DOJ's assertion, NYP is **not** complaining that it "is not permitted similar disclosure rights." We do not seek to expand our disclosure rights; we object to **anyone** using discovery materials for unrelated purposes, including the DOJ.

[3] *See U.S. v. Anthem*, 1:16-cv-1493, ECF 67, § E.5.e (D.D.C.) (stipulation permitting DOJ to disclose discovery materials "in the course of any other legal proceedings in which the United States is a party" or "for law-enforcement purposes" or "as may be required by law."); *U.S. v.*

**Proskauer»**

cases, for unknown reasons, consented to the disclosure of their information in future cases in which the United States is a party, *including this case*. Those defendants may have waived their right to object to such re-production. But NYP is not willing to do so. Nor does NYP believe that either it or non-parties must open their files – without a warrant – to the government for any, as-yet unspecified law enforcement use. *Daniels v. City of New York*, 200 F.R.D. 205, 209 (S.D.N.Y. 2001) ("To provide the Government with discovery tools it would otherwise not have merely because it is the Government and not a private party is both counterintuitive and illogical.").

***Disclosure in Public Proceedings (DOJ Issue 3)***. The parties agree that information *filed* with the court will be governed by Local Rule. NYP believes this suffices for now. The DOJ, however, proposes an additional provision directed at the use of materials in hearings or at trial. If the Court is inclined to address that issue now, NYP agrees that the DOJ's 5-day notice provision applicable to third parties is reasonable. But the same notice period should apply to NYP. It is not realistic to expect NYP to object in real time or to request courtroom sealing on the fly. Advance notice will allow NYP to confer over redactions or other more limited protections. Nor is the DOJ prejudiced by this. If it can provide notice for non-parties, it can provide notice to NYP. The DOJ's only response – that it might be surprised if NYP waives its own confidentiality and may want to use an unexpected exhibit after the disclosure deadline – is speculative, and if the concern materializes, the DOJ can simply ask the Court to waive notice for good cause shown.

***Related Cases***. The DOJ initiated this action after the filing of related (and now consolidated) class actions in E.D.N.Y. The parties agree that discovery materials produced here may be re-produced or used in that related case. (NYP ¶ 7; DOJ ¶¶ 40-42.) The parties differ in the amount of notice third parties will receive. NYP proposes 14 days; the DOJ proposes 30 days. Since the Related Case is already known and any qualifying protective order in that case would have similar restrictions, 14 days is sufficient and consistent with Rule 45's 14-day deadline.

***Third-Party Notice (DOJ Issue 1)***. The DOJ's grievance about third-party notice is moot. During the meet and confer, NYP expressed concern that the DOJ's notice provision would unduly *delay* production because it could take *weeks* to get through that process. We also explained that, rather than waiting for entry of a protective order, the DOJ should have provided notice more than six weeks ago when NYP served its document requests. In response, the DOJ now says it provided notice and, for the first time, shortened the notice period to 12 days. That is acceptable to NYP.

***Persons Bound (DOJ Issue 4)***. The DOJ seeks to bind persons not before the Court or subject to its jurisdiction. That is improper. The DOJ misplaces reliance on *ESPN v. Dish Network L.L.C.*, 2025 WL 2602160 (S.D.N.Y. 2025), because a non-contested stipulation cannot expand a court's jurisdiction. NYP's proposal instead binds the parties, their counsel, and other persons who received protected information either with knowledge of the Order or who have executed the specified Agreement to be Bound. This is a clear and standard procedure for binding non-parties.

Sincerely,
/s/ *Colin R. Kass*

---

*Atrium*, 3:16-cv-311, ECF 41-1, ¶¶ 24(b), (c) (W.D.N.C.) (same).