# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

v.

THE NEW YORK AND
PRESBYTERIAN HOSPITAL,

Defendant.

Case No. 26-cv-02480-PAE-OTW

District Judge Paul A. Engelmayer
Magistrate Judge Ona T. Wang

**PROTECTIVE ORDER**

Discovery in the above-captioned action is likely to involve production of confidential,

proprietary, trade secret, or private information for which special protection may be warranted.

Accordingly, pursuant to Fed. R. Civ. P. 26(c), the Court finds good cause for entry of this

Protective Order governing information produced in discovery:

## I.   DEFINITIONS

1.   For the purposes of this Order, the following definitions will apply:

a.   **"*Action*"** means *United States of America v. The New York and Presbyterian Hospital*, 26-cv-02480 (S.D.N.Y.), including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

b.   **"*Related Action*"** means *UFCW Local 1500 Welfare Fund v. The New York and Presbyterian Hospital*, 25-cv-05023 (E.D.N.Y.); *Cement and Concrete Workers DC Benefit Fund v. The New York and Presbyterian Hospital*, 25-cv-05571 (E.D.N.Y.); and any other action that is consolidated with those actions or this Action, and arises out of substantially the same nucleus of operative fact.

c.   **"*Discovery Materials*"** means any information produced in this Action in response to any discovery request or obligation pursuant to Court Order or Federal Rules of Civil Procedure 26-37, or 45.  Discovery Materials do not include information that is or becomes publicly available or known to the Receiving Party through other sources, other than through a violation of this Order.

d.      ***"Confidential Information"*** means Discovery Materials that contain (i) trade secrets; (ii) non-public technical, marketing, sales, commercial, or financial information; (iii) private or confidential personal information; (iv) information the Designating Party received in confidence from a third-party; or (v) information the Designating Party believes in good faith is entitled to protection under Fed. R. Civ. P. 26(c) or 45(d)(3)(B).  Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

e.      ***"Highly Confidential Information"*** means (i) Confidential Information that is competitively sensitive or which could otherwise cause any commercial or non-commercial harm; or (ii) Discovery Materials for which the burden or expense of making a document-by-document confidentiality designation outweighs the Receiving Party's need for the disclosures beyond that permitted by the Highly Confidential Designation.  Information and documents designated by a party as highly confidential will be stamped "HIGHLY CONFIDENTIAL."

f.      ***"PPI"*** means documents that contain protected personal information, including (i) personally identifiable information, such as social security numbers, home addresses, personal phone numbers; or (ii) protected health information as that term is defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as codified at 42 U.S.C. § 1320d, 45 CFR § 160.103, and any applicable New York State law.

g.      ***"Party."***  "Party" means a party to this Action, including any majority owned or controlled affiliates of such party.

h.      ***"Non-Party."***  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

i.      "***Producing Party***" means a Party or Non-Party that has produced Discovery Materials in this Action.

j.      ***"Designating Party"*** means a Party or Non-Party that has designated information as "Confidential" or "Highly Confidential."

k.      ***"Receiving Party."***  Any Party that receives Discovery Materials in this Action from a Producing Party.

l.      ***"Challenging Party."***  A Receiving Party that challenges the designation of information made by a Designating Party.

m.      ***"Expert."***  A person who possesses specialized knowledge that a Party has retained to provide opinions or analysis pursuant to Federal Rule of Civil Procedure 26(b)(4), including persons who may testify pursuant to Federal Rules of Evidence 701-702, and non-testifying trial preparation consulting experts.  Absent agreement of the Parties or Court Order, the term Expert excludes any past, present, or anticipated future employee of the Party retaining the expert.

n.      *"Summary"* means any extract, abstract, digest, compilation, analysis, notes, or other document or material that contains, reflects, incorporates, or otherwise discloses Confidential or Highly Confidential Information.

## II.    INITIAL DESIGNATIONS

2.      ***Initial Confidentiality Designations.***   All Discovery Materials produced in the Action may initially be designated "Highly Confidential."   All deposition testimony, transcripts and recordings shall also initially be designated "Highly Confidential," and the Designating Party shall have the right to exclude from attendance at any deposition any person not entitled to receive Highly Confidential Information.   A Receiving Party may challenge a Designating Party's Initial Confidentiality Designation pursuant to Section III.

3.      ***Inadvertent Failure to Designate.***   The disclosure of a document or information without designating it as "Highly Confidential" or "Confidential" shall not constitute a waiver of the right to designate such document as Highly Confidential Information or Confidential Information.   If so designated, the document or information shall thenceforth be treated as such subject to all the terms of this Order.

4.      ***Initial PPI Designations.***   Any PPI exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential.   A Producing Party may redact PPI from any document, provided that the redaction contains the legend "Redacted PPI" or similar designation.   Alternatively, where the burden or expense of redacting PPI designation on a document-by-document basis outweighs the Receiving Party's need for discovery, a Producing Party may withhold such documents, provided that each document is separately listed on a PPI Log.  The PPI Log shall identify the author, recipients, date, file name and/or subject line of the document to the extent such information is reflected in the document's ESI metadata.  A Party that seeks to compel production of redacted or withheld PPI Information may challenge a Designating Party's Initial PPI designation pursuant to Section III.

## III.    CHALLENGES TO INITIAL DESIGNATIONS

5.    If a Receiving Party seeks to challenge a Designating Party's Initial Confidentiality or PPI Designation, the following procedures shall apply:

a.    ***Request for a Final Designation***.  A Challenging Party that intends to disclose a document or portion of deposition testimony in a manner not permitted by the Initial Designation may request a Final Confidentiality Designation.  A Challenging Party that would like to compel production of redacted or withheld PPI information may request a Final PPI Designation.  Any request for a Final Designation shall identify the document with particularity and provide a specific reason for requesting a Final Designation.  Mass, indiscriminate, or routine requests for Final Designations are prohibited.

b.    ***Final Confidentiality Designation***.   Absent agreement between the Designating Party and the Challenging Party or Court Order, the Designating Party shall have fourteen (14) days to make a Final Designation after receiving a request for such designation.   If the Designating Party fails to provide a Final Confidentiality Designation within the time prescribed, or as otherwise agreed between the Parties, the information shall no longer be deemed Confidential or Highly Confidential.  If the Designating Party fails to provide a Final PPI designation for a withheld document, it shall promptly produce the document with any PPI information redacted.  If the Designating Party fails to provide a Final PPI designation for a redacted document, the redacted document shall constitute the Final PPI designation.

c.    ***Challenging a Final Confidentiality Designation***.   If the Challenging Party believes that a Final Designation is not appropriate, it shall meet and confer with the Designating Party to resolve the dispute.  If the dispute cannot be resolved, the dispute may be raised with the Court, in which case, the Designating Party retains the burden to show that the Final Designation is appropriate.  The information shall continue to be treated in accordance with its Final Designation until the Court rules on the dispute.

## IV.    DISCLOSURE AND USE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL MATERIALS

6.    ***Restriction on Use.***  Unless ordered by the Court or otherwise provided herein, Confidential or Highly Confidential Information shall be used solely for the purpose of prosecuting or defending the Action or any Related Action.

7.    ***Related Actions***.  Notwithstanding anything to the contrary in this Order, unless otherwise ordered by a court of competent jurisdiction, information produced in this Action may

be re-produced or made available to the parties in a Related Action upon 14 days' notice to the

Producing Party.  The use of the information in the Related Action, and any restrictions relating to

the disclosure of such information, shall be governed by the Protective Order in the Related Action.

8.      ***Disclosure of Confidential Material.***  Confidential Material may be disclosed only

to the following individuals:

a.      In-house counsel who has executed Exhibit A;

b.      Outside counsel of record in the Action;

c.      The Court (including court personnel, jurors, or other persons having access to any Confidential Information by virtue of his or her position with the Court);

d.      Court reporters and videographers;

e.      Litigation support vendors who have executed Exhibit A, including without limitation e-discovery vendors, jury consultants, and trial graphics or trial presentation firms;

f.      Experts or mediators who have executed Exhibit A;

g.      Any person who has authored or received the information, or who is identified as a participant in any meeting memorialized by the document;

h.      A testifying witness, provided that (i) the witness has executed Exhibit A; (ii) counsel has a good faith belief that the witness has knowledge of the subject matter of the document; (iii) such witness is only shown the document during the course of providing or preparing for such testimony; and (iv) such witness does not retain a copy of the information.

9.      ***Disclosure of Highly Confidential Material.***  Highly Confidential Material may be

disclosed only to individuals permitted to receive Confidential Information pursuant to Paragraphs

(b) through (h).

10.      ***Advice of Counsel***.  The provision of legal advice to a Party based on counsel's

evaluation of Confidential or Highly Confidential Information shall not constitute an

impermissible use or disclosure of such information, provided that such advice and opinions do

not reveal the specific contents of the information.

11. **_Summaries_**. Any Summary that reveals Confidential or Highly Confidential Information shall, to that extent, be treated as Confidential or Highly Confidential Information commensurate with the designation of the information disclosed. For avoidance of doubt, Summaries that reflect general information but do not reveal the specific contents of Confidential or Highly Confidential Information or any information that makes the material from which the Summary was derived Confidential or Highly Confidential shall not be deemed Confidential or Highly Confidential.

12. **_Use of Large Language Model or Generative AI_**. A Receiving Party must not load, upload, input, import, submit, or otherwise transfer Confidential or Highly Confidential Information to a publicly accessible Large Language Model ("LLM") or generative artificial intelligence ("GenAI") platform. Before using Confidential or Highly Confidential Information in any non-publicly accessible LLM or GenAI platform, a Receiving Party must ensure that the LLM or GenAI platform cannot and will not utilize Confidential or Highly Confidential Information to train public models or otherwise disclose Confidential or Highly Confidential Information to other users of the LLM or GenAI platform not authorized to receive such materials. For avoidance of doubt, any output or result generated by a GenAI model that contains, reflects, incorporates, or is derived from Confidential or Highly Confidential Information will be deemed attorney work product and shall be treated as a Summary.

## V.    THIRD-PARTY NOTICE

13. Within two (2) business days of the Court's entry of this Order, each Party must send a copy of this Order to each Non-Party that produced information to that Party during the pre-Complaint Investigation. Any Party that seeks discovery related to this Action from any Non-Party must include a copy of this Order when serving a discovery request or subpoena on the Non-

Party. If any Party sent a discovery request or subpoena to any Non-Party prior to entry of this Order, that Party must send a copy of this Order to the Non-Party within two (2) business days of entry of this Order.

14.    If a Non-Party that produced information to a Party during the pre-Complaint Investigation determines that this Order does not adequately protect its confidential information, it may, within ten (10) business days after receiving notice of this Order, file a motion seeking additional protection from the Court.  A Party may not disclose a Non-Party's produced information until the ten (10) business day period concludes, unless such Non-Party consents to earlier disclosure.  If a Non-Party timely files such a motion, the information for which additional protection has been sought may not be disclosed until the Court has rendered a decision on the motion, unless the movant and the Parties reach an agreement that permits disclosure of Confidential Information while the motion is pending.

## VI.    INADVERTENT DISCLOSURE

15.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or Highly Confidential Information in a manner that is not authorized under this Order, the Receiving Party must immediately (a) notify the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the information, and (c) provide a copy of this Order to any person to whom unauthorized disclosures were disclosed and request that such person execute Exhibit A.

16.    The treatment of privileged information that has been inadvertently produced is governed by Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5).  Such rules shall govern the existence of any waiver, and the right of a Producing Party to "claw back" any inadvertently produced information.  Notwithstanding the foregoing, use of technology-

assisted review, including artificial intelligence, to make initial privilege determinations does not on its own operate as a waiver of privilege absent a specific intent to waive privilege and so long as the holder of the privilege promptly took reasonable steps to rectify the error upon learning of it. Moreover, pursuant to Federal Rule of Evidence 502(d), unless the Court specifically finds that a Producing Party has waived privilege over inadvertently-produced privileged information that has been clawed back pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), the disclosure of such information does not operate as a waiver in this Action or in any other federal or state proceeding.

## VII.    FILING UNDER SEAL

17.    ***Courts' Sealing Procedures Govern***.  Nothing in this Order shall modify the standards for maintaining judicial records under seal.  A party that files information with the Court shall exercise its good faith judgment to ensure that only confidential portions of the filings with the Court shall be filed under seal.  The parties shall follow the Court's procedures with respect to filings under seal.

18.    ***No Concession by Filing Under Seal.***  Filing another Party's Confidential or Highly Confidential Information under seal does not constitute agreement by the filing Party that the information is properly designated, and nothing in this Order prevents a party from later challenging such a designation.

19.    ***Disclosure in Public Proceedings.***  Absent good cause or further Order of the Court, (i) a Receiving Party shall give the Designating Party five (5) days' notice if the Receiving Party reasonably expects to disclose the Designating Party's Confidential or Highly Confidential Information at a public hearing or other public proceeding before the Court; and (ii) a Designating Party seeking to seal or restrict access to such information must file a motion seeking such relief

in advance of the proceeding.  In the absence of a subsequent Court Order, Confidential or Highly Confidential Information may be used at such hearing or proceeding and may be disclosed on the public record.

## VIII.   PROCEDURES UPON TERMINATION OF THE ACTION

20.    ***Right to Petition for Modification.***   Nothing in this Order limits any person, including members of the public, a Party, or an interested non-party, from seeking additional protection or modification of this Order upon a motion duly made according to the Local Rules of this Court or an order that certain information need not be produced at all or is not admissible evidence in this Action or any other proceeding.

21.    ***Subpoenas In Other Actions.***   A Receiving Party shall provide a Designating Party notice within seven (7) days after receipt of a subpoena or other process compelling production of Discovery Materials.   Absent agreement of the Designating Party or an order of this Court or other court of competent jurisdiction, the Receiving Party shall not disclose such Discovery Materials for twenty-one (21) days after such notice has been provided.  If the Designating Party objects to the production of such information within such twenty-one (21)-day period, the Receiving Party shall not disclose such information absent an order from this Court or other court of competent jurisdiction.

22.    ***Final Disposition.***   Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with prejudice; and (2) final judgment in the Action herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  Within ninety (90) days following the final disposition of the Action, the Receiving Party shall return or destroy all Confidential or Highly Confidential Information it

has received, except that a Receiving Party may retain archival copies of all pleadings; motion papers and exhibits; trial, deposition, and hearing transcripts and exhibits; legal memoranda; correspondence; expert reports and exhibits; attorney work product; and consultant and expert work product. The restrictions set forth in Sections IV-VI shall continue to govern any use or disclosure of such archival copies.

23.    ***Survival.***  This Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

24.    ***Privacy Act***. This Order, and any subsequent order of this Court governing the United States' production of any documents, data, communications, transcripts of testimony, or other materials in this Action, constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(12).

25.    ***Continuing Jurisdiction.***  This Court retains jurisdiction to resolve any disputes arising out of this Order after termination of this Action.

**IT IS SO ORDERED**.

This _____ day of __ 2026

_____
Paul A. Engelmayer
United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>THE NEW YORK AND<br>PRESBYTERIAN HOSPITAL,<br><br>            Defendant. | Case No. 26-cv-02480-PAE-OTW<br><br>District Judge Paul A. Engelmayer<br>Magistrate Judge Ona T. Wang |

**Exhibit A to Protective Order**

I, the undersigned person, state as follows:

1.      I have received and read the Protective Order entered in the above-captioned Action.

2.      I have been informed that certain information to be disclosed to me or my firm in connection with the Action has been designated as Confidential or Highly Confidential.

3.      I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are so designated by Order of the Court.

4.      I agree that I will (i) comply with the Protective Order; (ii) not disclose any Confidential or Highly Confidential Information to any other person not entitled to receive such information under the terms of the Protective Order; and (iii) not use any Confidential or Highly Confidential Information for any purpose other than this litigation.

5.      To the extent that disclosure pursuant to Paragraphs 8(e), 8(f), or 9 of the Protective Order is to be made to a litigation support vendor or expert firm with which I am affiliated, I

represent and warrant I have authority to agree on behalf of such vendor or firm that the vendor or firm, and its employees, shall (i) comply with the Protective Order; (ii) not disclose any Confidential or Highly Confidential Information to any other person not entitled to receive such information under the terms of the Protective Order; and (iii) not use any Confidential or Highly Confidential Information for any purpose other than this litigation.

Dated:_____    By: _____