# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

MATHEW ENTERPRISE, INC.,

                    Plaintiff,

         v.

CHRYSLER GROUP LLC,

                 Defendant.

Case No. 13-cv-04236-BLF-PSG

District Court Judge: Hon. Beth Labson Freeman

Magistrate Judge: Hon. Paul Singh Grewal

**[Proposed] Protective Order**

This matter comes before the Court on Defendant Chrysler Group LLC's ("Chrysler's") motion for entry of a Protective Order governing the confidentiality of information subject to discovery in this case. Having considered the submissions of the parties, the Court now finds that:

1. One or more parties believe that a significant amount of the information being sought in discovery or contained in documents being sought in discovery may be of a highly confidential nature because such documents contain competitively sensitive business, research and development, financial, and/or sales information, and trade secrets, that if disclosed to other parties in the field at issue, would reveal technical or business advantages;

2. Federal Rule of Civil Procedure 26(c)(1)(G) permits a court to enter a protective order to prevent unnecessary disclosure or dissemination of trade secrets or other confidential research, development, or commercial information.

3. The procedures set forth below are appropriate to ensure that a producing party's trade secrets or confidential research, development, or commercial information is adequately protected in order to preserve the legitimate business interests of the Parties;

4. The procedures set forth below also appropriately balance each party's need for access to relevant or discoverable information with the burden or expense associated with appropriately identifying and protecting confidential information;

5. The procedures set forth below, which require the parties to comply with Local Rule 79-5 with regard to the sealing of any information filed with the Court, will not restrict public access to discovery materials filed with the Court in this Litigation;

IT IS THEREFORE ORDERED that, for good cause shown, the following procedures shall apply to any discovery produced in this litigation:

I.    DESIGNATION OF CONFIDENTIALITY

A.    When used in this Order, the word "documents" is used in its broadest sense, and means all written and computerized materials, videotapes, and all other tangible items and items in magnetic or electronic form.

[Proposed] Protective Order
13-cv-04236-BLF-PSG

B. Except as otherwise indicated below, documents that are produced in this action and designated by the producing party as either or both "Confidential-Subject to Protective Order," or similar phrase, or "Attorneys' Eyes Only," shall be Protected Information and given confidential treatment as described below.

C. All documents and information produced by a party (the "Producing Party") may initially be deemed "Attorneys' Eyes Only," and all transcripts or videography of depositions taken in conjunction with this litigation may initially be deemed "Confidential" or "Attorneys' Eyes Only" in accordance with procedures set forth in Section II.D below.

D. A party that has received "Attorneys' Eyes Only" or "Confidential" information and that would like to use, and in the absence of the restrictive confidentiality designation would use, a specific document or testimony in a manner not permitted by the Attorneys' Eyes Only or Confidential designation may request that other parties (the "Designating Party"), including the Producing Party, review the document's initial confidentiality designation to determine whether it should remain "Attorneys' Eyes Only" or be given some other designation.

E. Once a party has made a request that a document's initial confidentiality designation be reviewed, the Designating Party shall have ten (10) business days, unless otherwise agreed upon, to make a final confidentiality designation. In making a final confidentiality designation, a Designating Party shall only designate as "Attorneys' Eyes Only" information (i) the Designating Party believes to be of a highly commercially sensitive nature, such as those reflecting, containing, or derived from current confidential trade secret, research, development, pricing, production, cost, marketing or customer information, and (ii) for which the Designating Party claims a right of confidentiality, such as, for example, where the information was transmitted by the Designating Party to the Producing Party pursuant to an agreement of confidentiality. In making a final

2

[Proposed] Protective Order
13-cv-04236-BLF-PSG

confidentiality designation, a Designating Party shall only designate as "Confidential" information that has not been made publicly available, that is competitively sensitive, or that is otherwise encompassed in Rule 26(c)(1)(G). If the parties cannot resolve the issue, the objecting party will have the option to apply to the Court to set a hearing for the purpose of establishing the proper confidentiality designation. The party designating a document as "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only" has the burden of proving that a Protected Document contains such designated confidential information. The objecting party will treat any document so-marked until the Court enters a contrary ruling on the matter.

F. A person receiving Confidential Information or Attorneys' Eyes Only Information shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation. The provisions of this Order extend to all designated Confidential Information and Attorneys' Eyes Only Information regardless of the manner in which it is disclosed, including but not limited to documents, data, electronically stored information, computerized materials, interrogatory answers, responses or requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing.

II. MEANS OF DESIGNATING CONFIDENTIAL OR ATTORNEYS' EYES ONLY DOCUMENTS FILED WITH THE COURT OR USED IN A HEARING OR DEPOSITION.

A. When marking documents with either an initial or final confidentiality designation, the following protocol applies:

B. Documents. Except for electronically stored information, Counsel for the Producing Party will place the relevant "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" legend on each page of any such document.

[Proposed] Protective Order
13-cv-04236-BLF-PSG

C.     Interrogatory Answers and Responses to Requests for Admissions.  Counsel for the Producing Party will place a statement on the front of any set of answers to interrogatories or responses to requests for admission specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

D.     Depositions.  Unless attended by a party representative (other than counsel of record or a party representative of a party that employs the witness), all deposition transcripts will be automatically designated Attorneys' Eyes Only.  If a party representative attends a deposition (other than counsel of record or a party representative of a party that employs the witness), any party present at the deposition may designate any portion of the deposition as Attorneys' Eyes Only, and any portion not so designated will be automatically designated Confidential. The party taking the deposition shall instruct the court reporter and videographer to mark all deposition transcripts and video tapes with the appropriate designation.  The failure of deposition or videotape to contain such a legend shall not be construed as a waiver of any right of confidentiality.  To the extent a party requests a Designating Party to make a final confidentiality designation as to specific portions of a deposition transcript, the Designating Party shall inform the parties of its final confidentiality designations by page and line number.

E.     Electronically Stored Information:

1.     Electronically Stored Information ("ESI") means information stored or recorded in the form of electronic or magnetic media (including information, files, data, databases, computerized materials or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes).  ESI will initially be deemed "Attorneys' Eyes Only." To the extent that ESI is produced in a form rendering it impracticable to label, counsel for the Producing Party may designate Electronic Data as "Confidential" or "Attorneys' Eyes Only" in a letter identifying the

4

information generally. When feasible, counsel for the Producing Party will also mark the electronic or magnetic media with the appropriate designation. Whenever any party to whom ESI designated as Confidential Information or Attorneys' Eyes Only Information is produced reduces such material to hard copy form, such party shall mark such hard copy form with the appropriate confidentiality legend. Whenever any "Confidential" or "Attorneys' Eyes Only" Electronic Data is copied into another file, all such copies shall also be marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as appropriate.

2. To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated "Confidential" or "Attorneys' Eyes Only," that party and its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information and Attorneys' Eyes Only Information.

III. INFORMATION FILED WITH THE COURT.

A. A party that seeks to file Confidential Information or Attorneys' Eyes Only Information with the Court shall file a motion to seal in accordance with Local Rule 79-5 or obtain written agreement from the Designating Party that the Confidential Information or Attorneys' Eyes Only Information can be made available to the public. The movant shall indicate in their motion to seal that the Confidential Information or Attorneys' Eyes Only Information is governed by this Order and, if applicable, that the information required under Local Rule 79-5(d)(1)(A) is not within the movant's knowledge, except that nothing in this provision relieves the party seeking to seal from its obligation to satisfy Local

5

Rule 79-5.  The Designating Party shall file a declaration pursuant to Local Rule 79-5(e)(1) or re-designate the Confidential Information or Attorneys' Eyes Only Information as Not Confidential and request that the movant withdraw the motion to seal not later than fourteen (14) days after the filing of the motion.

B.     Only those portions of such documents and materials containing or reflecting Confidential Information or Attorneys' Eyes Only Information shall be considered "Confidential" or "Attorneys' Eyes Only" and may be disclosed only in accordance with this Order.  To the extent practical, only those portions of such filings which contain Confidential Information or Attorneys' Eyes Only Information shall be filed under seal.  No party or other person may have access to any sealed document from the files of the Court without an order of the Court.  The "Judge's Copy" of a sealed document may be opened by the presiding Judge, the presiding Judge's law clerks and other Court personnel without further order of the Court.

C.     Regardless of any provision in this Order to the contrary, a party is not required to file a document under seal if the Confidential Information or Attorneys' Eyes Only Information contained or reflected in the document was so designated solely by that party, but should a Designating Party file such a document without requesting sealing the document shall no longer be considered Confidential for any purpose.

IV.    USE OF INFORMATION PRODUCED IN DISCOVERY.

A.     No information produced in this case shall be used by any person, other than the Designating Party, for any purpose other than prosecuting, defending or settling the Litigation.  In no event shall information produced in this case be used for any business, competitive, personal, private, public or other purpose, except as required by law.

B.     <u>Disclosure of Confidential Information</u>.  Access to information designated "Confidential" pursuant to this Order shall be limited to:

6

1. Counsel (including members and associates of counsel in private law firms) and in-house counsel for the parties, as well as their paralegal, investigative, technical, secretarial and clerical personnel who are engaged in assisting them in the Litigation;

2. Outside photocopying, document storage, data processing or graphic production services employed or retained by the parties or their counsel to assist in the Litigation, provided that Paragraph V of this Order has been complied with;

3. Any outside expert, consultant or investigator retained by counsel for the purposes of consulting or testifying in the Litigation, provided that Paragraph V of this Order has been complied with;

4. Any mediator(s) engaged by the parties in the Litigation, provided that Paragraph V of this Order has been complied with;

5. Any director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the resolution of the Litigation, provided that Paragraph V of this Order has been complied with;

6. Any natural person who (i) is a current or former employee of the Designating Party; (ii) authored, received or otherwise has been provided access to (in the ordinary course, outside this action) the Confidential Information sought to be disclosed to that person; or (iii) is mentioned, discussed or referred to in the material, but, to the extent practical in the judgment of the party seeking to use the Confidential Information only as to the specific material in which such person is mentioned, discussed or referred to.  Disclosure under this section shall only be made if (a) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes; (b) the person is not permitted to access the Confidential Information outside the presence of

7

counsel; (c) the person is explicitly informed that this Order forbids him or her to disclose the Confidential Information except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

7. This Court, or any other Court exercising jurisdiction with respect to the Litigation, any appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in the Litigation;

8. A witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the above-captioned case not otherwise authorized to view the Confidential Information in question, during that witness' testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same, provided that: (i) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes; (ii) counsel for the disclosing party endeavors in god faith to redact or handle the Confidential Information in such a manner as to disclose no more Confidential Information than is reasonably necessary in order to examine the witness; (iii) the witness is not permitted to retain the Confidential Information after the witness is examined regarding the Confidential Information; and (iv) the witness is explicitly informed that this Order forbids him or her to disclose the Confidential Information except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order. A deposition witness may review the entire deposition transcript and exhibits thereto in order to review and sign pursuant to Fed. R. Civ. P. 30(e); however, the Designating Party may object to the deponent reviewing a Confidential deposition exhibit in

8

connection with the review and sign.  If such an objection is raised, any party may seek relief from the Court, and the disclosure may not be made until the Court rules or the Producing Party withdraws its objections;

9.    Any other person to whom the Producing Party agrees in writing or on the record, and any other person whom the Court directs should have access to the Confidential Information.

C.    <u>Disclosure of Attorneys' Eyes Only Information</u>.   Access to information designated "Attorneys' Eyes Only" pursuant to this Order shall be limited to:

1.    Counsel of record (including members and associates of such counsel's firm), as well as their paralegal, investigative, technical, secretarial and clerical personnel who are engaged in assisting them in this litigation;

2.    Outside photocopying, document storage, data processing or graphic production services employed or retained by the parties or their counsel to assist in the Litigation, provided that Paragraph V of this Order has been complied with;

3.    Any outside expert, consultant or investigator retained by counsel for the purposes of consulting or testifying in the Litigation, provided that Paragraph V of this Order has been complied with;

4.    Any mediator(s) engaged by the parties in the Litigation, provided that Paragraph V of this Order has been complied with;

5.    Any natural person who (i) is a current or former employee of the Designating Party; (ii) authored, received or otherwise has been provided access to (in the ordinary course, outside this action) the Attorneys' Eyes Only Information sought to be disclosed to that person; or (iii) is mentioned, discussed or referred to in the material, but to the extent practical in the judgment of the party seeking to use the Confidential Information, only as to the specific material in which such person is mentioned, discussed or referred to.  Disclosure under this section shall

9

only be made if (a) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes; (b) the person is not permitted to access the Confidential Information outside the presence of counsel; (c) the person is explicitly informed that this Order forbids him or her to disclose the Confidential Information except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

6.   This Court, any other Court exercising jurisdiction over the Litigation, appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in the Litigation; and

7.   A witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the above-captioned case not otherwise authorized to view the Attorneys' Eyes Only Information in question, during that witness' testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same, provided that: (i) the disclosure is made for the purpose of advancing the disclosing party's claims or defenses, and for no other purposes; (ii) the witness is not permitted to retain the Attorneys' Eyes Only Information after the witness is examined regarding the Attorneys' Eyes Only Information; (iii) the witness is not permitted to retain the Confidential information after the witness is examined regarding the Confidential Information; and (iv) the witness is explicitly informed that this Protective Order forbids him or her to disclose the Confidential Information except as permitted under this Protective Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Protective Order.  A deposition witness may review the entire deposition transcript and exhibits thereto in order to

10

review and sign pursuant to Fed. R. Civ. P. 30(e); however, the Producing Party may object to the deponent reviewing an Attorneys' Eyes Only deposition exhibit in connection with the review and sign. If such an objection is raised, any party may seek relief from the Court, and the disclosure may not be made until the Court rules or the Producing Party withdraws its objections;

8. Any other person whom the Producing Party agrees in writing or on the record, and any other person whom the Court directs should have access to the Attorneys' Eyes Only Information.

D. Non-Application of Order. The restrictions set forth above shall not apply to documents or information designated Confidential or Attorneys' Eyes Only, which (a) were, are, or become public knowledge, not in violation of this Order; or (b) were or are discovered independently by the receiving party.

E. Client Consultation. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this Action and, in the course thereof, relying generally on examination of designated Protected Materials; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not disclose the contents of Protected Materials to persons not authorized to receive such material pursuant to the Protective Order.

F. Use of Confidential Information at Trial or Hearing. The restrictions, if any, that will govern the use of Confidential Information or Attorneys' Eyes Only Information at trial or hearings will be determined at a later date by the Court, in consultation with the parties if necessary.

G. Return of Materials. Within sixty (60) days after the final resolution of the Litigation, all Confidential Information and Attorneys' Eyes Only Information, including all copies, abstracts and summaries, shall be returned to counsel for the Producing Party or, if the Producing Party's counsel is so informed, destroyed,

11

with the party that had received the Confidential Information or Attorneys' Eyes Only Information certifying to the return or destruction as appropriate.  As to those materials that contain or reflect Confidential Information or Attorneys' Eyes Only Information, but that constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order.  Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information or Attorneys' Eyes Only Information, so long as such pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits), in accordance with the provisions of this Order, are clearly marked to reflect that they contain information subject to this Order, and are maintained as such.

V.   NOTIFICATION OF CONFIDENTIALITY ORDER.

A.   Confidential Information and Attorneys' Eyes Only Information shall not be disclosed to persons described in Paragraphs IV.B., and IV.C., unless and until such persons are provided a copy of this Order, and are advised by the disclosing counsel that they are bound by the provisions of this Order, and, in the case of persons listed in Paragraphs IV(B)(2)-(5) and IV(C)(2)-(4), execute an Agreement of Confidentiality ("Confidentiality Agreement") in substantially the form attached hereto as Exhibit A.

B.   The originals of such Confidentiality Agreements shall be maintained by the counsel who obtained them until the final resolution of the Litigation. Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

[Proposed] Protective Order
13-cv-04236-BLF-PSG

VI.    OBJECTIONS TO DESIGNATIONS.

A.    A party shall not be obligated to challenge the propriety of a Confidential Information or Attorneys' Eyes Only Information designation at the time of such designation, and a failure to do so shall not preclude a subsequent challenge thereto.

B.    In the event a party objects to the final designation of any material under this Order by another party, the objecting party shall consult with the Designating Party to attempt to resolve their differences.  If the parties are unable, after conferring in good faith, to reach an accord as to the proper designation of the material, either party may present the dispute to the Court initially by telephone or letter, in accordance with Local Rule 37, before filing a formal motion for an order regarding the challenged designation.

C.    If such a motion is made, the requesting party shall have the burden to establishing that there is a need for a lower level of confidentiality than the final designation made by the Designating Party.  The Designating Party will have the burden to establish that the designation is proper.  If no such motion is made, the material will remain as designated.  Any documents or other materials that have been designated "Confidential" or "Attorneys' Eyes Only" shall be treated as such until the Court rules that they should not be so treated

D.    In addition to the procedures set forth above, a Party that receives information that is automatically designated Attorneys' Eyes Only may request that the Designating Party make a document-by-document designation of confidentiality. If that Party requests such a document-by-document designation for more than 150 documents, the Designating party may, at its option, retain attorneys, including contract attorneys, to conduct a document-by-document confidentiality review of such documents.  The attorneys conducting such a confidentiality review will perform the review under the direction of the Designating Party, and all applicable privileges will be preserved.    The party requesting the

13

confidentiality review pursuant to this paragraph shall reimburse the Designating Party for the reasonable costs, including attorneys' fees, of such review.

VII.   PRIVILEGES.

A.   Nothing contained in this Order shall affect the right of any party or witness to make any other appropriate objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, questions at a deposition, or any other discovery request.  This Order shall not be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information or Attorneys' Eyes Only Information, or of any right that any party may have to assert such privilege at any stage of the Litigation.

B.   The inadvertent or unintentional disclosure by the Producing Party of information subject to a claim of privilege, including, but not limited to, the attorney-client privilege, or the work product doctrine, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's claim of privilege.  As an example, but without limiting the foregoing, the disclosure of privileged information shall be deemed inadvertent if the disclosure was the result of the failure of search terms to capture such documents, so long as the Producing Party believed in good faith, at the time of production, that the search terms were adequate to guard against such production. In all cases, information that contains privileged information or attorney-work product shall be immediately returned if information appears on its face to have been inadvertently produced or if there is notice of the inadvertent production within thirty (30) days.  The resolution of any dispute that may arise concerning whether a document is privileged or entitled to protection as trial-preparation material shall be governed by Rule 26(b)(5)(B).

C. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

VIII. OTHER PROVISIONS.

A. <u>Subpoenas</u>. Any party or person in possession of Confidential Information or Attorneys' Eyes Only Information who receives a subpoena or other process from any person or entity who is not subject to this Order, which subpoena seeks production or other disclosure of such Confidential Information or Attorneys' Eyes Only Information, shall promptly give telephonic notice and written notice to counsel for the Producing Party who designated the materials as "Confidential" or "Attorneys' Eyes Only," identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information or Attorneys' Eyes Only Information that such information is subject to this Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this paragraph shall be construed as encouraging any party or person not to comply with any court order, subpoena, or other process.

B. <u>Application to Non-Parties</u>. This Order shall apply to any non-party who is obligated to provide discovery, by deposition, production of documents or otherwise, in the Litigation, if that non-party requests the protection of this Order as to its Confidential Information or Attorneys' Eyes Only Information and complies with the provisions of this Order.

C. <u>Modification of the Order</u>. This Order shall not foreclose a Party from moving this Court for an order that documents or information within the meaning of this Order are, in fact, not "Confidential," "Attorneys' Eyes Only" or otherwise protectable under Rule 26(c) or the terms of this Order. In addition, this Order

15

shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order.

D.    Term.  Upon the final resolution of the Litigation, the provisions of this Order shall continue to be binding.  Upon final conclusion of this Litigation, each party or other individual subject to the terms hereof shall assemble and return to the originating source all originals and unmarked copies of confidential materials and upon request, shall destroy any confidential materials containing or constituting attorney work product.  However, counsel may retain a copy of any transcript and pleadings, including exhibits thereto, for archival purposes, consistent with and subject to this Order.  Any request for the return of confidential material from the Court may be made at the final conclusion of all litigation and by formal motion.  This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this Litigation.

E.    Parties Bound.  This Order is binding on all parties to this action, on all nonparties who have agreed to be bound by this Order and on all others who have signed the Confidentiality Agreement in substantially the form attached hereto as Exhibit A, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

F.    Calculation of Time Periods.  All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

**IT IS SO ORDERED.**

DATED: _____          _____
                                      HON. PAUL S. GREWAL
                                      United States Magistrate Judge

16
[Proposed] Protective Order
13-cv-04236-BLF-PSG

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| ) | Case No. 13-cv-04236-BLF |
| **MATHEW ENTERPRISE, INC.,** ) | |
| ) | District Court Judge: Hon. Beth Labson Freeman |
| Plaintiff, ) | |
| ) | Magistrate Judge: Hon. Paul Singh Grewal |
| v. ) | |
| ) | **Exhibit A to Protective Order** |
| **CHRYSLER GROUP LLC,** ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**CERTIFICATION**

I hereby certify my understanding that Confidential Information and/or Attorneys' Eyes Only Information is being provided to me pursuant to the terms and restrictions of the Order dated _____, in *Mathew Enterprise, Inc. v. Chrysler Group LLC*, Civil Case No. 13-cv-04236-BLF (N.D. Cal.). I have been given a copy of that Order and read it. I agree to be bound by the Order. I will not reveal the Confidential Information or Attorneys' Eyes Only Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information and Attorneys' Eyes Only Information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information and Attorneys' Eyes Only Information including copies, notes, or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information or Attorneys' Eyes Only Information. I hereby consent to the jurisdiction of the United States District Court of the Northern District of California for the purpose of enforcing the Order.

Dated:_____          By:_____

Print Name:_____