# EXHIBIT 4

Case 1:26-cv-02480-PAEK Document 25-4 Filed 05/28/26 Page 2 of 16
Case 1:17-cv-03400-EAK Document 56 Filed 09/05/17 Page 1 of 15

Kaplan, Y.

RECEIVED

AUG 23 2017

JUDGE KAPLAN'S CHAMBERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUEEX, LLC, and TRUEPTS, LLC

Plaintiffs,

-against-

MARKITSERV LIMITED, AND
MARKITSERV, LLC.

Defendants.

Civil Action No.: 17-cv-3400 (LAK)

**STIPULATED** [~~PROPOSED~~]
**PROTECTIVE ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-5-17.

LEWIS A. KAPLAN, District Judge:

The parties in the above-captioned action (the "Action") having agreed to the following terms of confidentiality, and the Court finding that:

1.      Federal Rule of Civil Procedure 26(c)(1)(G) permits a court to enter a protective order to prevent unnecessary disclosure or dissemination of trade secrets or other confidential research, development, or commercial information;

2.      The parties believe that a significant amount of the information contained in documents being sought in discovery may be of a highly confidential nature because such documents contain competitively sensitive business, research and development, financial, and/or sales information, and trade secrets, that if disclosed would reveal technical or business advantages;

3.      In light of substantial volume of information that will be produced in this case, it is appropriate to permit the parties to have broader initial confidentiality designations for Discovery Materials that are exchanged among themselves (e.g., to permit bulk designation of

- 1 -

information), and narrower confidentiality designations as the need arises or for information that is ultimately filed with the Court.

4.      The procedures set forth below are appropriate to ensure that a producing party's trade secrets or confidential research, development, or commercial information is adequately protected in order to preserve the legitimate business interests of the Parties.  These procedures also appropriately balance each party's need for access to relevant or discoverable information with the burden or expense associated with appropriately identifying and protecting confidential information;

5.      Having found that good cause exists for issuance of a confidentiality order governing the pre-trial phase of this Action, it is HEREBY ORDERED that the following procedures shall apply to any discovery produced in this Action:

## I.      DESIGNATION OF CONFIDENTIALITY

6.      "Discovery Material" consists of any information provided in the course of discovery in this Action (whether produced voluntarily or pursuant to compulsory process), including without limitation, documents, communications, written discovery responses, and deposition video and testimony.  A party who produces such Discovery Material shall be referred to as a "Producing Party;" a party who receives such Discovery Material shall be referred to as a "Receiving Party."

7.      A Producing Party may initially and presumptively designate any Discovery Material as "Highly Confidential."  Such material shall be subject to final re-designation (it will either remain as "Highly Confidential," or be re-designated to "Confidential," or "Non-Confidential") pursuant to Section IV governing information filed with the Court, or Section V

governing party requests for re-designation. Discovery Material designated as "Highly Confidential," or "Confidential" shall be referred to as "Protected Material."

8.      In making a final confidentiality designation, the Producing Party may designate as "Highly Confidential" material that it reasonably and in good faith believes to be of a highly commercially sensitive nature, disclosure of which could result in competitive or commercial harm to any Person, such as material reflecting, containing, or derived from current confidential trade secret, research, development, pricing, production, cost, marketing, or customer information.

9.      In making a final confidentiality designation, the Producing Party may designate as "Confidential" material consisting of:

a)      Financial information not previously disclosed to the public (including without limitation profitability reports or estimates, trading positions, percentage fees, design fees, royalty rates, minimum guarantee payments, market share data, sales reports, and sale margins);

b)      Material not previously disclosed to the public relating to ownership or control of any non-public company;

c)      Business plans, product development information, or marketing plans not previously disclosed to the public;

d)      Proprietary business information or communications, or other confidential research, development, or commercial information or communications;

e)      Information obtained from personnel-related files or records;

f)    Any information of a personal or intimate nature regarding any individual, including but not limited to any information or data defined as "personal data" as that term is defined in applicable data privacy laws or regulations;

g)    Information for which applicable law—foreign or domestic—requires confidential treatment;

h)    Extracts or summaries of information described above;

i)    Any other category of information hereinafter designated as confidential by the parties or given confidential status by the Court; or

j)    Information that is otherwise encompassed in Rule 26(c)(1)(G).

## II.    USE OF INFORMATION PRODUCED IN DISCOVERY.

10.    All Discovery Material produced or disclosed in connection with this Action shall be used solely for the prosecution or the defense of this Action bearing case number 17-cv-3400 (including any appeal therefrom) and for no other purpose unless otherwise compelled by court order, subpoena, or other process. In no event shall information produced in this Action be used for any business, competitive, personal, private, public or other purpose, except as required by law.

11.    Unless otherwise agreed to in writing by the Producing Party, a Receiving Party shall not disclose "Highly Confidential" information to any other person, except the following:

a)    The Court, any other Court exercising jurisdiction over this Action, appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in the Action;

- 4 -

b) The parties' outside counsel participating in the prosecution and defense of this matter, including any paralegal, clerical and/or other assistant employed by such counsel and involved in this Action;

c) Independent photocopying, document storage, data processing or graphic production services, or litigation support services employed by the parties or their counsel to assist in this Action and computer service personnel performing duties in relation to a computerized litigation system;

d) Any person retained by a party to serve as an expert witness, consultant, investigator, or otherwise provide specialized advice to counsel in connection with this Action, and any clerical and/or other assistant retained by such person, provided such person has first executed a Non-Disclosure Agreement in substantially the form annexed as Exhibit A hereto and that such person does not work for or provide business consulting advice for any Party or competitor of such Party;

e) Any mediator(s) engaged by the parties in this Action, provided such person has first executed a Non-Disclosure Agreement in substantially the form annexed as Exhibit A hereto;

f) As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

g) A witness while testifying at a deposition, trial, or other court proceeding;

h) A witness in preparation for testifying who has been subpoenaed or noticed for deposition, or other court proceeding in this Action, provided that (i) it is reasonable to conclude based upon deposition testimony or other objective

- 5 -

evidence that the person would have access to or knowledge of the information contained in, or related to, that document; (ii) the disclosure is made for the purpose of preparing such witness for testimony and for the purpose of advancing the disclosing party's claims or defenses, and for no other purpose; (iii) the witness is not permitted to retain the information; and (iv) the witness is explicitly informed that this Order forbids him or her to disclose the information except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

12. Unless otherwise agreed to in writing by the Producing Party, a Receiving Party shall not disclose "Confidential" information to any other person, except the following:

a) Any Person who is entitled to receive access to Highly Confidential Information, pursuant to paragraph 11 above.

b) The parties' in-house counsel participating in the prosecution and defense of this Action, including any assistant employed by such counsel and involved in this Action;

c) The parties to this Action, including any current or former director, officer, employee, trustee, designated representative, or agent of a party charged with the responsibility for making decisions dealing directly with the prosecution or defense of this Action; provided such person has first executed a Non-Disclosure Agreement in substantially the form annexed as Exhibit A hereto;

13. The restrictions set forth above shall not apply to documents or information which (a) were, are, or become public knowledge, not in violation of this Order, or (b) were or are discovered independently by the receiving party.

- 6 -

## III. MARKING AND DESIGNATING INFORMATION

14. <u>Documents</u>. When marking documents with either an initial or final confidentiality designation, the Producing Party shall designate such Discovery Material with the appropriate confidentiality designation by stamping or otherwise clearly marking "Confidential," or "Highly Confidential" on each page of any such document in a manner that will not interfere with legibility or audibility. Documents previously produced in expedited discovery in this Action marked "Attorneys' Eyes Only" need not be redesignated; such documents shall be treated as having been designated "Highly Confidential" in accordance with this Order.

15. <u>Responses to Interrogatories and Requests for Admission</u>. When marking interrogatory answers or responses to requests for admissions with either an initial or final confidentiality designation, counsel for the Producing Party will place a statement on the front of any set of answers specifying that the answers or responses or specific parts thereof are designated "Confidential" or "Highly Confidential."

16. <u>Depositions</u>. Deposition testimony and exhibits will be automatically designated Highly Confidential. Such testimony and exhibits may be subject to final re-designation as specified in Paragraph 7, pursuant to the procedures set forth in Section IV and V of this Order.

## IV. INFORMATION FILED WITH THE COURT

17. In the event that before trial in this Action, or in connection with any hearing, motion, or pleading related to this Action, any party determines to file or submit Protected Material, such party shall do so by filing a request with the Court that the Protected Material be filed under seal in accordance with the applicable Local Rules, Electronic Case Filing Rules & Instructions, and the "Sealed Records Filing Instructions," and kept under seal until further order of the Court.

-7-

18.     The restrictions, if any, that will govern the use of Protected Material at trial or hearings will be determined at a later date by the Court, in consultation with the parties if necessary.

19.     Regardless of any provision in this Order to the contrary, a party is not required to file a document under seal if the Protected Material contained or reflected in the document was so designated solely by that party. Should a Producing Party file such a document without requesting sealing the document shall no longer be considered Protected Material for any purpose.

## V.     OBJECTIONS TO DESIGNATIONS

20.     A party shall not be obligated to challenge the propriety of a confidentiality designation at the time of such designation, and a failure to do so shall not preclude a subsequent challenge thereto.

21.     In the event that a Receiving Party disagrees *or other person* at any time with any designation(s) made by the Designating Party, the Receiving Party ^*or other person* must first try to resolve such challenge in good faith on an informal basis ~~with the Designating Party~~. The Receiving Party must provide *st et the time* written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level.

22.     If the parties are unable to resolve any dispute, the objecting *or* ~~party~~ shall submit the dispute to the Court in accordance with the Court's Individual Rules of Practice in Civil Cases. During the pendency of a dispute over a final designation (or if the dispute is not submitted to the Court for resolution), the information shall be treated as designated. The failure of any Receiving Party *or other person* to challenge a designation does not constitute a concession that the

- 8 -

designation is proper or an admission that the designated information is otherwise competent, relevant, or material.

## VI. INADVERTENTLY DISCLOSED INFORMATION

23. If a Producing Party claims that it has inadvertently produced Discovery Material that is subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

24. A Producing Party making a claim of inadvertent disclosure shall do so in writing. Within ten (10) business days of such written notification of any Inadvertently Disclosed Information, the producing Person shall produce a privilege log with respect to the Inadvertently Disclosed Information. However, the producing Person may request a reasonable extension of the deadline for the production of such privilege log due to the volume of such material, and consent to such extension shall not be unreasonably withheld.

25. Upon receiving such a written notification, the receiving party immediately shall return or destroy all copies of the Inadvertently Disclosed Information, and provide a written notice that all such information has been returned or destroyed within ten (10) business days of receipt of the request, unless the receiving party provides notice of its intent to challenge the assertion of a claim of protection under Fed. R. Civ. P. 26(b)(5)

26. The receiving party may request a reasonable extension of the deadline for the return or destruction of Inadvertently Disclosed Information due to the volume of such material, and consent to such extension shall not be unreasonably withheld.

-9-

27. The resolution of any dispute that may arise concerning whether a document is privileged or entitled to protection as trial-preparation material shall be governed by Rule 26(b)(5)(B).

## VII.  NON-PARTY PRODUCTIONS

28. Absent further order of the Court, a non-party that produces information in this Action shall be deemed a "Producing Party" for purposes of this Order. Such non-parties shall have the same rights and obligations as a Producing Party. Any party who serves a subpoena on a non-party shall provide such non-party with a copy of this Order.

29. In the event a non-party produces information in response to a subpoena or request, any party receiving such information from the non-party shall ensure that all other parties receive copies of the non-party's production within five (5) business days of the receiving party's receipt of such production.

## VIII.  OTHER PROVISIONS

30. A Receiving Party shall take reasonable precautions to prevent unauthorized disclosure of Protected Materials.

31. A party's compliance with this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial. Nothing contained in this Order shall affect the right of any party or witness to make any objection to the production or use of any information.

32. Originals of any executed Non-Disclosure Agreements as required for persons noted above shall be maintained by the counsel who obtained them until the final resolution of the Action. Non-Disclosure Agreements and the names of persons who signed them shall not be

- 10 -

subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

33.     If, at any time, any Discovery Material governed by this Order is subpoenaed or requested by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, shall promptly give written notice to the producing person and include with that notice a copy of the subpoena or request.  To the extent permitted by law, a Receiving Party may not produce Discovery Material subject to this Order in response to such a subpoena unless it has provided the Producing Party reasonable opportunity to quash, limit, or object to such production of at least ten (10) business days.  Further, in the event Protected Material is ultimately produced following appropriate notice and process, the Producing Party shall advise the entity to which such production is made as to the terms of this Order and the designations assigned to the documents pursuant to its terms.  Nothing contained within this paragraph shall be construed as encouraging any party or person not to comply with any court order, subpoena, or other process.

34.     This Order shall survive the termination of this Action.  Within sixty (60) calendar days after the final conclusion of all aspects of this Action by judgment not subject to further appeal or by settlement, the parties shall take commercially reasonable efforts to ensure that all Discovery Material and all copies thereof (including electronic information) shall be returned or destroyed and the Producing party, upon request, shall be provided with a certification stating that the Producing Party's documents have been destroyed.  Notwithstanding any other provision of this Order, the obligation to return or destroy all Discovery Material and all copies of such material upon such written request shall not apply to pleadings, motions,

briefs, supporting affidavits, other papers filed with the Court, attorney notes, deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), Court opinions or orders, attorney-client privileged material, and/or work product created by counsel, a party, or a third party in connection with this Action, which reflect, summarize, or otherwise refer to Discovery Material, and copies thereof retained by counsel, so long as the Person retaining such material otherwise complies with this Order with respect to such retained material.

35.     This Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflict of law principles of the State of New York. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with its rules.

36.     All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

37.     During the pendency of this case only, this Court shall retain jurisdiction over all Persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

SO STIPULATED AND AGREED.

DATED: _August 16_ , 2017     QUINN EMANUEL URQUHART &
                                 SULLIVAN LLP
                              DANIEL L. BROCKETT
                              ADAM M. ABENSOHN
                              THOMAS J. LEPRI
                              KANIKA SHAH


                              _____
                                  DANIEL L. BROCKETT

                              51 Madison Avenue, 22nd Floor
                              New York, NY 10010
                              Telephone: 212/849-7000
                              212/849-7100 (fax)
                              danbrockett@quinnemanuel.com
                              adamabensohn@quinnemanuel.com
                              thomaslepri@quinnemanuel.com
                              kanikashah@quinnemanuel.com

                              Attorneys for Plaintiffs trueEX, LLC and truePTS,
                              LLC

DATED: **August 18** , 2017

PROSKAUER ROSE LLP
COLIN KASS
GREGG M. MASHBERG
SCOTT A. EGGERS
DAVID A. MUNKITTRICK
SETH FIUR

_____
COLIN KASS

11 Times Square
New York, NY 10036
Tel. 212-969-3000
Fax 212-969-2900
CKass@proskauer.com
BRuskin@proskauer.com
GMashberg@proskauer.com
SEggers@proskauer.com
DMunkittrick@proskauer.com
SFiur@proskauer.com

IT IS SO ORDERED.

DATED: _____

THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

Notwithstanding anything to the contrary herein:

1.  Any paper filed under seal in this action shall be made part of the public record on or after 4/5/2022 unless the Court otherwise orders.

2.  Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.

Dated: 9/5/17

_____
Lewis A. Kaplan
United States District Judge

- 14 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUEEX, LLC, and TRUEPTS, LLC<br><br>Plaintiffs,<br><br>-against-<br><br>MARKITSERV LIMITED, AND<br>MARKITSERV, LLC.<br><br>Defendants. | Civil Action No.: 17-cv-3400 (LAK)<br><br>**EXHIBIT A: NON-DISCLOSURE<br>AGREEMENT** |

I hereby certify my understanding that Confidential Information and/or Highly Confidential Information is being provided to me pursuant to the terms and restrictions of the order dated _____ , in *trueEX, LLC and truePTS, LLC v. MarkitSERV Limited and MarkitSERV, LLC*, Civil Action No. 17-CV-3400 (LAK) (S.D.N.Y.). I agree that I will use Discovery Material solely for the prosecution or defense of this action and for no other purpose. I will maintain all such Confidential or Highly Confidential information – including copies, notes, or other transcriptions made therefrom – in a secure manner to prevent unauthorized access to it, and no later than thirty (30) days after the conclusion of the litigation I will return all Discovery Material I have received to the party or attorney from whom I received it. In addition, I agree that I will not disclose Discovery Material designated as Confidential or Highly Confidential except as authorized by the Protective Order. By acknowledging these obligations, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the Protective Order.

DATED: _____     _____

                                                    **[NAME]**