# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| **CAREPOINT HEALTH SYSTEMS**, *et al.* | ) ) ) | Civil Action No: 2:22-cv-05421-EP-CLW |
| Plaintiffs, | ) ) ) | Hon. Evelyn Padin, USDJ |
| v. | ) ) ) | Hon. Cathy L. Waldor, USMJ |
| **RWJ BARNABAS HEALTH, INC.,** | ) ) ) |  |
| Defendant. | ) ) |  |

### DISCOVERY CONFIDENTIALITY ORDER

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1. ***Confidential Material.*** Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or

1

any third party covered by this Order, who produces or discloses any Confidential Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL".

2.     *AEO Material.*  Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" ("AEO") and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY."

3.     *Use of Discovery Material*.  All material produced in this action ("Discovery Material") shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth below in

Paragraphs 7 and 8, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

4. ***Initial Designations.***

All Discovery Material produced in this action may initially be designated "ATTORNEYS' EYES ONLY," in accordance with procedures set forth below:

    a. A Party that has received Discovery Material and that would like to use, and in the absence of the restrictive confidentiality designation would use, a specific document or testimony in a manner not permitted by the designation may request that the designating party review the document's initial confidentiality designation to determine whether it should remain or be given some other designation.

    b. Once a party has made a request that a document's initial confidentiality designation be reviewed, the designating party shall have fourteen (14) days, unless otherwise agreed upon, to make a final confidentiality designation.

    c. Mass, indiscriminate, or routinized final designation requests are prohibited.

5. *Designation of Deposition Testimony*.

All deposition testimony, transcripts and recordings will initially be automatically designated "ATTORNEYS' EYES ONLY," subject to the procedure for final designations set forth above in Paragraph 4.

6. *Designation Disputes*. If counsel for a party receiving documents or information objects to a final designation under Paragraph 4 as Confidential or Attorneys' Eyes Only, the following procedure shall apply:

    a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.

    b. Counsel for the designating party or third party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential or Attorneys' Eyes Only. If no timely written response is made to the objection, the challenged designation will be deemed to be void.

    c. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation,

counsel shall then confer in good faith in an effort to resolve the dispute.

d. If a dispute as to a Confidential or Attorneys' Eyes Only designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation.

e. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7. ***Use of Confidential Material***. Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

a. The Parties and their current directors, officers, and employees, and other persons, with written approval of both Parties, who are bound by this Protective Order by executing the agreement attached as Exhibit A and who are assisting with or making

decisions concerning this action, to the extent necessary for the purpose of prosecuting or defending this action;

b. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

c. Outside experts or consultants retained by or for the parties for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

d. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

e. The Court and court personnel;

f. Any deponent may be shown or examined on any information, document or thing designated Confidential provided the deponent has signed a non-disclosure agreement in the form attached hereto as Exhibit A and does not retain any Confidential Material;

g. Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document (or indicated as a blind copy recipient in such document/communication's metadata), or, in the case of

meeting minutes and presentations, an attendee of the meeting or presentation, provided the person has signed a non-disclosure agreement in the form attached hereto as Exhibit A;

    h.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative, and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

8.    ***Use of AEO Material.***  Attorneys' Eyes Only Material and the contents of Attorneys' Eyes Only Material may be disclosed only to the following individuals under the following conditions:

    a.    Outside counsel (herein defined as any attorney at the parties' outside law firms);

    b.    Outside experts or consultants retained by or for the parties for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

7

c.    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.    The Court and court personnel;

e.    Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only provided the deponent has signed a non-disclosure agreement in the form attached hereto as Exhibit A and does not retain any AEO Material;

f.    Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document (or indicated as a blind copy recipient in such document/communication's metadata), or, in the case of meeting minutes and presentations, an attendee of the meeting or presentation, provided the person has signed a non-disclosure agreement in the form attached hereto as Exhibit A;

g.    Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative, and

audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

9. ***Advice of Counsel.*** It is understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of AEO Material, provided that such advice and opinions shall not reveal the content of such AEO Material except by prior written agreement of counsel for the parties, or by Order of the Court.

10. ***Filing Under Seal***. Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which document is filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

11. ***Use at Trial.*** If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential or Attorneys' Eyes Only information, it may do so only after giving notice to the producing party and as directed by the Court.

12. ***Inadvertent Failure to Designate***. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential or AEO Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall

not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or AEO within a reasonable time after disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or AEO under this Discovery Confidentiality Order.

13.     ***Inadvertent Disclosure of Privileged Material.***  The inadvertent or unintentional disclosure by a producing party of information subject to a claim of privilege, including, but not limited to, the attorney-client privilege, or the work product doctrine, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the party's claim of privilege. As an example, but without limiting the foregoing, the disclosure of privileged information shall be deemed inadvertent if the disclosure was the result of the failure of search terms to capture such documents, so long as the producing party believed in good faith, at the time of production, that the search terms were adequate to guard against such production. In all cases, should the receiving party reasonably believe that a document produced to it was inadvertently produced or contains privileged information or attorney-work

10

product, that party shall notify the producing party and, upon the producing party's request, shall immediately sequester such documents. Further, should the producing party notify the receiving party of the inadvertent production of documents containing privileged information or attorney-work product, the receiving party shall immediately sequester such documents. The producing party shall then provide the basis for the privilege claim within fourteen (14) days of the producing party's discovery or notification of the inadvertent production, and produce to the party possessing the inadvertent production a privilege log identifying the inadvertently disclosed information and setting forth the basis for its withholding. If the receiving party intends to challenge the basis for withholding, the resolution of any dispute that may arise concerning whether a document is privileged or entitled to protection as trial-preparation material shall be governed by Rule 26(b)(5)(B). If the receiving party does not intend to challenge the basis for withholding, it shall return or destroy the inadvertently produced information within fourteen (14) days of receipt of a privilege log.

14. ***Public Domain Information.*** No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential

11

basis, shall be deemed or considered to be Confidential or AEO Material under this Discovery Confidentiality Order.

15. ***Discovery Objections.*** This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

16. ***Survival.*** This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

17. ***Final Disposition.*** Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Within 60 days after the final disposition of this action, each receiving party must return all Discovery Material to the producing party or destroy such material. As used in this subdivision, "all Discovery Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of

12

the Discovery Material. Whether the Discovery Material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the discovery material.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential or AEO Material.  Any such archival copies that contain or constitute such material remain subject to this Discovery Confidentiality Order.

 s/ Cathy L. Waldor
 Hon. Cathy L. Waldor, USMJ

 Date:  January 8, 2024

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CAREPOINT HEALTH MANAGEMENT ASSOC. LLC**, *et al.*        ) ) ) ) | Civil Action No: 2:22-cv-05421-EP-CLW |
| Plaintiffs,    ) | Hon. Evelyn Padin, USDJ |
| v.    ) | Hon. Cathy L. Waldor, USMJ |
| **RWJ BARNABAS HEALTH, INC.**,    ) | |
| Defendant.    ) | |

**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER**

I, _____, state that:

1.  My address is:

2.  My present employer is _____ and the address of my present employment is:

3.  I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

4.  I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential or Attorneys' Eyes Only material or any words, summaries, abstracts, or indices of Confidential

14

or Attorneys' Eyes Only material disclosed to me.

5.  I will limit use of Confidential or Attorneys' Eyes Only material disclosed to me solely for purpose of this action.

6.  No later than the final conclusion of the case, I will return all Confidential or Attorneys' Eyes Only material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
[Name]

15