UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

Plaintiff,

-v-

THE NEW YORK AND PRESBYTERIAN HOSPITAL,

Defendant.

26 Civ. 2480 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

This order resolves a dispute over a proposed protective order in this antitrust case. Plaintiff United States of America ("DOJ") moves for entry of a protective order and has submitted a proposed protective order. *See* Dkt. 20-1 ("DOJ Order"). Defendant New York and Presbyterian Hospital ("NYP") agrees a protective order is warranted, but objects to five provisions proposed by DOJ, and has submitted an alternative proposed protective order. *See* Dkt. 25-1 ("NYP Order").

In brief, DOJ here brings suit under the Sherman Act, 15 U.S.C. § 1. It contends that NYP, a large hospital system in New York City, entered into anti-competitive contracts with health insurance companies that reduced competition among hospitals, increased healthcare costs, and denied consumers seeking healthcare in New York City access to budget-conscious health insurance plans. Dkt. 1 ("Complaint"). DOJ seeks injunctive relief. *Id.* at 20. NYP denies DOJ's claims. It states that DOJ has mischaracterized a "handful of decades-old, industry standard contract provisions." Dkt. 22 at 1.

The parties agree that a protective order is warranted, particularly given the confidential business and health information that will be disclosed during discovery. *See* Dkts. 20, 25. And

1

they agree as to most provisions of the protective order. As to the points of difference, DOJ notes that its order is consistent with orders entered in this District in other antitrust actions it has brought, including *United States of America v. Live Nation Entertainment*, No. 24 Civ. 3973 (S.D.N.Y. Jul. 23, 2024), Dkt. 213, and *United States of America v. Visa Inc.*, No. 24 Civ. 7214 (S.D.N.Y. Dec. 17, 2024), Dkt. 42. *See* Dkt. 20 at 1. NYP notes that its alternative order "hews more closely to this District's model, affords greater protection to both parties and non-parties, reduces delay, and does not prejudice any party's legitimate interests." Dkt. 25 at 1 (cleaned up).

The Court resolves the five points of dispute as follows.

**Initial Designation of Discovery Material (DOJ Order ¶ 28).** Under DOJ's proposed order, before designating material as confidential, the designating party shall have a "good-faith belief" that material is confidential. DOJ Order ¶ 28. The order also provides for a process by which a party may later designate material not initially designated as confidential. *Id.* ¶ 36.

NYP contends that DOJ's proposal is inefficient because it would oblige the parties, using "swarms of contract attorneys," to make initial pre-production confidentiality designations. Dkt. 25 at 2. NYP argues that it is more efficient to permit the parties to make bulk initial designations of e-discovery materials as "highly confidential," subject to a process in which the other party may request a re-designation, including to a lesser classification of "confidential." That approach, NYP argues, will allow discovery to proceed more expeditiously, while enabling the opposing party to seek re-designation of specific discovery material, including to the lesser classification level of "confidential." *See id.* at 1–2; NYP Order at ¶ 5.

There is merit to, and there are precedents for, both proposals. In the Court's assessment, however, in a case in which an outsized number of documents are apt to contain commercially or personal sensitive material, there is greater wisdom to NYP's proposal. It avoids the need at the

threshold for the parties to undertake expensive and time-consuming human review of all outgoing materials to assess on an individualized basis the need for confidentiality treatment. DOJ's proposal, to its credit, does attempt to limit human review by allowing responsiveness designations to be made "through the use of technology-assisted review or search terms," DOJ Order ¶ 28, but pre-production human review would still appear to be required, on a document-specific basis, for the separate confidentiality assessment. NYP's approach, in contrast, would empower the parties to make bulk initial designations, with individualized post- production designation reviews triggered by re-designation requests by the opposing party. In practice, that approach, provided that the parties proceed with reasonableness and restraint as the Court expects they will, should significantly limit the volume of documents ultimately subjected to human review to assess the need for confidentiality. It should also eliminate the need for human review of the classification level of produced documents which the opposing party, upon its review, assesses as unimportant.

NYP's proposal accords with the approach courts in this District have taken in cases where responsive discovery is apt to yield high volumes of documents whose characteristic features tend to merit confidentiality treatment. *See, e.g.*, *Trueex LLCv. Markitserv Ltd.*, 17 Civ. 3400 (S.D.N.Y. Sept. 5, 2017), Dkt. 66 (protective order permitting bulk designation of information); *In re General Motors LLC Ignition Switch Litigation*, 14 Md. 2543 (S.D.N.Y. Sept. 10, 2014), Dkt. 294 (protective order permitting "blanket confidential designations" so as to immediately provide bulk production of millions of pages of documents); *Pacific Life Ins. Co. v. U.S. Bank Nat'l Ass'n*, 16 Civ. 555 (S.D.N.Y. Nov. 14, 2016), Dkt. 95 (protective order permitting "bulk designation of documents" so as to enable production without a "detailed review for confidentiality designation"). This approach stands to result in more expedited and

3

less costly discovery. *See, e.g.*, *In re Zyprexa Prods. Liab. Litig.*, No. 4 Md. 1596, 2004 WL 3520247, *1 (E.D.N.Y. Aug. 9, 2004) (purposes of protective order are "[t]o expedite the flow of discovery material [and] facilitate the prompt resolution of disputes over confidentiality"). "Judicial supervision of discovery should always seek to minimize its costs and inconvenience." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522, 546 (1987); *see also Aviles v. S&P Glob., Inc.*, 583 F. Supp. 3d 507, 516 (S.D.N.Y. 2022). The Court's judgment is that NYP's proposal, allowing bulk initial designations, is most likely to achieve those ends here.

The Court accordingly directs the parties to adapt the protective order to NYP's proposal.

**DOJ's Disclosure and Use of Confidential Information (DOJ Order ¶45(c)).** DOJ proposes the following provision, which under which DOJ would be permitted, after the closure of this litigation, to retain copies of documents produced by NYP and use them for purposes unrelated to the case:

> Nothing in this Order . . . prevents the United States' retention, use, or disclosure of Confidential Information outside the context of this Action (i) to the extent permitted or required by law, court order, or regulation; (ii) for law enforcement purposes; or (iii) for the purpose of securing compliance with a Final Judgment in this Action.

*See* DOJ Order ¶ 45(c). NYP objects to this language. It argues that "[w]hen the government files suit as a civil plaintiff, it has the same discovery rights and obligations" as other civil litigants and should not be permitted to retain discovery from this lawsuit for use in other lawsuits, enforcement actions, or prosecutions. Dkt. 25 at 2.

The Court will permit DOJ to retain documents following the completion of this litigation to the extent expressly authorized by 15 U.S.C. § 1313. That statute requires, after the completion of a civil lawsuit, DOJ's Antitrust Division to return original documentary materials

to the producing party upon a request from the producing party, *id.*, § 1313(e), while permitting the Antitrust Division to retain copies of such documents, *id.* § 1313(b).

As to DOJ's ability to use copies of materials produced in this matter in the service of other lawsuits, enforcement actions, or prosecutions, the parties have not briefed the scope of DOJ's legal authority to do so. And there is no concrete controversy requiring its resolution now. When and if a concrete such issue arises involving the discovery materials in this case, the Court will be amenable to resolving it. The parties are therefore to modify the protective order to provide that (1) before DOJ makes use of discovery materials in this case in any other matter, it must obtain this Court's authorization to do so, (2) DOJ's submission seeking to do so is to cite apposite statutory and/or case authority, and (3) upon receipt of such a submission from DOJ, the Court will determine whether to solicit a response from NYP, or whether considerations such as those of investigative confidentiality counsel otherwise.[1]

**Disclosure in Public Proceedings (DOJ Order ¶ 52).** Under DOJ's proposed order, a non-party protected person shall be given five business days' notice if that person's confidential information is reasonably expected to be disclosed at a public proceeding. DOJ Order ¶ 52. NYP does not object to that provision. Dkt. 25 at 3. It, however, urges that the same notice period apply to the disclosure at public proceeding of any of *its* information. *Id.* That, it argues, will avoid the need for NYP to request courtroom sealing "on the fly." *Id.* DOJ counters that extending this rule to NYP is unnecessary. DOJ notes that, unlike a third party, NYP, as a party, will be a participant in proceedings in the case and capable of objecting in real time. It further

---

[1] For avoidance of doubt, the Court will require a showing of legal authority before authorizing DOJ to make extrinsic use of discovery produced to it in this case. Except to the extent it has been vested with such authority, DOJ is no different from any other litigant. And requiring DOJ to show affirmative legal authority for extrinsic use of the commercially and personal sensitive materials at issue provides a guardrail against their misuse.

5

argues that a five-day notice period, if applied to the materials of a party like NYP which is apt to participate in public proceedings such as hearings, arguments, and potentially a trial, is unworkable in practice.

On this issue, the Court agrees with DOJ, substantially for the reasons given by DOJ. The Court overrules NYP's objection to this provision.

**Persons Bound by Order (DOJ Order ¶ 21).** DOJ's proposed Order states that it shall bind the parties and their:

> representatives, agents, experts, and consultants, all non-Parties providing Investigation Materials or Discovery Materials in this Action, and all other interested Persons who receive or have access to Confidential Information with actual or constructive notice of this Order, upon pain of contempt.

DOJ Order ¶ 21. As DOJ explains, this provision is intended to bind persons who obtain access to discovery in this case through a party, such as experts, IT personnel and entities. Dkt. 20 at 2–3.

Provisions along these lines are familiar. NYP's objection, that the Court might not have jurisdiction under hypothetical circumstances to enforce this provision against a breaching non-party such as in an instance of inadvertent disclosure, is abstract. Dkt. 25 at 3. This provision is familiar and it serves the valid goal, recognized in the Federal Rules and case law, of guarding against, and minimizing the risk of, unauthorized disclosure of confidential information. *See* Fed. R. Civ. P. 26(c)(1)(G); *New York Times Co. v. Microsoft Corp.*, No. 23 Civ. 11195, 2025 WL 1410658, at *1 (S.D.N.Y. Apr. 1, 2025). The Court overrules NYP's objections to this provision, which tracks provisions in other protective orders entered in this District. *See, e.g., Kraft v. Arena Grp. Holdings*, No. 24 Civ. 2619, 2025 WL 1439504, at *1 (S.D.N.Y. May 20, 2025); *Lively v. Wayfarer Studios LLC*, No. 24 Civ. 10049, 2025 WL 815364, at *5 (S.D.N.Y.

Mar. 13, 2025); *Liederbach v. NYU Langone Hosps.*, No. 24 Civ. 742, 2025 WL 521370, at *1 (S.D.N.Y. Feb. 18, 2025).

**Third-Party Notice (DOJ Order ¶ 24).**   Under this provision, DOJ is to give notice to third parties who produced materials during its investigation that their materials will likely be produced in discovery.   Dkt. 20 at 1–2.   DOJ states that NYP originally objected to this provision on the grounds that as drafted, the notice process could take weeks.   *Id.*   However, NYP represents that, since the parties' last meet-and-confer, DOJ has reduced the notice period to 12 days, to which NYP does not object.   Dkt. 25 at 3.   This dispute appears to be moot and the Court does not have occasion to address it.

## CONCLUSION

The Court has resolved above the parties' disputes regarding the protective order in this case.   The Court directs the parties promptly to prepare and file a revised proposed protective order consistent with the rulings above.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: June 22, 2026
       New York, New York

7