# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>  v.<br><br>THE NEW YORK AND PRESBYTERIAN<br>HOSPITAL,<br><br>   Defendant. | Case No. 1:26-cv-02480<br><br>Hon. Paul A. Engelmayer, U.S.D.J.<br>Hon. Ona T. Wang, U.S.M.J. |

**NON-PARTY AETNA'S RESPONSES AND OBJECTIONS TO DEFENDANT THE**
**NEW YORK AND PRESBYTERIAN HOSPITAL'S SUBPOENA TO PRODUCE**
**DOCUMENTS, INFORMATION, OR OBJECTS**

Non-parties Aetna Inc. and Aetna Health Inc. (collectively referred to as "Aetna") submit

these responses and objections to Defendant The New York and Presbyterian Hospital's ("NYP")

Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a

Civil Action dated June 5, 2026 (the "Subpoena"), as follows:

**I. GENERAL OBJECTIONS**

Aetna asserts the following general objections to each request in the Subpoena as set forth

below (the "General Objections"). These General Objections govern the scope of any response

made by Aetna to the requests and are neither waived nor limited by Aetna's Specific Objections.

Each Specific Objection incorporates and is subject to these General Objections. Aetna is willing

to meet and confer with NYP to discuss the General and Specific Objections, as well as the

Responses and the scope of discovery.

1. Aetna objects to the Subpoena and the included Definitions and Instructions to the

extent they attempt to impose any obligations on Aetna beyond those imposed by the Federal Rules

of Civil Procedure, the Local Rules of the United States District Court for the Southern District of

New York, and any other applicable orders, rules, or law, or any agreements entered into among the parties.

2.      Aetna objects to the Subpoena and the included Definitions and Instructions to the extent they impose on non-party Aetna burdens and expense that outweigh any relevance or utility of the sought information, within the specific context of the claims and defenses at issue in this case. Aetna further objects to any requirement, request, time period, deadline, Definition, Instruction, or other term that is more burdensome than, inconsistent with, disproportionate to, or goes beyond what was imposed on, required by, or agreed to by NYP or Plaintiff in this litigation or the preceding investigation.

3.      Aetna objects to the Subpoena and the included Definitions and Instructions to the extent they require Aetna to compile or prepare information that is not maintained in the ordinary course of its business, or would require Aetna to conduct an unreasonable or unduly burdensome search to locate responsive information. Aetna further objects to the Subpoena and the included Definitions and Instructions to the extent they seek information that is equally or more readily available to NYP through sources other than Aetna, or is already in NYP's possession, custody, or control, or could be obtained from another party in the case rather than a non-party.

4.      Aetna objects to the Subpoena and the included Definitions and Instructions to the extent they seek information not currently in Aetna's possession, custody, or control on the ground that such request seeks to require more of Aetna than any obligation imposed by law, would subject Aetna to unreasonable and undue annoyance, oppression, burden, and expense, or would seek to impose upon Aetna an obligation to investigate or produce information from third parties or sources which are equally accessible to NYP.

5.      Aetna objects to the Subpoena and the included Definitions and Instructions to the extent they seek the disclosure of information protected by the attorney-client privilege, attorney

2

work-product doctrine, joint defense privilege, common interest doctrine, or any other privilege or protection provided by rule or law. Such information shall not be produced in response to any Request, and any inadvertent production thereof shall not be deemed a waiver of any privilege or doctrine with respect to such information or its subject matter.

6.      Aetna objects to the Subpoena and the included Definitions and Instructions to the extent they seek Aetna's proprietary, confidential, trade secret, or other commercially or legally protected information (*e.g.*, documents or information subject to confidentiality agreements with third parties, privacy protections, or protective orders). Aetna will provide any such information only subject to the terms of an appropriate protective order entered in this Action, and any information provided by Aetna may only be used or disclosed in accordance with the terms of such protective order.

7.      Aetna objects to the Subpoena and the included Definitions and Instructions to the extent they seek documents or information that Aetna is required by law not to disclose.

8.      Aetna objects to the Subpoena and the included Definitions and Instructions to the extent they purport to require Aetna to search for, retrieve, and produce any information that is not reasonably accessible.

9.      Aetna objects to the Definitions and Instructions to the extent they are overly broad or unduly burdensome, are not relevant or proportional to the needs of this Action, seek documents outside the relevant markets and issues in this Action, or are not narrowly tailored to avoid undue burden or expense for Aetna to search for responsive documents anywhere in the company, particularly given that Aetna is not a party to this Action.

10.     By providing information in response to any Request, Aetna does not concede that the information is properly discoverable. Aetna reserves the right to object to further discovery into the subject matter of each Request. Aetna also reserves all rights, remedies, and objections

including, without limitation, those regarding the competency, relevance, materiality, privilege, and/or admissibility as evidence of any information provided in response to any Request.

11.    Aetna objects to Definition 1 and the requirement that Aetna produce documents or other information from January 1, 2021 to the present as overbroad and unduly burdensome. Aetna objects to any Requests that further purport to require production of documents "regardless of date" with no temporal limit whatsoever.

12.    Aetna objects to Definition 2 ("Relevant Area") and any request that would require Aetna to produce documents or other information from any geographic area beyond the areas at issue in this case (*i.e.*, the Relevant Geographic Markets identified in the Complaint) as overbroad and unduly burdensome. Aetna further objects to any request that fails to provide a geographic limitation.

13.    Aetna objects to Definition 4 ("You" or "Your") as overly broad and unduly burdensome to the extent it seeks to require Aetna to produce information from persons or entities not controlled by Aetna. Aetna further objects to Definition 5 ("Insurer") to the extent it purports to require Aetna to produce documents from or on behalf of any other legal entities distinct from Aetna.

14.    Aetna objects to Definitions 5 ("Insurer"), 9 ("Provider"), 10 ("Hospital provider"), 11 ("non-hospital provider"), 12 ("Academic medical center"), 13 ("Competing academic medical center"),  14 ("competing health system"), 15 ("Competing regional hospital provider"), 16 ("Competing national hospital provider"), 17 ("Competing provider"), 20 ("In-network provider"), and 21 ("Out-of-network provider") as overly broad and unduly burdensome to the extent they seek to require Aetna to produce information regarding persons or entities not operating within the relevant geographic markets identified in the Complaint, not participating in the relevant lines of business, or not providing services within the scope of the relevant product market.

15.     Aetna objects to Definitions 6 ("Health Plan"), 7 ("Health plan members" or "members"), and 8 ("Health plan customers" or "customers") as overly broad and unduly burdensome to the extent they seek to require Aetna to produce information regarding lines of business outside of those identified in the Complaint or that the Complaint identifies as outside of the relevant product market.

16.     Aetna objects to Definitions 22 ("Network"), 23 ("Open access network"), 24 ("Narrow network"),  25 ("Tiered network"), 26 ("Restricted choice network"), 27 ("Limited provider network or plan"), 28 ("Designated-provider program"), 29 ("Site-of-service provision"), 30 ("Network design"), 31 ("Network placement provision"), 32 ("All Products provision"), and 33 ("Steering") as overly broad and unduly burdensome to the extent they seek to require Aetna to produce information regarding persons or entities not operating within the relevant geographic markets identified in the Complaint, not participating in the relevant lines of business, or not providing services within the scope of the relevant product market.

17.     Aetna objects to Definitions 35 ("Two-stage competition"), 36 ("Stage one competition"), and 37 ("Stage two competition") as vague and overbroad.

18.     Aetna objects to the terms "related to" and "concerning" as overbroad and unduly burdensome.

19.     Aetna objects to the Requests to the extent they seek personal health information, protected health information, sensitive information, or other private information of any member or their health plan.

20.     Aetna objects to the Requests to the extent they are duplicative and seek data or documents in alternative forms with the same substance.

21.     Aetna objects to any requirement beyond conducting a reasonable search likely to produce relevant, responsive, and non-privileged documents.

22.    Aetna objects to any requirement to reproduce to NYP information or documents previously produced in any government investigation, regulatory proceeding, or prior litigation, including any documents produced to or obtained by the Department of Justice or other government entities. To the extent responsive documents have been produced to, or are currently in the possession of, any government entity, NYP should seek such documents directly from the applicable agency through appropriate discovery procedures.

23.    Any response stating that Aetna is willing to meet and confer regarding specific document Requests is not intended to admit that such documents exist and only indicates that Aetna is willing to discuss, subject to its objections, the potential availability of responsive and non-privileged documents, if any exist, that might be located through a reasonable and appropriately tailored search. Aetna is not making any commitment to produce documents in connection with any such offer to meet and confer.

24.    Responses provided to individual Requests are subject to, and without waiver of, these General Objections and those specific objections raised with respect to each particular Request. A response to any Request should not be construed as an admission that the information is relevant, material, or admissible or that the response can be used as the basis for a contention that the requesting party is entitled to any response more specific than that provided.

25.    Aetna expressly reserves the right to supplement, modify, amend, correct, or clarify its objections and responses and any document production at a later time as further investigation occurs.

26.    Aetna objects to Instruction 11 and any requirement to use, or to be bound by, the search terms set forth in Exhibit C to the Subpoena. The search terms in Exhibit C are extraordinarily overbroad and burdensome and would require Aetna to conduct a massive review wholly disproportionate to its obligations as a non-party under Rule 45.

27.     Aetna objects to the extent any Request seeks the production of "all" documents or other information overly broad, not relevant, disproportionate to the needs of the case, and unduly burdensome on a non-party.

28.     Subject to and without waiving the foregoing objections, Aetna is continuing to investigate the extent to which responsive, non-privileged documents are reasonably accessible, and is willing to meet and confer regarding these Requests.

## II.    RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION

### Request for Production No. 1

*Corporate Structure.* Documents sufficient to identify your corporate structure, including all direct and indirect parents, subsidiaries, and affiliates, and to show the business purposes and activities of each. For purposes of this request, "affiliate" means any entity in which you hold a 20% or greater ownership interest, a board seat, a general-partner interest, or an LLC membership interest, and includes any entity through which you do business in the relevant area.

### Response to Request No. 1

Aetna objects to this Request on the grounds that it is overly broad and seeks to impose on Aetna burdens and expenses that outweigh any relevance or utility of the sought information. Aetna further objects to this Request to the extent it seeks information from or about entities beyond Aetna Inc., which would require Aetna to investigate and compile information from entities not controlled by Aetna Inc. and not properly subject to this Subpoena, in a manner not proportionate to Aetna's obligations as a non-party. Aetna also objects to this Request to the extent it seeks Aetna's proprietary, confidential, trade secret, or other commercially protected information, which may only be disclosed pursuant to an appropriate protective order entered in this Action. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding this Request.

**Request for Production No. 2**

*Relevant Personnel.* Organizational charts and documents sufficient to identify your (i) officers; (ii) directors; (iii) all employees responsible for provider contracting, network design, plan benefit design, competitive analyses, or financial analysis for each year during the relevant period; and (iv) all proposed custodians, their direct superior, and their direct reports.

**Response to Request No. 2**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna objects to this Request to the extent it seeks to identify all employees responsible for provider contracting, network design, plan benefit design, competitive analyses, or financial analysis—categories that encompass a significant number of individuals across multiple business units without regard to product, geography, or line of business—and requires Aetna to identify such employees across each year of the Relevant Period. Aetna also objects to this Request to the extent it seeks Aetna's proprietary, confidential, trade secret, or other commercially protected information. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding this Request.

**Request for Production No. 3**

*Health Plans Offered.* Documents sufficient to identify each health plan you have offered, sold, marketed, or considered offering in the relevant area during the relevant period, including for each: (i) the network composition (including all in-network and out-of-network providers); (ii) the tiering structure, if any; (iii) the plan benefit design (including deductibles, copays, coinsurance, out-of-pocket maximums, and any site-of-service or designated-provider incentives); (iv) the premiums, capitation rates, or other payments received from employers, members, government payors, or others; (v) enrollment and member counts by year during the relevant period.

**Response to Request No. 3**

Aetna objects to this Request on the grounds that it is overly broad, not relevant, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request to the extent it seeks highly sensitive and proprietary commercial

8

information regarding Aetna's health plan offerings. Aetna further objects to this Request to the extent it seeks information beyond what is necessary to identify the health plans at issue in this litigation, including plans that Aetna only "considered offering" and that were never brought to market. Aetna objects to the extent this Request seeks information about health plans, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search that is not proportionate to Aetna's non-party obligations under Rule 45. Aetna objects to this Request to the extent the information is available through other sources, including the parties in this case or third parties of interest and relevance to NYP. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding this Request.

**Request for Production No. 4**

*Your Provider Networks.* Documents sufficient to identify each provider network you have created, operated, or used in connection with any health plan in the relevant area during the relevant period, including for each: (i) the network name and identifier; (ii) the geographic scope; (iii) the included providers (and any tiered or designated-provider designations); (iv) the dates the network was operational; and (v) the health plans that used the network.

**Response to Request No. 4**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna further objects to this Request to the extent it seeks confidential, proprietary, or commercially sensitive information regarding the composition of Aetna's provider networks, including tiered or designated-provider designations, which constitutes Aetna's proprietary, commercially protected information and may only be disclosed pursuant to an appropriate protective order entered in this Action. Aetna objects to the extent this Request seeks information about health plans, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna

9

additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search that is not proportionate to Aetna's non-party obligations under Rule 45. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding this Request.

**Request for Production No. 5**

*Provider Placement Decisions.* All documents relating to any decision to designate a hospital provider in the relevant area as an in-network provider, out-of-network provider, preferred provider, or non-preferred provider.

**Response to Request No. 5**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna objects to the extent this Request seeks information about products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search that is not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 6**

*Network Design Documents.* All documents relating to network design, including the effects of network design on reimbursement rates, plan benefits, and health plan features.

**Response to Request No. 6**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this

Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 7**

*Steering*. All documents relating to steering, network placement provisions, or plan benefit designs to influence or affect the hospital providers patients use for care.

**Response to Request No. 7**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 8**

*Contracting and Steering Strategy Documents*. All documents relating to any competitive or business strategy concerning hospital provider contracting, network placement, steering, anti-steering provisions, or leakage.

**Response to Request No. 8**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 9**

*The All Products Provision.* All documents regardless of date relating to the origin, drafting, negotiation or modification of any All Products provision in any contract with any provider, including hospital and non-hospital providers.

**Response to Request No. 9**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, products, geographies, providers, networks, lines of business, or other information

outside of the scope of the Complaint. Aetna objects to this Request to the extent that it seeks the

production of information that is confidential, proprietary, commercially sensitive, or

competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna objects

to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome

custodial search not proportionate to Aetna's non-party obligations under Rule 45. Aetna also

objects to this Request on the grounds that it is not limited to any reasonable time period and seeks

documents "regardless of date."

**Request for Production No. 10**

*Network Placement or Volume Discounts.* All documents relating to any actual or proposed reimbursement rates, rate concessions, discounts, or other consideration offered or received in exchange for volume, network placement, steering, or plan benefit provision or commitment.

**Response to Request No. 10**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the

needs of the case, and imposes an undue burden on non-party Aetna. Aetna objects to the extent

this Request seeks information about contracts, products, geographies, providers, networks, lines

of business, or other information outside of the scope of the Complaint. Aetna objects to this

Request on the grounds that it is not reasonably expected to yield relevant information and not

proportional to the needs of this Action. Aetna further objects to this Request to the extent that it

seeks the production of information that is confidential, proprietary, commercially sensitive, or

competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna

additionally objects to this Request to the extent that it would require Aetna to conduct an

unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations

under Rule 45.

13

**Request for Production No. 11**

*Other Relevant Contract Provisions*. All documents relating to the use or consideration of contract-term-length, termination, liquidated-damages, volume guarantees, make-whole, or non-renewal provisions as a substitute for, or complement to, any network placement, steering, or anti-steering provision.

**Response to Request No. 11**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 12**

*Contracting Policies, Playbooks, and Models*. All policies, practices, procedures, contracting manuals, playbooks, model contract language, or redline libraries addressing provider contracting practices, steering, All Products provisions, or network placement provisions.

**Response to Request No. 12**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information

about contracts, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna also objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or protection. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 13**

*Contract Harmonization*. All documents relating to any effort to standardize, harmonize, or maintain consistency across your provider contracts in the relevant area with respect to network placement, steering, anti-steering, or All Products provisions.

**Response to Request No. 13**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 14**

*Cross-Provider Contracting Spillover*. All documents relating to how changes to a hospital provider contract (including any network placement, steering, All Products, or rate provision) may affect your contracts, negotiations, or network design with any other hospital provider in the relevant area.

**Response to Request No. 14**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about provisions, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 15**

*Provider Volume Effects*. All documents relating to the effect on hospital providers in the relevant area of volume, network placement decisions, steering, network exclusion, or contract termination or non-renewal, including effects on provider economics, profits, finances, unit costs, capacity utilization, scale economies, recovery of fixed or incremental costs, or willingness to offer rate concessions or volume-based discounts.

**Response to Request No. 15**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not

16

proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 16**

*Allocation of Provider Volume*. All documents relating to the share, allocation, or distribution of patient volume, utilization, or spending in the relevant area among providers in or out of any network, including any analysis of how network design, network placement provisions, plan benefit design, or steering may affect such shares.

**Response to Request No. 16**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about provisions, health plans, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

17

**Request for Production No. 17**

*Provider Network Complaints*. All documents relating to any complaint, objection, or concern raised by any employer, plan sponsor, union, or regulator regarding network design, network placement provisions, steering, or the availability of limited networks or plans in the relevant area.

**Response to Request No. 17**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the terms "complaint," "objection," and "concern" as vague. Aetna objects to the extent this Request seeks information about health plans, employers, plan sponsors, unions, regulators, contracts, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45. Aetna further objects to this Request to the extent it seeks information that is equally or more readily available to NYP directly from claims submissions, employers, plan sponsors, unions, and regulators.

**Request for Production No. 18**

*Network Design Membership Effects*. All documents relating to the effect of network design or steering on competition for health plan members and customers, including (i) any tradeoffs between broad and limited provider networks or plans, or (ii) the effects of network design or steering on your market share, member enrollment, retention, or satisfaction.

**Response to Request No. 18**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, members, customers, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 19**

*Members' Network Preferences*. All documents relating to health plan member or customer preferences concerning provider network breadth, provider selection, limited provider networks or plans or budget conscious plans, or steerage, including any responsive market research, surveys, or focus groups.

**Response to Request No. 19**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, customers, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially

19

sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 20**

*Steering Efficacy*. All documents relating to the effects, effectiveness, leakage, or limits of plan benefit design or network design on patient steering, provider selection, or shifts in patient volume among providers.

**Response to Request No. 20**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 21**

*Plan Benefits Features and Tradeoffs*. All documents relating to or comparing the advantages, disadvantages, or tradeoffs between any plan benefit design features, including any responsive analyses of deductibles, copays, coinsurance, out-of-pocket maximums, policy limits, exclusions, prior authorization or approval requirements, or other network design attributes.

**Response to Request No. 21**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about plans, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 22**

*DPPs.* All documents relating to the design or operation of any Designated-Provider Program, including any analysis for cost, rates, volume, quality, or other criteria used to designate a provider for inclusion in the program.

**Response to Request No. 22**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna

21

additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 23**

*DPP Steering*. All documents relating to the use or potential effect of any Designated-Provider Programs to steer patients, shift volume among providers, or reduce costs or rates, including any analysis of cost savings, rate differentials, steerage, or volume effects relating to such programs.

**Response to Request No. 23**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 24**

*Non-Quality-Based DPP Exclusions*. All documents relating to the exclusion, down-grade, or de-designation of any provider in the relevant area from a Designated-Provider Program for any reason other than quality of care or patient outcomes.

22

**Response to Request No. 24**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 25**

*Bundling Benefits*. All documents relating to bundled or multi-product or service contracting with providers, or bundled or multi-product offerings across your own plans, products, or lines of business, including responsive documents discussing (i) the advantages or disadvantages of bundled or multi-service, facility, or plan contracting; (ii) the use of such bundling to reduce costs, spread fixed costs, enable cross-subsidization, support integrated delivery, facilitate efficient contracting, or otherwise create value.

**Response to Request No. 25**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, plans, products, offerings, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "bundled,"

23

"bundling," and "multi-product" as vague, undefined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45. Aetna also objects to this Request as directed to Aetna's internal contracting strategies rather than to NYP's conduct alleged in the Complaint.

**Request for Production No. 26**

*Bundling Bargaining Power*. All documents relating to bundled or multi-product or service contracting with providers, or bundled or multi-product offerings across your own plans, products, or lines of business, to obtain, preserve, or enhance bargaining leverage or favorable contracting terms with any provider.

**Response to Request No. 26**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, plans, products, offerings, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "bundled," "multi-product," "bargaining leverage," and "favorable contracting terms," as vague, undefined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations

24

under Rule 45. Aetna also objects to this Request to the extent it seeks documents reflecting Aetna's

internal strategies for leveraging its market position in negotiations with providers—precisely the

type of competitively sensitive business information that should not be required of a non-party.

**Request for Production No. 27**

*Two Stage Competition Documents*. All documents relating to your understanding of, analysis of, or strategy concerning the two-stage structure of competition in healthcare, including (i) competition among providers for inclusion in or favorable placement within a network, network tier, or designated-provider program (stage one competition); and (ii) competition among in-network providers for patient volume at the point of care (stage two competition).

**Response to Request No. 27**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the

needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this

Request on the grounds that it is not reasonably expected to yield relevant information and not

proportional to the needs of this Action. Aetna objects to the extent this Request seeks information

about analyses, strategies, competition, geographies, providers, networks, lines of business, or

other information outside of the scope of the Complaint. Aetna objects to the terms "two-stage

structure of competition in healthcare," "one stage competition," and "two stage competition" as

vague, not properly defined, and potentially overbroad. Aetna further objects to this Request to the

extent that it seeks the production of information that is confidential, proprietary, commercially

sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party.

Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an

unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations

under Rule 45.

**Request for Production No. 28**

*Stage Two Price Competition*. All documents relating to price competition among in-network providers or providers within the same network tier, including (i) the existence of price

competition for members among such providers; (ii) your efforts to encourage price competition among such providers.

**Response to Request No. 28**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about prices, competition, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 29**

*The Effect of Plan Benefits on Stage Two Price Competition*. All documents relating to the effect of any plan benefit feature on price competition among providers or member price-sensitivity in the selection of providers, including (i) whether the feature encourages or discourages such provider price competition or member price sensitivity; (ii) your efforts to utilize or select plan benefits that maximize or maintain provider price competition or member price sensitivity; (iii) whether the feature constitutes an incentive or a penalty, or is discriminatory; (iv) any analysis of whether the feature is proportional to, or cost-justified based on, provider cost differentials; (v) whether the feature encourages or discourages care; and (vi) any trade-offs between encouraging price sensitivity and encouraging or discouraging care.

**Response to Request No. 29**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not

proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about plans, benefits, competition, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "plan benefit feature," "two-stage price competition," "member price sensitivity," "incentive," "penalty," "discriminatory," "cost-justified," "trade-offs," "encourages," and "Discourages" as vague, not properly defined, and potentially overbroad.  Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 30**

*NYP Agreements*. All contracts, agreements, and understandings, regardless of date, between you and NYP, including amendments, exhibits, schedules, side letters, term sheets, binding or non-binding letters of intent, and written memorializations (including emails) of oral understandings.

**Response to Request No. 30**

Aetna objects to this Request on the grounds that it is not limited to any reasonable time period and purports to require production of documents "regardless of date," which is overbroad and imposes disproportionate burden. Aetna further objects to this Request to the extent it seeks documents that are already in NYP's or Plaintiff's possession, custody, or control. As a party to the contracts, communications, and other documents sought by this Request, NYP has equal or better access to those documents than Aetna, and NYP should not be permitted to impose the burden and expense of production on non-party Aetna. Aetna objects to the extent this Request seeks information about contracts, networks, lines of business, or other information outside of the

27

scope of the Complaint. Aetna additionally objects to this Request to the extent that it would require

Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-

party obligations under Rule 45. Subject to and without waiving the foregoing objections, Aetna is

willing to meet and confer with NYP regarding this Request.

**Request for Production No. 31**

*NYP Negotiations*. All documents, regardless of date, relating to contractual negotiations between you and NYP, including (i) responsive communications with NYP; (ii) responsive internal analyses and assessments; (iii) any responsive pre-negotiation strategy materials, negotiation playbooks, BATNA or walk-away analyses, and post-negotiation debriefs; and (iv) responsive drafts, redlines, term sheets, and proposals.

**Response to Request No. 31**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the

needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this

Request on the grounds that it is not reasonably expected to yield relevant information and not

proportional to the needs of this Action. Aetna further objects to this Request to the extent it seeks

documents that are already in NYP's or Plaintiff's possession, custody, or control. As a party to

the documents and other information sought by this Request, NYP has equal or better access to

those documents than Aetna, and NYP should not be permitted to impose the burden and expense

of production on non-party Aetna. Aetna objects to the extent this Request seeks information about

contracts, networks, lines of business, or other information outside of the scope of the Complaint.

Aetna objects to this Request on the grounds that it is not limited to any reasonable time period and

purports to require production of documents "regardless of date," which is overbroad and imposes

disproportionate burden. Aetna also objects to this Request to the extent it seeks information

protected by the attorney-client privilege, attorney work-product doctrine, or other applicable

privilege or protection. Aetna additionally objects to this Request to the extent that it would require

Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 32**

*NYP Contract Disputes*. All documents relating to any contractual disputes with NYP, including any disagreements concerning the interpretation or meaning of, or compliance with, any provision. This request excludes disputes over specific individual claims, except to the extent it relates to disputes concerning network participation or coverage as an in-network provider.

**Response to Request No. 32**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna further objects to this Request to the extent it seeks documents that are already in NYP's or Plaintiff's possession, custody, or control. As a party to the documents and other information sought by this Request, NYP has equal or better access to those documents than Aetna and knowledge of any disputes, and NYP should not be permitted to impose the burden and expense of production on non-party Aetna for documents it already possesses. Aetna objects to the extent this Request seeks information about contracts, networks, lines of business, or other information outside of the scope of the Complaint. Aetna also objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or protection, including documents relating to legal positions Aetna has taken or considered in connection with any contractual term or dispute. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 33**

*NYP Network Participation*. All documents relating to NYP's actual or potential inclusion or placement in any network, network tier, limited provider network or plan, or designated-provider program, including (i) any communications with NYP; (ii) any communications with any third party; and (iii) internal analyses, assessments, or planning documents.

**Response to Request No. 33**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna further objects to this Request to the extent it seeks documents that are already in NYP's or Plaintiff's possession, custody, or control. As a party to the documents and other information sought by this Request, NYP has equal or better access to those documents than Aetna as well as knowledge of any actual or potential network status, and NYP should not be permitted to impose the burden and expense of production on non-party Aetna. Aetna objects to the extent this Request seeks information about contracts, networks, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the term "third party" as vague, not properly defined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 34**

*NYP Network Exclusion*. All documents relating to NYP's actual or potential exclusion or demotion from any network, network tier, limited provider network or plan, or designated-provider

30

program, including (i) consideration of whether to exclude or demote NYP; (ii) the effects of any actual or potential exclusion or demotion on you, your health plan members or customers, or other providers; (iii) any contingency or preparation planning concerning such exclusion or demotion; and (iv) all actual or draft communications with health plan members or customers, other providers, regulators, or the public concerning such exclusion or demotion.

**Response to Request No. 34**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about plans, products, customers, members, competition, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or protection. Aetna objects to the extent the Request seeks publicly available information to which NYP has access. Aetna objects to the terms "consideration," "demote," "demotion," "effects," and "contingency" as vague, not properly defined, and potentially overbroad. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 35**

*NYP Rate Analysis*. All documents analyzing NYP, or comparing NYP to other providers, with respect to rates, total cost of care, volume, market share, profits, margins, medical loss ratios, member enrollment, retention, or satisfaction; premiums, or health plan costs or prices.

**Response to Request No. 35**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "rates," "total cost of care," "market share," "profits," "margins," "medical loss ratios," "satisfaction," "premiums," "retention," and "health plan costs or prices" as vague, not properly defined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 36**

*NYP Quality Analysis*. All documents relating to NYP's quality, reputation, or other non-price attributes, including any analysis of how those attributes affect health plan member[s] or customer demand or satisfaction.

**Response to Request No. 36**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about products, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "non-price attributes," "customer

32

demand," and "satisfaction" as vague, not properly defined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 37**

*Contracting Personnel Communications.* All documents relating to communications between you, on the one hand, and Dov Schwartzben, Bill Gold, Steve Corwin, Brian Donnely, Lauren Marino, or Avraham Munk, on the other, including responsive (i) text messages; (ii) written memorializations of any communications; and (iii) any talking points or outlines relating to actual or planned discussions.

**Response to Request No. 37**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna objects to this Request as vague and overbroad in that it seeks "all" documents relating to "communications," "text messages," "written memorializations of any communications," "talking points," "outlines," and "actual or planned discussions" with no practical limitation on substance or relevance. Aetna further objects to this Request to the extent it seeks documents that are already in NYP's or its representatives' possession, custody, or control. NYP should obtain such communications through the parties to this Action or its representatives rather than burdening non-party Aetna with production of documents equally available to NYP from its own custodians. Aetna also objects to this Request to the extent it seeks text messages,

33

which would impose an extraordinary and disproportionate collection burden on Aetna. Aetna

further objects to this Request to the extent that it would require Aetna to conduct an unreasonably

burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 38**

*Competing Provider Agreements*. All contracts, agreements, and understandings, regardless of date, between you and any competing providers, including amendments, exhibits, schedules, side letters, term sheets, binding or non-binding letters of intent, and written memorializations (including emails) of oral understandings.

**Response to Request No. 38**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the

needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this

Request on the grounds that it is not reasonably expected to yield relevant information and not

proportional to the needs of this Action. Aetna objects to the extent this Request seeks information

about contracts, geographies, providers, networks, lines of business, or other information outside

of the scope of the Complaint. Aetna objects to the term "competing providers" as overbroad and

not reasonably tailored to produce relevant information. Aetna objects to the extent this Request

seeks information readily available from other sources or duplicative of information sought from

other parties or non-parties. Aetna further objects to this Request to the extent that it seeks the

production of information that is confidential, proprietary, commercially sensitive, or

competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna

additionally objects to this Request to the extent that it would require Aetna to conduct an

unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations

under Rule 45. Aetna objects to this Request on the grounds that it is not limited to any reasonable

time period and seeks documents "regardless of date," which is overbroad and imposes

disproportionate burden. Subject to and without waiving the foregoing objections, Aetna is willing

to meet and confer with NYP regarding this Request.

**Request for Production No. 39**

*Competing Provider Negotiations*. All documents, regardless of date, relating to contractual
negotiations between you and competing providers, including (i) responsive communications with
such providers; (ii) internal analyses and assessments; (iii) any responsive pre-negotiation strategy
materials, negotiation playbooks, BATNA or walk-away analyses, and post-negotiation debriefs;
and (iv) responsive drafts, redlines, term sheets, and proposals.

**Response to Request No. 39**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the

needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this

Request on the grounds that it is not reasonably expected to yield relevant information and not

proportional to the needs of this Action. Aetna objects to the extent this Request seeks information

about contracts, geographies, providers, networks, lines of business, or other information outside

of the scope of the Complaint. Aetna objects to the terms "competing providers," "analyses,"

"assessments," "debriefs," "strategy materials," and "responsive drafts, redlines, term sheets, and

proposals" as overbroad and not reasonably tailored to produce relevant information. Aetna objects

to the extent this Request seeks information readily available from other sources or duplicative of

information sought from other parties or non-parties. Aetna further objects to this Request to the

extent that it seeks the production of information that is confidential, proprietary, commercially

sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party.

Aetna also objects to this Request on the grounds that it is not limited to any reasonable time period

and seeks documents "regardless of date," which is overbroad and imposes disproportionate

burden. Aetna also objects to this Request to the extent it seeks information protected by the

attorney-client privilege, attorney work-product doctrine, or other applicable privilege or

protection. Aetna additionally objects to this Request to the extent that it would require Aetna to

conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 40**

*Competing Provider Network Inclusion or Exclusion*. All documents relating to any competing provider's inclusion, exclusion, or placement in any network, network tier, limited provider network or plan, or designated-provider program, including (i) any responsive communications with such providers; (ii) any responsive communications with any third party; and (iii) responsive internal analyses, assessments, or planning documents.

**Response to Request No. 40**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the term "competing providers" as overbroad, not properly defined, and not reasonably tailored to produce relevant information. Aetna objects to this Request as vague and overbroad in that it seeks "all" documents relating to "any responsive communications" or "responsive internal analyses, assessments, or planning documents." Aetna objects to the extent this Request seeks information readily available from other sources or duplicative of information sought from other parties or non-parties. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

36

**Request for Production No. 41**

*Competing Provider NYP Communications*. All documents relating to any communications with any competing provider referencing or concerning NYP.

**Response to Request No. 41**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the term "competing providers" as overbroad, not properly defined, and not reasonably tailored to produce relevant information. Aetna objects to this Request as vague and overbroad in that it seeks "all" documents relating to "any communications" or merely "referencing or concerning NYP" without specificity as to relevant content. Aetna objects to the extent this Request seeks information readily available from other sources or duplicative of information sought from other parties or non-parties. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 42**

*LPNPs*. All documents relating to the creation, development, consideration, discontinuation, rejection, or modification of any limited provider network or plan in the relevant area, including (i) any communications with providers; (ii) any communications with health plan members or customers; (iii) any internal analyses, strategic planning documents, or competitive assessments; (iv) any customer surveys, studies, or focus groups; and (v) any financial models, budgets, or projections.

37

**Response to Request No. 42**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, health plans, customers, members, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "development," "consideration," "rejection," "modification," "analyses, strategic planning documents, or competitive assessments," "any customer surveys, studies, or focus groups," and "any financial models, budgets, or projections" as vague, potentially overbroad, and lacking specificity. Aetna objects to the request for information relating to the creation, development, consideration, discontinuation, rejection, or modification of any plan as overbroad and not reasonably tailored. Aetna objects to the request for "any communications" with providers, health plan members, or customers as overbroad and not reasonably tailored. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 43**

*LPNP Effects*. All documents relating to any actual or potential effects of any limited provider network plan on (i) enrollment, including cannibalization of other plans; (ii) rates, cost of care, medical loss ratios, profits, or margins; (iii) volume, share, or negotiation leverage with respect to included or excluded providers; (iv) premiums, pricing, or competitive position relative to your other plans or plans by other insurers or payors; (v) member utilization or satisfaction.

38

**Response to Request No. 43**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, health plans, effects, members, insurers, payors, geographies, providers, networks, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the term "any actual or potential effects" as vague, not properly defined, and potentially overbroad. Aetna objects to the terms "rates, cost of care, medical loss ratios, profits, [] margins," "share[] or negotiation leverage," "premiums, pricing, or competitive position," and "utilization or satisfaction" as vague, not properly defined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 44**

*Insurer Competition*. All documents relating to competition with other insurers, including documents relating to (i) the identity and competitive significance of any of your competitors; (ii) market shares or market concentration in any market or market segment in the relevant area; (iii) market power; (iv) competition for health plan members or customers; (v) competition for providers; (vi) competitive strategies; and (vii) comparisons, including strengths or weakness, between you and any competitor.

**Response to Request No. 44**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this

39

Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, members, customers, providers, insurers, competition, competitors, markets, market segments, geographies, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "market," "concentration," "competitors," "competitors," "competitive strategies," "market power," "segment," and "comparisons," as vague, not properly defined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 45**

*Competitive Bidding*. All documents relating to your competitive bidding or competitive performance in the sale of health plans in the relevant area, including (i) win/loss reports, trackers, post-mortems, or analyses; and (ii) the identity of each customer or prospect, the date of the bid or competitive engagement, the products considered, the outcome, the competing health plans involved, and the stated or inferred reasons for the outcome.

**Response to Request No. 45**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, competitors, customers, prospects, products, geographies, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially

40

sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 46**

*Single and Two-Sided Network Effects*. All documents relating to existence, operation, magnitude, or competitive significance of network effects, scale advantages, feedback loops, flywheels, or two-sided market dynamics, including any documents concerning (i) the relationship between membership volume and the ability to attract providers or negotiate more favorable rates; (ii) the relationship between provider network breadth or make-up and the ability to attract health plan members or customers; or (iii) how changes affecting providers may directly or indirectly impact members, or vice versa.

**Response to Request No. 46**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, customers, members, providers, markets, geographies, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "competitive significance," "network effects," "feedback loops," and "two-sided market dynamics" as vague, not properly defined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

41

**Request for Production No. 47**

*Insurer Bargaining Strengths, Power, and Leverage*. All documents relating to bargaining or negotiating strengths, power, or leverage vis-a-vis any provider, including any assessment of your status as a "must-have," "essential," or otherwise significant payor; any assessment of a provider's ability or willingness to terminate, go out-of-network, or operate without your network; and any assessment of the share of a provider's patient volume, revenue, or commercial revenue attributable to you.

**Response to Request No. 47**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, customers, providers, markets, geographies, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "power," "leverage," and "status" as vague, not properly defined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 48**

*Buyside Market Power*. All documents relating to any allegation, assertion, or statement that you or any other insurer in the relevant area or nationally, individually or collectively, possess large or dominant market shares, market power, monopoly power, monopsony power, bargaining leverage, or negotiation leverage.

**Response to Request No. 48**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this

Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about markets, geographies, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "market," "market shares," "power," "monopoly," "monopsony," and "leverage" as vague, not properly defined, and potentially overbroad. Aetna objects to the terms "allegation, assertion, or statement" as vague, not properly defined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 49**

*Rate Modeling and Analyses*. All documents relating to your rate setting, rate modeling, rate benchmarking, rate analysis, or rate comparisons with respect to NYP or any competing provider.

**Response to Request No. 49**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about rates, markets, geographies, providers, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the term "competing providers" as overbroad, not properly defined, and not reasonably tailored to produce relevant information. Aetna objects to the extent this Request seeks information that is public, readily available from other sources, or duplicative of information sought from other parties or non-parties. Aetna further objects to this Request to the

43

extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 50**

*Rate Strategies.* All documents relating to your strategies, plans, or considerations for reducing, controlling, or limiting your medical loss ratio, total cost of care, or unit prices paid to providers.

**Response to Request No. 50**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about prices, costs, markets, geographies, providers, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "strategies, plans, or considerations" as overbroad, not properly defined, and not reasonably tailored. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 51**

*Rate Financial Effects.* All documents relating to the impact of NYP's or any competing provider's rates on health plan premiums, medical loss ratios, margins, profits, or rate filings for any service line or line of business.

**Response to Request No. 51**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about plans, products, services, markets, geographies, providers, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "impact," "rates," "competing provider[s]," and "health plan premiums, medical loss ratios, margins, profits, or rate filings for any service line or line of business" as vague, not properly defined, and potentially overbroad. Aetna objects to the extent this Request seeks information that is public, readily available from other sources, or duplicative of information sought from other parties or non-parties. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 52**

*Rate Pass-Through*. All documents relating to your retention, capture, pass-through, or sharing of any savings achieved from lower provider rates or steering, including documents showing how such savings are allocated among you and your health plan members or customers.

**Response to Request No. 52**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information

about health plans, customers, members, markets, geographies, providers, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 53**

*Financial Statements.* All audited and unaudited financial statements, annual reports, 10-K and 10-Q filings, statutory financial filings, investor presentations, earnings call transcripts, analyst day presentations, rating agency communications, or bond offering materials relating to NYP; provider contracting; profits and losses; cost of care; competition nationally or in the relevant area; plan design; network design; steering; or provider rates, medical loss ratios, premiums, enrollment, retention, or market share for any health plan offered in the relevant area.

**Response to Request No. 53**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, products, competition, markets, geographies, networks, providers, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the production of materials that are publicly available and readily accessible to NYP. Aetna objects to the terms "provider contracting," "profits and losses," "cost of care," "competition nationally or in the relevant area," "plan design," "network design," "steering," "market," "provider rates, medical loss ratios, premiums, enrollment, retention, or market share" as vague, not properly defined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production

46

of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45. Aetna further objects to this Request to the extent it seeks publicly available documents, including SEC filings, annual reports, and earnings call transcripts, which NYP may obtain from public sources without burdening non-party Aetna. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding this Request.

**Request for Production No. 54**

*Board Materials*. All board or board committee materials or minutes relating to NYP; provider contracting; profits and losses; cost of care; competition nationally or in the relevant area; plan design; network design; steering; or provider rates, medical loss ratios, premiums, enrollment, retention, or market share for any health plan offered in the relevant area.

**Response to Request No. 54**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, products, competition, markets, geographies, networks, providers, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "provider contracting," "profits and losses," "cost of care," "competition nationally or in the relevant area," "plan design," "network design," "steering," "market," and "provider rates, medical loss ratios, premiums, enrollment, or market share" as vague, not properly defined, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant,

47

which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45. Aetna also objects to this Request to the extent it seeks information protected by the attorney-client privilege or attorney work-product doctrine.

**Request for Production No. 55**

*Regularly Prepared Reports*. All regularly prepared monthly, quarterly, and annual management financial reports discussing NYP; provider contracting; profits and losses; cost of care; competition nationally or in the relevant area; plan design; network design; steering; or provider rates, medical loss ratios, premiums, enrollment, retention, or market share for any health plan offered in the relevant area.

**Response to Request No. 55**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, products, competition, markets, geographies, networks, providers, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the terms "provider contracting," "profits and losses," "cost of care," "competition nationally or in the relevant area," "plan design," "network design," "steering," "market," and "provider rates, medical loss ratios, premiums, enrollment, or market share" as vague, not properly defined, lacking specificity, and potentially overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations

under Rule 45. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding this Request.

**Request for Production No. 56**

*Health Plan Geographic Markets*. All documents relating to the geographic area in which you compete for the sale of health plans, including (i) any analysis of member residence, employer location, or the geographic distribution of covered lives; (ii) any analysis of where you do or could compete for members, customers, employers, plan sponsors, or unions; (iii) any geographic definition used in rate filings, regulatory submissions, or competitive assessments; and (iv) any analysis of geographic barriers to entry or expansion.

**Response to Request No. 56**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, customers, plan sponsors, employers, unions, members, products, competition, markets, geographies, networks, providers, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 57**

*Competing Provider Geographic Markets*. All documents relating to the geographic areas in which any competing provider competes, including (i) any analysis of patient origin, patient flow, catchment areas, or hospital service areas; (ii) any analysis of where members travel or could travel to receive healthcare services; and (iii) any diversion, substitution, or closest-substitute analysis with respect to any healthcare provider.

**Response to Request No. 57**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about health plans, customers, plan sponsors, employers, unions, members, products, competition, markets, geographies, networks, providers, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the term "competing provider" as overbroad. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 58**

*Network Adequacy Assessments*. All documents relating to network adequacy with respect to any health plan, product, or network offered in the relevant area, including (i) network adequacy filings and submissions to any regulator; (ii) internal assessments of network adequacy compliance, including time-and-distance, appointment-availability, and provider-to-member-ratio analyses; (iii) gap analyses, remediation plans, or waiver or variance requests; (iv) the role of any healthcare provider, including NYP, in meeting network adequacy standards; and (v) the network adequacy implications of any actual or potential network change, including the addition, exclusion, demotion, or termination of any provider.

**Response to Request No. 58**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information

50

about health plans, members, products, markets, geographies, networks, providers, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 59**

*Marketing Materials*. All marketing, promotional, advertising, and sales materials concerning any health plan or product offered in the relevant area, including materials describing or promoting (i) provider network breadth, choice, or access; (ii) any specific healthcare provider, including NYP; (iii) any limited provider network, narrow network, HMO, or similar product; (iv) any designated-provider program; or (v) cost, premium, or out-of-pocket savings associated with network design.

**Response to Request No. 59**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about materials, health plans, members, products, markets, geographies, networks, providers, lines of business, or other information outside of the scope of the Complaint. Aetna objects to this Request as overbroad in seeking "all" marketing, promotional, advertising, and sales materials. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent

that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 60**

*Member and Customer Network Communications*. All communications with health plan members or customers in the relevant area concerning network composition, inclusion or exclusion of any healthcare provider, network changes, steering, or designated-provider programs.

**Response to Request No. 60**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about communications, health plans, members, products, markets, geographies, networks, providers, lines of business, or other information outside of the scope of the Complaint. Aetna objects to this Request as overbroad in seeking "all" communications with members or customers regarding network information. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 61**

*Network Messaging Strategies*. All documents relating to your messaging strategy, brand positioning, member research, customer research, focus groups, or surveys concerning provider networks, network breadth, provider choice, access to specific providers, or the value of broad or limited networks.

**Response to Request No. 61**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about products, markets, geographies, networks, providers, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 62**

*Database Identification.* Documents sufficient to identify and describe each structured data system you maintain that contains information relating to members, providers, claims, contracts, networks, plans, products, rates, enrollment, utilization, or financial performance, including for each such system (i) its name, purpose, and data dictionary or schema; (ii) the time period for which data is accessible; (iii) the identity or name of each field in the database; and (iv) the identity of any standard reports or extracts regularly produced from it.

**Response to Request No. 62**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action in the format and to the extent requested. Aetna objects to the extent this Request seeks information about contracts, members, plans, products, markets, geographies, networks, providers, lines of business, or other information outside of the scope of

53

the Complaint. Aetna further objects to this Request to the extent it seeks identification of all structured data systems containing information across an extremely broad range of topics—including members, providers, claims, contracts, networks, plans, products, rates, enrollment, utilization, and financial performance—which lacks specificity and would encompass practically every Aetna database and data field with no practical limitation on substance or relevance, imposing an undue and substantial burden on Aetna to identify massive amounts of unnecessary information. Aetna objects to this Request to the extent that it requires Aetna to produce information in a format that does not exist in the ordinary course of Aetna's business or that would require substantial time and expense to generate. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding the scope and nature of any structured data production in connection with this Request.

**Request for Production No. 63**

*Rate Data*. Structured data sufficient to show, on at least a year-by-year basis, the reimbursement rates, fee schedules, discounts off billed charges, case rates, per diems, DRG payments, capitated payments, value-based payments, quality incentive payments, and any other financial terms applicable to NYP or any competing provider, separately for each plan, product, line of business, and category of service.

**Response to Request No. 63**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action in the format and to the extent requested. Aetna objects to the extent this Request seeks information about plans, products, markets, services, geographies, networks, providers, lines of business, or other information outside of the scope of the Complaint.

54

Aetna objects to this Request to the extent that it requires Aetna to produce information in a format that does not exist in the ordinary course of Aetna's business or that would require substantial time and expense to generate. Aetna objects to this Request to the extent it seeks production of information already within the possession of NYP or Plaintiff. Aetna objects to the term "any other financial terms" as vague and potentially overbroad. Aetna also objects to this Request to the extent it seeks Aetna's negotiated reimbursement rates and contractual financial terms for every provider in the relevant area—among the most sensitive trade secret information Aetna possesses, which may only be disclosed pursuant to an appropriate protective order entered in this Action. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding the scope of any structured data production in connection with this Request.

**Request for Production No. 64**

*Volume Data*. Structured data sufficient to show, for the relevant period, the number of inpatient admissions, outpatient encounters, ambulatory surgeries, and emergency department visits at NYP and each competing provider in the relevant area, disaggregated by member three-digit zip code or county of residence, facility, MS-DRG or service line, plan, product, line of business, and calendar quarter.

**Response to Request No. 64**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action in the format and to the extent requested. Aetna objects to the extent this Request seeks information about contracts, members, plans, products, markets, geographies, networks, providers, services, lines of business, or other information outside of the scope of the Complaint. Aetna objects to this Request to the extent it seeks production of information already within the possession of NYP or Plaintiff. Aetna further objects to this Request to the extent that it requires Aetna to produce information in a format that does not exist in the

55

ordinary course of Aetna's business or that would require substantial time and expense to generate. Aetna also objects to this Request to the extent it seeks Aetna's proprietary, confidential, or commercially protected claims and volume information. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding the scope of any structured data production in connection with this Request.

**Request for Production No. 65**

*Provider Payment Data*. Structured data sufficient to show, for the relevant period, the total billed and paid amounts at NYP and each competing provider in the relevant area, disaggregated by facility, MS-DRG or service line, plan, product, line of business, and calendar quarter.

**Response to Request No. 65**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action in the format and to the extent requested. Aetna objects to the extent this Request seeks information about contracts, members, plans, products, markets, geographies, networks, facilities, providers, services, lines of business, or other information outside of the scope of the Complaint. Aetna objects to this Request to the extent it seeks production of information already within the possession of NYP or Plaintiff. Aetna further objects to this Request to the extent that it requires Aetna to produce information in a format that does not exist in the ordinary course of Aetna's business or that would require substantial time and expense to generate. Aetna also objects to this Request to the extent it seeks Aetna's proprietary, confidential, or commercially protected payment data. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding the scope of any structured data production in connection with this Request.

**Request for Production No. 66**

*Health plan Financial Data.* Structured data sufficient to show, on a year-by-year basis for the relevant period, separately for each line of business (including fully insured, ASO, individual, small group, large group, exchange, Medicare Advantage, Medicaid Managed Care) and separately for each health plan and product offered in the relevant area: (i) premiums; (ii) medical loss ratio; (iii) enrollment; (iv) retention; (v) market share; (vi) revenue; (vii) administrative expenses; (viii) underwriting gain or loss; (ix) the total amount you paid to NYP and to each competing provider; (x) the total revenue derived from members who used the services of NYP and each competing provider; and (xi) any equivalent metric you track.

**Response to Request No. 66**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, members, plans, products, markets, geographies, networks, facilities, providers, services, lines of business, or other information outside of the scope of the Complaint. Aetna objects to this Request to the extent it seeks production of information already within the possession of NYP or Plaintiff. Aetna further objects to this Request to the extent that it requires Aetna to produce information in a format that does not exist in the ordinary course of Aetna's business or that would require substantial time and expense to generate. Aetna also objects to this Request to the extent it seeks Aetna's proprietary, confidential, or commercially protected financial data. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding the scope of any structured data production in connection with this Request.

**Request for Production No. 67**

*DOJ Investigation Materials.* All documents relating to the Department of Justice ("DOJ") investigation or lawsuit concerning NYP's contracting practices, including (i) all related documents produced to or received from the DOJ; (ii) all related communications with the DOJ; (iii) all non-privileged internal analyses or discussions; and (iv) all related communications with any third-party.

57

**Response to Request No. 67**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or other applicable privilege or protection. Aetna objects to the Request for "all non-privileged internal analyses or discussions" as vague and lacking specificity. Aetna objects to the Request for "all related communications with any third-party" as vague and lacking specificity. Aetna further objects to this Request to the extent it seeks documents—including any documents produced to or received from the DOJ—that are more properly obtained from Plaintiff, a party in this case. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45. Subject to and without waiving the foregoing objections, Aetna is willing to meet and confer with NYP regarding this Request.

**Request for Production No. 68**

*Government Lobbying Materials*. All documents relating to any communications with any government agency or official (other than the DOJ) about NYP's contracting practices.

**Response to Request No. 68**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the Request for "any" communication with "any government agency or official" as overbroad and lacking specificity. Aetna also objects to this Request to the extent it seeks communications that are protected by the attorney-client

58

privilege, attorney work-product doctrine, or other applicable privilege or protection. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 69**

*Atrium*. All documents relating to any investigation or lawsuit relating to Atrium Health (U.S. v. The Charlotte-Mecklenburg Hospital Authority d/b/a Carolinas HealthCare System, 3:16-cv-00311 (W.D.N.C.)), including (i) all documents you produced or testimony you provided to any party; (ii) all communications with any party; (iii) any non-privileged internal analyses or discussions; (iv) any communications with any third party; and (v) any analysis of the effect of any remedy or judgment in that matter, including any effect on market shares, reimbursement rates, or availability of limited provider networks or plans.

**Response to Request No. 69**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna objects to the extent this Request seeks information about contracts, members, plans, products, markets, geographies, networks, facilities, providers, services, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the request for "all documents" provided to any party, "all communications with any party," "any" analyses or discussions, "any communications," and "any analysis of the effect" of remedies or judgments as overbroad and seeking certain types of documents (*e.g.*, any communication, any analysis, any discussion) no practical limitation on substance or relevance. Aetna objects to the Request to the extent it seeks materials duplicative of other Requests. Aetna also objects to this Request on the grounds that documents relating to prior antitrust litigation in a different geographic market, concerning a different hospital system, involving different issues, and involving materials going far back in time are not proportional to the needs of this Action and are not reasonably expected to yield information relevant to the claims or defenses asserted here. Aetna further objects to this Request to the extent it seeks information

59

protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege,

common interest doctrine, or other applicable privilege or protection, including all internal analyses

and legal assessments relating to Aetna's role in that proceeding. Aetna additionally objects to this

Request to the extent it seeks information previously produced pursuant to a protective order in

that prior litigation.

**Request for Production No. 70**

*Sutter Health*. All documents relating to any investigation or lawsuit relating to Sutter Health (UFCW & Employers Benefit Trust v. Sutter Health, CGC-14-538451 (Cal. Super. Ct. S.F. Cnty.); California v. Sutter Health, CGC-18-565398 (Cal. Super. Ct. S.F. Cnty.); and Sidibe v. Sutter Health, 3:12-cv-04854 (N.D. Cal.), 104 F.4th 1043 (9th Cir. 2024)), including (i) all documents you produced or testimony you provided to any party; (ii) all communications with any party; (iii) any non-privileged internal analyses or discussions; (iv) any communications with any third party; and (v) any analysis of the effect of any remedy or judgment in that matter, including any effect on market shares, reimbursement rates, or availability of limited provider networks or plans.

**Response to Request No. 70**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the

needs of the case, and imposes an undue burden on non-party Aetna. Aetna objects to the extent

this Request seeks information about contracts, members, plans, products, markets, geographies,

networks, facilities, providers, services, lines of business, or other information outside of the scope

of the Complaint. Aetna objects to the request for "all documents" provided to any party, "all

communications with any party," "any" analyses or discussions, "any communications," and "any

analysis of the effect" of remedies or judgments as overbroad and seeking certain types of

documents (*e.g.*, any communication, any analysis, any discussion) with no practica limitation on

substance or relevance. Aetna objects to the Request to the extent it seeks materials duplicative of

other Requests. Aetna also objects to this Request on the grounds that documents relating to prior

antitrust litigation in a different geographic market, different issues, and concerning a different

hospital system are not proportional to the needs of this Action and are not reasonably expected to

60

yield information relevant to the claims or defenses asserted here. Aetna further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest doctrine, or other applicable privilege or protection. Aetna additionally objects to this Request to the extent it seeks information previously produced pursuant to a protective order in those prior proceedings.

**Request for Production No. 71**

*U.S. v. Aetna*. All documents concerning insurer or payor buy-side market power, monopsony, bargaining or negotiation leverage, network effects, payor concentration, the all products clause, or steering in connection with U.S. v. Aetna Inc., No. 3:99-cv-1398 (N.D. Tex.), including (i) all documents you produced or testimony you provided to any party, including any materials you produced under the Hart-Scott-Rodino Act; (ii) all communications with any party; (iii) any non-privileged internal analyses or discussions; and (iv) any communications with any third party.

**Response to Request No. 71**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna objects to the extent this Request seeks information about contracts, members, plans, products, markets, geographies, networks, facilities, providers, services, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the request for "all documents" provided to any party, "all communications with any party," "any" analyses or discussions, "any communications," and "any analysis of the effect" of remedies or judgments as overbroad and seeking certain types of documents (*e.g.*, any communication, any analysis, any discussion) with no practical limitation on substance or relevance. Aetna objects to the terms "power," "leverage," "concentration," "market," "effects," and "monopsony" as vague, not properly defined, and potentially overbroad. Aetna objects to the Request to the extent it seeks materials duplicative of other Requests. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Documents from United States v.

61

Aetna Inc., No. 3:99-cv-1398 (N.D. Tex.)—a case resolved more than twenty-five years ago that did not concern NYP's contracting practices or the New York market—are not proportional to the needs of this litigation. Aetna further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or protection. Aetna additionally objects to this Request to the extent it seeks documents that may no longer be in Aetna's possession or control in reasonably accessible form given the passage of time, and to the extent such documents were previously produced to the DOJ or other parties and are more readily available from those sources.

**Request for Production No. 72**

*U.S. v. Anthem*. All documents concerning insurer or payor buy-side market power, monopsony, bargaining or negotiation leverage, network effects, payor concentration, or steering in connection with U.S. v. Anthem, Inc., 1:16-cv-1493 (D.D.C.), including (i) all documents you produced or testimony you provided to any party, including any materials you produced under the Hart-Scott-Rodino Act; (ii) all communications with any party; (iii) any non-privileged internal analyses or discussions; and (iv) any communications with any third party.

**Response to Request No. 72**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna objects to the extent this Request seeks information about contracts, members, plans, products, markets, geographies, networks, facilities, providers, services, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the Request for "all communications with any party," "any" analyses or discussions, "any communications," and "any analysis of the effect" of remedies or judgments as overbroad and seeking certain types of documents (*e.g.*, any communication, any analysis, any discussion) with no practical limitation on substance or relevance. Aetna objects to the terms "power," "leverage," "concentration," "market," "effects," and "monopsony" as vague, not properly defined, and potentially overbroad. Aetna objects to the Request to the extent it seeks

materials duplicative of other Requests. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna further objects to this Request on the grounds that Aetna was not a party to the referenced litigation—United States v. Anthem, Inc., 1:16-cv-1493 (D.D.C.)—which concerned a proposed merger between Anthem and Cigna with no apparent mention of NYP. Aetna additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or protection, and to the extent it seeks information more readily available from the parties to that litigation.

**Request for Production No. 73**

*U.S. v. BCBS of Michigan*. All documents concerning insurer or payor buy-side market power, monopsony, bargaining or negotiation leverage, network effects, payor concentration, or steering in connection with U.S. v. Blue Cross Blue Shield of Michigan, 2:10-cv-14155 (E.D. Mich.), including (i) all documents you produced or testimony you provided to any party, including any materials you produced under the Hart-Scott-Rodino Act; (ii) all communications with any party; (iii) any non-privileged internal analyses or discussions; and (iv) any communications with any third party.

**Response to Request No. 73**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, members, plans, products, markets, geographies, networks, facilities, providers, services, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the request for "all communications with any party," "any" analyses or discussions, "any communications," and "any analysis of the effect" of remedies or judgments as overbroad and seeking certain types of documents (*e.g.*, any communication, any analysis, any discussion) with no practical limitation on substance or relevance. Aetna objects to the terms "power," "leverage,"

63

"concentration," "market," "effects," and "monopsony" as vague, not properly defined, and potentially overbroad. Aetna objects to the Request to the extent it seeks materials duplicative of other Requests. Aetna further objects to this Request on the grounds that Aetna was not a party to the referenced litigation—United States v. Blue Cross Blue Shield of Michigan, 2:10-cv-14155 (E.D. Mich.)—which concerned the contracting practices of Blue Cross Blue Shield of Michigan, a different insurer, in Michigan, a different market, and involved different issues and facts from many years ago. Aetna additionally objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work-product doctrine, or other applicable privilege or protection, and to the extent it seeks documents more readily available from the parties to that litigation.

**Request for Production No. 74**

*32BJ*. All documents relating to any communication with 32BJ Health Plan concerning NYP's contracting practices or NYP's participation, inclusion, or exclusion from any network, tier, or limited provider network or plan covering 32BJ members.

**Response to Request No. 74**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, members, plans, products, markets, geographies, networks, facilities, providers, services, lines of business, or other information outside of the scope of the Complaint. Aetna further objects to this Request to the extent that it seeks the production of information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would

require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

**Request for Production No. 75**

*City of New York.* All documents relating to any communication with the City of New York concerning NYP's contracting practices or NYP's participation, inclusion, or exclusion from any network, tier, or limited provider network or plan covering City of New York employees.

**Response to Request No. 75**

Aetna objects to this Request on the grounds that it is overly broad, disproportionate to the needs of the case, and imposes an undue burden on non-party Aetna. Aetna also objects to this Request on the grounds that it is not reasonably expected to yield relevant information and not proportional to the needs of this Action. Aetna objects to the extent this Request seeks information about contracts, members, plans, products, markets, geographies, networks, facilities, providers, services, lines of business, or other information outside of the scope of the Complaint. Aetna objects to the extent responsive information is available to the public and accessible to NYP rather than imposing an undue burden on non-party Aetna. Aetna further objects to this Request to the extent that it seeks the production of certain other information that is confidential, proprietary, commercially sensitive, or competitively significant, which is unduly burdensome and intrusive for a non-party. Aetna additionally objects to this Request to the extent that it would require Aetna to conduct an unreasonably burdensome custodial search not proportionate to Aetna's non-party obligations under Rule 45.

Dated: June 22, 2026

Respectfully submitted,

Dechert LLP

/s/ Rani Habash
Rani Habash
1900 K Street NW
Washington DC, 20006
(202) 261-3481
rani.habash@dechert.com

Counsel for Aetna Inc. and Aetna Health Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2026, I caused copies of the foregoing Non-party Aetna's Responses and Objections to Defendant The New York and Presbyterian Hospital's Subpoena to Produce Documents, Information, or Objects to be served via electronic mail on issuing counsel.


/s/ Rani Habash
Rani Habash

67