# EXHIBIT 3

 Proskauer Rose LLP | 2029 Century Park East | Los Angeles, CA 90067

Vinay Kohli
310-284-5695
vkohli@proskauer.com

June 5, 2026

Aetna Inc. c/o General Counsel's Office
151 Farmington Ave.
Hartford, CT 06156

Re:   *U.S. v. NYP*, 26-cv-2480 (S.D.N.Y.)

To Whom it May Concern[1]:

We represent the New York and Presbyterian Hospital ("NYP") in the above-captioned case.   Enclosed is a copy of the subpoena that we have served on your registered agent.  We are writing to introduce ourselves and begin the dialogue concerning subpoena compliance.

Please be aware that we are serving materially identical subpoenas on the five largest commercial insurers in the relevant market, which together account for the overwhelming majority of that market. Because the same core issues will recur across recipients, NYP intends to manage subpoena compliance on a coordinated schedule so that common issues can be addressed efficiently, consistently, and, if necessary, presented to the Court in an orderly fashion.

We expect that you may have some questions.  Hopefully, this letter may answer some of them, and we can answer any remaining questions during our initial meet and confer, which we would like to schedule for next week.  Please let us know if you are available on June 12, 2026 and June 15, 2026.  If neither of those days work, please propose an alternative day or time.

### 1.     *Timeline to Commencement and Completion of Scope Negotiations.*

Under Rule 45, you have 14 days to respond to the subpoena.  We are, however, willing to extend that deadline so long as we are making reasonable progress as outlined below.

As a threshold matter, we still do not have access to the materials you have produced to the DOJ.  We have been informed by the DOJ that they provided notice to you that our Rule 34 document requests to the DOJ require them to re-produce those materials to us, but they have refused to do so at this time based on confidentiality concerns.

If you execute the attached stipulation by June 15, 2026 allowing the DOJ to re-produce your materials to NYP on an outside counsel's eyes only basis, we are willing to extend the deadline for you to serve your objections to the subpoena by an additional week, to June 29, 2026. If you are unwilling to do so, then we will insist on adherence to the 14-day response period specified under Rule 45.

If you need even more time, we would be willing to extend the deadline by an additional week to July 8, 2026, which would be 30 days after service, if you also provide us by June 29,

---

[1] We have addressed this letter to your office, as General Counsel to Aetna Inc.  If there are others with whom we should be discussing these issues with, please let us know at your earliest convenience.

**Proskauer**»

2026 the following information so we can begin negotiating custodians: (i) the names of the individuals that are responsible for contracting with hospital providers in the Relevant Area (as defined by the subpoena); (ii) the names of the custodians you would propose searching; and (iii) organization charts or other information requested in RFP 2 and sufficient to identify those individuals' superior and direct reports.

Once we receive your objections, we can then schedule another meet and confer to discuss your objections and hopefully finalize the custodian list. After receiving your objections, we will send you a letter addressing any concerns we have with your objections or plan for complying with the subpoena. We will send this letter within 7 to 14 days of receiving your objections, depending on how extensive your objections are. We would then schedule a second meet and confer no later than 7 days thereafter, or, in any event, no later than July 24, 2026.

Within 7 days after the meet and confer, or no later than July 31, 2026, we will send you another letter addressing any agreements or areas of continued dispute. This letter will include our near final position on your objections and plan for subpoena compliance. Please be aware that, if we do not have sufficient information about your custodians and central files by the time of our second meet and confer, we may not be able to limit the scope of the subpoena as much as you may like. In any event, we will make ourselves available for a final meet and confer after we send you that letter, which will need to be completed no later than August 7, 2026.

On that third/final meet and confer, we expect to have either reached agreement or impasse on all issues, and will then be free at that point to file appropriate letter motions with the Court seeking to compel production or for other appropriate relief.[2]

We believe this process serves all parties' interests in quickly reaching resolution concerning the scope of the subpoena, while providing you with the time you need to evaluate the subpoena. Please be aware, however, that we have served similar subpoenas on each of the five major insurers, and sent them a similar process letter.

To ensure that all common issues get presented to the Court in an organized fashion and at the same time, it is important that we adhere to the following schedule, which contemplates a 60-day period between service of the subpoena and filing any dispute letter. To be clear, however, if any of the dates below are not strictly adhered to, we reserve the right to seek Court assistance earlier.

| Event | Deadline |
| --- | --- |
| Subpoena served | June 8, 2026 |
| NYP serves process letter | June 8, 2026 |
| Parties conduct first meet and confer | June 15, 2026 |
| Return of Stipulation Granting Access to Your DOJ Production | June 15, 2026 |
| Identification of contracting employees, proposed custodians, and organization/reporting information | June 29, 2026 |
| Deadline for service of Objections and Response to Subpoena | July 8, 2026 |
| NYP serves first issues letter | July 17, 2026 |

---

[2] We understand that discussions concerning the collection of structured data may take some more time.

| Event | Deadline |
|---|---|
| Deadline to conduct second meet and confer | July 24, 2026 |
| NYP serves second issues letter | July 31, 2026 |
| Deadline to conduct third and final meet and confer | August 7, 2026 |
| Parties may file letter motions addressing disputed issues | August 8, 2026 |

### 2. *Additional Issues.*

*Litigation Hold*.  By this point, we would assume that you have already instituted a litigation hold for all your potentially responsive custodial files, central repositories, contract databases, structured data, shared drives, archived materials, and communications platforms.  If not, we request that you please do so, and confirm on our first meet and confer that you have done so.

*Use of Objections*.  Under our schedule (and assuming you take advantage of the offered extensions), your objections would be due on July 8th.  In framing your objections, we will want to understand which objections are designed to shape or limit the *custodians* or document *locations* you search, and which are designed to substantively withhold documents based on their *content*.  Please ensure that objections enable us to understand how you are using your objections in this regard, and that they identify, as required, what documents are being withheld on the basis of any objection.

*Custodian Searches*.  To manage burden, we would expect that you want to negotiate custodians.  To do so, we will need an understanding of which RFPs can reasonably be satisfied with a search from a discrete set of custodians, and which requests may require a targeted search (sometimes called a "go get" search) of central files, databases, or other custodians.  While we are open to further discussion based on your own document management processes and practices, we would expect that the following RFPs would require a custodian search, including related central files:  RFPs 5-8, 13-29, 31-37, and 39-52.  The following RFPs would require a targeted search:  RFPs 1-4, 62-66.  And the following RFPs would require a combination of custodian and targeted searches: RFPs 9-12, 30, 38, 53-61, 67-76.  If you have a different understanding, we would need to understand that soon, as it will impact our ability to reach agreement on custodians, and the failure to reach agreement on custodians may limit our ability to agree to a narrower scope of production than may otherwise be the case.

*Search Terms*.  You are not required to use search terms, and we believe that modern e-discovery tools, such as TAR and AI-enhanced review, have rendered the use of search terms obsolete in most cases.  But if you elect to use search terms in connection with your collection, review, or production of documents, you must disclose the use of search terms in advance, and must use the Terms attached to the subpoena as Exhibit C, as specified in Instruction 11.

*Production Deadline.*  The procedures outlined above provide a reasonable way to address any issues or objections you may have to the subpoena.  But we need to ensure that discussions concerning such issues, or the resolution of any objections, do not operate as a de facto stay of discovery or otherwise delay your production.  Accordingly, please be aware that, absent any agreement to the contrary, we intend to ask the Court to impose a deadline for the substantial completion of document production 90 days following service of the subpoena, which would be



Page 4

approximately 30 days after the deadline set forth above for raising disputes with the Court.  Please plan accordingly.


Sincerely,

*/s/ Vinay Kohli*