# EXHIBIT 4

# Proskauer

Proskauer Rose LLP | 2029 Century Park East, Suite 2400| Los Angeles, CA 90067

July 7, 2026

*Via Email*
Rani Habash
Dechert LLP
1900 K Street, NW
Washington, DC 20006

Re:　　*U.S. v. NYP*, 26-cv-2480-PAE-OTW (S.D.N.Y.)
　　　　*Aetna's Responses and Objections to NYP's Subpoena*

Dear Counsel:

We write regarding Aetna's June 22, 2026 Responses and Objections to NYP's subpoena dated June 5, 2026. We have several concerns we would like to discuss on our upcoming meet and confer. To make the meet and confer more productive, below are the primary issues we would like to discuss.[1]

## A.　　*Aetna's General Failure to Produce Documents.*

As reflected in the following chart, your June 22nd R&Os do not contain a single offer to produce documents. Instead, you assert a panoply of objections.

| Aetna Offers of Production | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **RFP** | **Offer** | **RFP** | **Offer** | **RFP** | **Offer** | **RFP** | **Offer** | **RFP** | **Offer** |
| 1 | X | 16 | X | 31 | X | 46 | X | 61 | X |
| 2 | X | 17 | X | 32 | X | 47 | X | 62 | X |
| 3 | X | 18 | X | 33 | X | 48 | X | 63 | X |
| 4 | X | 19 | X | 34 | X | 49 | X | 64 | X |
| 5 | X | 20 | X | 35 | X | 50 | X | 65 | X |
| 6 | X | 21 | X | 36 | X | 51 | X | 66 | X |
| 7 | X | 22 | X | 37 | X | 52 | X | 67 | X |
| 8 | X | 23 | X | 38 | X | 53 | X | 68 | X |
| 9 | X | 24 | X | 39 | X | 54 | X | 69 | X |
| 10 | X | 25 | X | 40 | X | 55 | X | 70 | X |
| 11 | X | 26 | X | 41 | X | 56 | X | 71 | X |
| 12 | X | 27 | X | 42 | X | 57 | X | 72 | X |
| 13 | X | 28 | X | 43 | X | 58 | X | 73 | X |
| 14 | X | 29 | X | 44 | X | 59 | X | 74 | X |
| 15 | X | 30 | X | 45 | X | 60 | X | 75 | X |
| *Legend:* "P" denotes RFPs where you have offered to produce documents responsive to the RFP as written. "I" denotes RFPs where you have offered to produce some, but not all, responsive documents. "X" denotes RFPs where you have made no offer of production. | | | | | | | | | |

---

[1] This letter concerns NYP's Subpoena served on Aetna on June 8, 2026 and accompanying letter; and Aetna's June 22, 2026, Objections and Responses.

# Proskauer

Since you have made no offer of production, you have not provided any basis for the parties to reach any agreement on the scope of Aetna's obligations. We do not believe that such an approach is productive. Accordingly, please be prepared on our meet and confer to identify which custodians you plan to search, which RFPs you will agree to respond to as written within any agreed scope of search, what proposals you have for limiting any RFPs for which you are willing to engage in some production; and which RFPs you are refusing to produce any documents.

### B.    Aetna's General Objections.

Your R&Os contain 28 largely boilerplate General Objections. Such objections do not comply with Rule 34(2)(C), which requires you to state "whether any responsive materials are being withheld on the basis of [each] objection," and provides that "an objection to part of a request must specify the part and permit inspection of the rest." To the extent you intend your General Objections to provide a basis for limiting the scope of the search to particular custodians, locations, or time periods, we can discuss such limitations on our meet and confer. But to the extent you intend to rely on your General Objections to withhold responsive documents within any agreed-upon scope of search, please be prepared on the meet and confer to discuss which General Objections you are relying on for that purpose and which RFPs you intend not to comply with as written based on one or more of your General Objections.

### C.    Custodians.

Your Objections fail to identify the individuals responsible for provider contracting network design, plan benefit design, and competitive or financial analysis, or any of your proposed custodians. You have also failed to produce, or even agree to produce, organization charts or other information that would facilitate a discussion about any custodial-based limits on the scope of Aetna's subpoena-compliance obligations. Your obligation in responding to this compulsory process is to produce all documents in your possession, custody, and control. If you wish to limit your burden of searching for and producing all such documents by limiting the collection to specific custodians, we suggest you promptly provide the information necessary for us to evaluate any proposed limitation.

### D.    RFPs for Which You Offered to Meet and Confer.

For fourteen RFPs, which map onto our requests for organizational information, NYP agreements, competing provider agreements, and data, you asserted a litany of objections, but then offered to meet and confer.[2] On our meet and confer, we expect you to state what you will agree to produce, and what, if any, portions of each RFP *as written* you are currently refusing to produce. Without that, it will not be possible for us to try to reach compromise.

---

[2] *See* RFPs: 1 (corporate structure); 2 (relevant personnel); 3 (health plans offered); 4 (provider networks); 30 (NYP agreements); 38 (competing provider agreements); 53 (financial statements); 55 (regularly prepared reports); 62 (database identification); 63 (rate data); 64 (volume data); 65 (provider payment data); 66 (health plan financial data); and 67 (DOJ investigation materials).

# Proskauer

### E.    *RFPs for which You Refuse to Meet and Confer.*

For the remaining 61 RFPs, you have asserted a litany of objections, refused to make any offer of production, and have not even indicated a willingness to meet and confer. For example, you have refused to produce *any* documents relating to:

- Steering, Anti-Steering, or Network Placement (*Section C, RFPs 5-17*).

- The Interplay Between Plan Benefits, Network Design, Provider Volume, and Member or Customer Demand Satisfaction (*Section D, RFPs 18-21*).

- Designated-Provider Programs (*Section E, RFPs 22-24*).

- Insurer or Provider Bundling or Cross-Subsidization. (*Section F, RFPs 25-26*).

- Stage One and Stage Two Price Competition. (*Section G, RFPs 27-29*).

- Contractual Relationship with NYP.  (*Section H, RFPs 31-37*).

- Contractual Relationships with Competing Providers (*Section I, RFPs 39-41*).

- Limited Provider Networks or Plans (*Sections J, RFPs 42-43*).

- Insurer Bargaining and Competitive Position (*Section K, RFPs 44-48*).

- Reimbursement Rates (*Section L, RFPs 49-52*).

- Board Materials (*Section M*, *RFP 54)*.

- Geographic Scope of Competing Health Plans, Providers, and Network Adequacy. (*Section N, RFPs 56-58*).

- Marketing Materials re Network Design and Premiums (*Section O, RFPs 59-61*).

- Government Lobbying Materials Relating to NYP (*Section Q, RFP 68*).

- Steering Suits and Investigations (*Section R, RFPs 69-70*).

- Insurer Monopsony Power Suits and Investigations (*Section S, RFPs 71-73*).

- Specific Competitive Episodes.   (*Section T, RFPs 74-75*).

On our meet and confer, please be prepared to state definitively whether you are standing on your objections, such that the parties are now at impasse.  If you do not intend to stand on your objections, then on the meet and confer, we expect you to identify on an RFP-by-RFP basis those portions of each RFP for which you will produce documents and which you intend not to comply.

### F.    *Specific Limitations to the Subpoenas.*

It is unclear from your Responses and Objections what, if any, specific limitations you are seeking that may span multiple RFPs.  If there are any such issues, such as Relevant Period or Relevant Market, please be prepared to identify those specific issues, and present a counterproposal for us to consider. Otherwise, please be prepared on the meet and confer to state whether you are standing on those objections, such that the parties are now at impasse.

# Proskauer

### G.    *Path Forward.*

We hope and expect that our meet and confer will be productive, and that we will be able to reach agreement on the scope of Aetna's production or at least on a path forward for prompt resolution of any open issues, such as custodian identification.  Please note, however, that if we cannot reach agreement on our meet and confer, we reserve the right to raise any issues with Court in accordance with its discovery dispute rules concerning Aetna's non-compliance with the subpoena *as written*, at any point thereafter.

Sincerely,

/s/ *Vinay Kohli*

CC: Colin Kass (CKass@proskauer.com)
David Munkittrick (DMunkittrick@proskauer.com)
Mark Rosman (MRosman@proskauer.com)
Richard Westling (RWestling@proskauer.com)