# EXHIBIT B

**IIN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 1:26-CV-2480 |
| v. | Hon. Paul A. Engelmayer, USDJ |
| THE NEW YORK AND PRESBYTERIAN HOSPITAL, | Hon. Ona T. Wang, USMJ |
| Defendant. | |

**NYP'S RESPONSES AND OBJECTIONS TO THE DIVISION'S**
**FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, the New York and Presbyterian Hospital ("NYP") hereby objects and responds to the United States' ("DOJ's" or "Division's") April 18, 2026 First Set of Requests for Production of Documents ("the Requests"):

**GENERAL OBJECTIONS**

NYP asserts the following General Objections ("GOs"), which are incorporated by reference into each of the Specific Responses and Objections below. These GOs govern the scope of any responses by NYP to the Requests and are neither waived nor limited by NYP's Specific Responses and Objections.

1. ***The Rules Govern.*** NYP objects to the Requests, including the Definitions and Instructions, to the extent that they are inconsistent with or exceed the obligations imposed by the Federal Rules of Civil Procedure, the Local Rules, or applicable order. In responding to these Requests, NYP will comply with the requirements of the Federal Rules of Civil Procedure, the Local Rules, and applicable orders of the Court.

2.    ***Supplemental Discovery Period.***  The Division has already conducted an extensive investigation and received voluminous documents pursuant to the civil investigative demands ("CIDs") it has previously issued.  During the investigation NYP produced documents covering the period from at least April 2023 through April 2025, as well as certain additional documents prior to that period.  NYP objects to the Requests, including Instructions 2 and 12, to the extent they seek additional discovery prior to April 2025 on the grounds that any such discovery is not reasonably proportional, is cumulative of the discovery NYP has already produced, or is unduly burdensome.  Absent further agreement of the parties or Court Order, NYP shall limit its search for and production of responsive material to the period from April 22, 2025 to March 26, 2026, the date the Complaint was filed (the "Supplemental Discovery Period"), and all offers of production set forth in response to the Specific Requests below are expressly limited to this Supplemental Discovery Period.  NYP does not undertake any obligation to supplement its production, pursuant to Fed. R. Civ. P. 26(e) or otherwise, solely due to the passage of time.

3.    ***Payor Contracting.***  NYP objects to the Requests to the extent they seek information unrelated to payor contracting, including the effects of payor contracting on prices, costs, volume, output, or quality (or vice versa), on the grounds that such information is not relevant and proportional to the needs of the case.  Where specified below in response to Specific Requests, NYP will limit its offers of production to information relating to payor contracting involving the relevant payors.

4.    ***Relevant Payors.***  NYP objects to the definition of "Payor" as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it extends to any "person providing commercial health insurance or access to Provider networks, including managed-care organizations, and rental networks" other than those identified in the Complaint. NYP will

2

interpret Payor to mean Aetna, Anthem/Empire, Cigna, Emblem, and/or United. For purposes of these responses, NYP will refer to these entities as the "Relevant Payors." Absent further agreement, NYP shall not search for or produce documents relating to other insurers, managed-care organizations, rental networks, or other entities other than the Relevant Payors.

5.      ***Agreements.***   Without limiting the foregoing, NYP objects to the definition of "agreement" (Definition 2), as being vague, overly broad, and unduly burdensome.   When referring to agreements, NYP shall use the term agreement to mean the executed agreements between NYP and any Relevant Payor.

6.      ***Scope of Search.*** NYP objects to the Requests on the ground that they are, in many instances, compound, overly broad, unduly burdensome, or not proportional to the needs of the case absent reasonable limitations placed on the scope of the search. In the spirit of compromise, NYP may set forth offers of production in response to the specific Requests below.  For avoidance of doubt, to the extent responsive documents exist but are not included within NYP's offer of production, such documents are being withheld on the basis of NYP's General and Specific Objections. *See* Fed. R. Civ. P. 34(b)(2).  Absent agreement of the parties or Court Order, unless otherwise specified, each of NYP's offers of production are expressly limited to the following:

    a.      ***Custodian Search***. A custodian search involves collection of a custodian's emails and other user-generated files, including the network files where the custodian ordinarily stores user-generated files.  Where NYP intends to comply with a particular Request by performing a Custodian Search, it will expressly indicate in its offer of production that the search will involve a Custodian Search, and unless otherwise stated, such search shall be in lieu of any Targeted Search with respect to that Specific Request. Any Custodian Searches identified in these Responses will include a reasonable search of the following seven individuals: Michael Breslin, Steve Corwin, Brian Donley, Deepa Kumaraiah, Lauren Marino, Avi Munk, and Dov Schwartzben.  For avoidance of doubt, NYP specifically objects to any instructions, including Instructions 10-13, that purport to control the methodology or scope NYP's custodian search.  If additional custodians are added, NYP reserves the right to withdraw or modify any offers of production with respect to any specific Request.

1.     ***Targeted Search***. In some instances, searching specific central files or systems will be a more efficient and proportional way to respond to particular Requests than conducting a full custodian search. NYP refers to such searches as "Targeted Searches," otherwise often referred to as "go-gets." Where NYP intends to comply with a particular Request by performing a Targeted Search, it will expressly indicate in its offer of production that the search will involve a Targeted Search, and unless otherwise stated, such search shall be in lieu of any Custodian Search with respect to that specific Request.

b.     ***Structured Data***. In conducting Targeted Searches for information that is maintained in any database, including information in any transactional, financial, or customer relationship database, NYP's offers of production are expressly contingent upon investigation and conferral concerning the specific fields of information that are readily-accessible, available, and proportionate. NYP reserves the right to object to the production of any field or time period that is neither relevant to DOJ's claim or defense nor proportional to the needs of the case.

c.     ***ESI***. NYP objects to the Requests to the extent they call for the production of any electronically stored information that is not reasonably accessible, or that cannot be compiled or produced without unreasonable investments in time and expense. NYP also objects to any ESI protocols, guidelines, directives, or instructions in the DOJ's Requests, including Instructions 5 and 6. NYP intends to produce responsive, non-privileged documents in a reasonable and not needlessly burdensome and inefficient production format. To the extent desired, NYP is willing to meet and confer regarding production format.

d.     ***Offers of Production Control***. NYP objects to DOJ's definitions in its Requests as not reasonably proportional to the needs of the case. In responding to these Requests, NYP shall produce documents in accordance with the offers of production set forth herein, without regard to any instructions or definitions in the Requests that may otherwise expand the offer of production or impose additional burdens on NYP.

7.     ***Time, Place, Manner of Production.*** NYP objects to the Requests to the extent that they do not specify a "reasonable time, place, and manner of making the inspection." *See* Fed. R. Civ. P. 34(b). To the extent NYP makes an offer of production in these Responses, such offer of production contemplates a rolling production. NYP is willing to meet and confer with the Division concerning any mutual substantial completion date for the production of documents.

8.      ***General Protective Order.***  NYP will not produce any confidential information prior to entry of a suitable general protective order and objects to the Requests to the extent they call for the same.

9.      ***Protected Personal Information.***  NYP objects to the Requests to the extent they call for documents that may contain protected personal information ("PPI").  Given the burden of redacting such information on a document-by-document basis, NYP reserves the right to withhold such documents in their entirety.  NYP alternatively reserves the right to redact such documents. To the extent NYP does withhold or redact documents containing PPI, it will identify such documents on an appropriate metadata log that does not reveal the PPI.  For purposes of this objection, the term PPI means information that contains (i) personally identifiable information, such as social security numbers, home addresses, personal phone numbers; (ii) personal private information that is unrelated to work (*e.g.*, family pictures and texts); and (iii) protected health information as that term is defined in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as codified at 42 U.S.C. § 1320d, 45 CFR § 160.103, and any applicable New York State law.

10.      ***Privacy.***  NYP objects to the Requests to the extent that they call for the production of information or documents that NYP is barred from producing by (i) any domestic or foreign privacy laws, including HIPAA; (ii) a protective order or restriction on use or dissemination in another case or governmental investigation; (iii) confidentiality agreements with, or licensing restrictions imposed by, third parties; or (iv) statute or agency rule.  To the extent NYP withholds otherwise responsive documents on the basis of this Objection, NYP will provide appropriate notice to the DOJ and will meet and confer as requested by the DOJ.  For avoidance of doubt, NYP

objects to, and does not agree to follow, Instruction 14, as it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

11.    ***Privilege.***  NYP objects to the Requests to the extent they call for documents that may contain information protected by any privilege, doctrine, or protection, including without limitation the attorney-client privilege, the work product doctrine, and any other applicable privilege or protection.  NYP objects to Instruction 9 to the extent it imposes any logging requirements beyond those imposed by Fed. R. Civ. P. 26(b)(5) or any applicable local rule.  NYP will produce a reasonable log that does not impose needlessly burdensome requirements and that complies with the requirements of such rules.  Nothing contained in these objections and responses is intended to be, or in any way constitutes, a waiver of any applicable privilege or immunity.  Any inadvertent production of information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege nor of any other basis for objecting to the use of such material or its subject matter.  NYP expressly reserves the right to object to the use or introduction of such information.

12.    ***Definitions.***  NYP objects to the definitions.  Unless otherwise specified, in responding to these requests, NYP shall employ the common meaning of each term without regard to the definitions set forth in the Requests.

13.    ***Possession, Custody, and Control.***  NYP objects to the definition of "Organization," "you," "your," or "New York-Presbyterian" as overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case to the extent it seeks to impose any obligation on NYP to search for documents not in NYP's possession, custody, or control, including "domestic and foreign parents, predecessors, divisions, subsidiaries, affiliates, partnerships, and

6

joint ventures, and all of their present and former directors, officers, employees, agents (including counsel and document vendors), representatives and any Person acting or purporting to act on [NYP's] behalf." NYP will interpret the terms to mean the New York and Presbyterian Hospital named as a defendant in this Lawsuit, and will respond to the Requests on behalf of NYP only.

14. ***Person.*** NYP objects to the definition of "Person" as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent that (i) with regard to a natural person, it includes any person other than that individual human being, or (ii) with regard to a non-natural person, it includes any legal entity other than the specifically identified legal or juridical entity. For avoidance of doubt, NYP's offers of production do not include searches for any third-party.

15. ***Short-Form Objections.*** In setting forth these General and Specific Objections, NYP shall use the term "Proportionality" to mean that the Request seeks information that is not "proportional to the needs of the case" under Fed. R. Civ. P. 26(b)(1). NYP uses the terms "Breadth" and/or "Burden" to mean that (i) the Request is overly broad and/or unduly burdensome; (ii) the discovery sought is unreasonably cumulative or duplicative of other information NYP has offered to produce in response to a document request under Fed. R. Civ. P. 34(a); and/or (iii) the burden or expense of the proposed discovery outweighs its likely benefit under Fed. R. Civ. P. 26(b). NYP uses the term "Relevance" to mean that the discovery requested is neither relevant to any party's claim or defense under the Federal Rules of Evidence nor proportional to the needs of the case or is otherwise outside the scope of Fed. R. Civ. P. 26(b)(1). NYP uses the term "Ambiguity" to mean the Request is vague and ambiguous. NYP uses the term "Privilege" to mean that the discovery requested seeks information protected by the attorney-client privilege, the work product doctrine, joint defense or common interest privileges, or any other applicable privilege.

16.     ***Reservation of Right to Amend.*** Because discovery is ongoing, NYP's Responses are preliminary in nature and based only on information that is readily available to NYP after a reasonable, but still ongoing, investigation. To the extent necessary or appropriate, NYP reserves the right to supplement its Responses in accordance with Fed. R. Civ. P. 26(e) and 34(b), including – without limitation – by asserting additional objections.

## SPECIFIC RESPONSES AND OBJECTIONS[1]

### REQUEST FOR PRODUCTION NO. 1:

*One copy of each organization chart, including any updated or revised organization charts, listing all Senior Management and all Persons responsible for (1) negotiating or enforcing the Organization's contracts with any Payor; (2) analyzing the Organization's contracts with any Payor; (3) recommending that the Organization's contracts with any commercial Payor be approved; and (4) approving the Organization's contracts with any commercial Payor.*

***Response to Request for Production No. 1:*** NYP objects to this Request to the extent it seeks information outside the Supplement Discovery Period, GO 2. NYP notes that it has already produced organization charts in response to the CID which are also responsive to this Request. *See* Instruction 1, NYPDOJ-000222, NYPDOJ-000416–421. Any additional production is not proportional to the needs of the case. Nonetheless, subject to and without waiving its General and Specific Objections, NYP will conduct a Targeted Search for responsive organization charts created during the Supplemental Discovery Period.

### REQUEST FOR PRODUCTION NO. 2:

*All documents relating to any formal or informal performance evaluations, reviews, or self-assessments for Steve Corwin, Brian Donley, Michael Breslin, Karen Westerfelt, Deepa Kumariah, Paresh Shah, Dov Schwartzben, Lauren Marino, Emily Goodwin, Avraham Munk,*

---

[1] For avoidance of doubt, all offers of production expressly incorporate all limitations on the time, place, and manner of production, including GO 6 (Scope of Search); GO 7 (time, place, manner); and GO 2 (Supplemental Discovery Period). All other limits reflected in the General Objections are similarly incorporated into each specific response without the need to repeat or reference such objections, but NYP will endeavor to identify the most germane objections.

*Carrie Elwood, Otto Lee, Smith Won, and Maggie Buehler (or the person responsible for your employee health plan design and offerings).*

**Response to Request for Production No. 2:** NYP objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it includes individuals that do not have responsibility for payor contracting, as set forth in GO 3. NYP further objects to this request on the grounds of relevance and proportionality to the extent that such "formal or informal performance evaluations, reviews, or self-assessments" contain information not related to payor contracting.

Subject to and without waiving its general and specific objections, NYP will conduct a Targeted Search of NYP's Human Resources records for evaluations, reviews, or self-assessments for Steve Corwin, Brian Donley, Michael Breslin, Dov Schwartzben, Lauren Marino, and Avi Munk to the extent such documents relate to payor contracting.

### REQUEST FOR PRODUCTION NO. 3:

*Without regard to date, all agreements and contracts, including all amendments, between the Organization, or any hospital or hospital system that the Organization operates, manages, or affiliates with, and any Payor.*

**Response to Request for Production No. 3:** NYP objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it requests information for any entity other than NYP, as set forth in GO 13. NYP notes that it already produced the operative agreements with the Relevant Payors. Without limiting the foregoing, NYP objects to this Request to the extent it seeks information not related to Agreements with Relevant Payors, as set forth in GOs 3, 4 and 5. Subject to and without waiving its general and specific objections, NYP will conduct a Targeted Search for executed agreements between NYP and the Relevant Payors that were not previously produced to the Division.

### REQUEST FOR PRODUCTION NO. 4:

9

*All documents, regardless of the date of such documents, responsive to the Civil Investigation Demand issued to New York-Presbyterian on April 22, 2025 in connection with the Investigation, that were withheld or redacted on the basis of a claim of privilege or work product protection for which the Organization provided (1) inadequate or deficient information from which Plaintiff can assess the Organization's privilege claims in the Organization's privilege log of March 8, 2026 or (2) sufficient information in the Organization's privilege log to establish that the document is in fact not privileged or protected by the attorney work product doctrine. For avoidance of doubt, this Request is focused on the categories of documents identified in the privilege log deficiency letter from Plaintiff to Vinay Kohli, dated March 16, 2026, attached as Exhibit 1.*

***Response to Request for Production No. 4:***  NYP objects to this request as unduly burdensome and disproportionate to the needs of this case, as DOJ's authority to enforce NYP's compliance with the CID terminated with the filing of this Lawsuit.  *See U.S. v. Associated Merchandising Corp.*, 261 F. Supp. 553, 558 (S.D.N.Y. 1966) (in an antitrust action initiated by the Federal Trade Commission, "it is the adjudicative rules, not the investigative ones, which are to govern once a complaint has issued"); *F.T.C. v. Turner*, 609 F.2d 743, 745 (5th Cir. 1980) (where the FTC "assumes a different litigative posture" by becoming a "civil plaintiff," FTC did not "ha[ve] the claimed investigative authority in its new role"); 15 U.S.C. § 1312 (the Attorney General "may, ***prior to the institution of a civil or criminal proceeding by the United States*** thereon, issue in writing, and cause to be served upon such person, a civil investigative demand" (emphasis added)).  NYP further objects to this Request on the grounds that the documents on the CID log included documents that were not in fact responsive to the CID.

Subject to and without waiving its general objections, NYP will conduct a further review of documents identified on its CID privilege log for both responsiveness to the CID and privilege. To the extent NYP identifies privileged documents responsive to the CID, NYP will provide DOJ with an updated privilege log for those documents.  To the extent NYP determines that responsive documents listed on the CID log are not privileged or not privileged in full, it will make a further

10

production.  To the extent NYP determines after further review that a document is not responsive

to the CID, it will remove the document from the log and not produce it.

### REQUEST FOR PRODUCTION NO. 5:

*All documents or materials received, reviewed, or produced by the New York-Presbyterian Board of Directors.*

***Response to Request for Production No. 5:***  NYP objects to this Request on the grounds

that it is overbroad, seeks irrelevant information, and is not proportional to the extent such it seeks

information not relate to payor contracting, as set forth in GOs 3-5.  NYP also notes that NYP has

already produced relevant board materials during the investigation, and that any further production

relating to or pre-dating the period covered by the investigation is unduly burdensome and not

proportional.  Subject to and without waiving its general and specific objections, NYP will conduct

a Targeted Search for responsive documents created during the Supplemental Discovery Period

containing information regarding payor contracting.

### REQUEST FOR PRODUCTION NO. 6:

*All documents and communications discussing, evaluating, or analyzing New York Presbyterian's employer-sponsored health insurance plan(s) or health benefits offerings for its employees.*

***Response to Request for Production No. 6:***  NYP objects to this Request on the grounds

of relevance, burden, breadth, and proportionality, as NYP's "employer-sponsored health

insurance plan(s) or health benefits offerings for its employees" are not at issue in this case.  NYP

will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 7:

*All data received or collected by the Organization from any third-party in connection with the Investigation, Lawsuit, Cement And Concrete Workers Dc Benefit Fund v. The New York And Presbyterian Hospital, Case No. 2:25-cv-05023-ENV-AYS, UFCW Local 1500 Welfare Fund v. The New York and Presbyterian Hospital, Case No. 1:25-cv-5571-ENV-AYS, or any other investigation of or lawsuit against the Organization in which the conduct at issue or allegations resemble the allegations in the Lawsuit.*

***Response to Request for Production No. 7:*** NYP objects to this request as vague and ambiguous to the extent it seeks information related to any "investigation or lawsuit" other the *Cement Workers* and *UFCW*. In responding to this Request NYP shall limit this request to documents produced in discovery in *Cement Workers* or *UFCW*. NYP further objects to this Request to the extent it seeks to impose any ongoing or continuing obligation to produce or reproduce documents in those cases. The Federal Rules of Civil Procedure do not impose on NYP the obligation to be a clearinghouse or discovery liaison counsel in separate cases, and NYP shall not undertake any such obligation. NYP also objects to the requirement to produce documents it receives in discovery in the *Cement Workers* or *UFCW* cases to the extent such documents are governed by a Protective Order in those cases, unless such protective order specifically permits without further notice re-production in this case. NYP objects to this Request to the extent it seeks documents produced in the *Cement Workers* or *UFCW* cases without regard to the contents of the documents. Absent further agreement or Court Order, NYP will not produce documents in response to this Request. NYP is willing to meet and confer regarding the proper scope, if any, of parallel discovery between this Action and the Related Actions.

## REQUEST FOR PRODUCTION NO. 8:

*All documents, including any data, produced or received by the Organization in connection with Cement And Concrete Workers Dc Benefit Fund v. The New York And Presbyterian Hospital, Case No. 2:25-cv-05023-ENV-AYS, UFCW Local 1500 Welfare Fund v. The New York and Presbyterian Hospital, Case No. 1:25-cv-5571-ENV-AYS, or any other investigation of or lawsuit against the Organization in which the conduct at issue or allegations resemble the allegations in the Lawsuit.*

***Response to Request for Production No. 8:*** NYP objects to this request as vague and ambiguous to the extent it seeks information related to any "investigation or lawsuit" other the *Cement Workers* and *UFCW*. In responding to this Request NYP shall limit this request to documents produced in discovery in *Cement Workers* or *UFCW*. NYP further objects to this

12

Request to the extent it seeks to impose any ongoing or continuing obligation to produce or reproduce documents in those cases. The Federal Rules of Civil Procedure do not impose on NYP the obligation to be a clearinghouse or discovery liaison counsel in separate cases, and NYP shall not undertake any such obligation. NYP also objects to the requirement to produce documents it receives in discovery in the *Cement Workers* or *UFCW* cases to the extent such documents are governed by a Protective Order in those cases, unless such protective order specifically permits without further notice re-production in this case. NYP objects to this Request to the extent it seeks documents produced in the *Cement Workers* or *UFCW* cases without regard to the contents of the documents. Absent further agreement or Court Order, NYP will not produce documents in response to this Request. NYP is willing to meet and confer regarding the proper scope, if any, of parallel discovery between this Action and the Related Actions.

Dated: May 18, 2026

Respectfully submitted,

*/s/ David A. Munkittrick*

David A. Munkittrick
Reut N. Samuels
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036
(212) 969-3000
dmunkittrick@proskauer.com
rsamuels@proskauer.com

Colin R. Kass*
Mark Rosman
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, N.W.
Washington, D.C. 20004
(202) 416-6800
ckass@proskauer.com
mrosman@proskauer.com

Vinay Kohli*
Richard W. Westling*
Portia S. Proctor
PROSKAUER ROSE LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
vkohli@proskauer.com
rwestling@proskauer.com
pproctor@proskauer.com

*Attorneys for The New York and Presbyterian Hospital*

*\*Admitted Pro Hac Vice*

14