# EXHIBIT C



**U.S. Department of Justice**

Antitrust Division

---

*Liberty Square Building*

*450 5th Street, N.W.*
*Washington, DC 20530*

June 5, 2026

VIA E-MAIL

David A. Munkittrick, Esq.
Proskauer
Eleven Times Square
New York, NY 10036

     Re: *United States v. NYP*, 26-cv-2480-PAE-OTW (S.D.N.Y.)
       NYP's Objections to Plaintiff's 1st Set of RFPs

Dear David:

  We write regarding New York Presbyterian's ("NYP") Responses and Objections ("Responses") to the United States' ("Plaintiff") First Set of Requests for Production of Documents ("Requests"), provided on May 18, 2026. We have several concerns from your Responses that we would like to discuss on a meet and confer. The issues identified below are based on our initial review of your Responses. Plaintiff reserves the right to raise issues and objections later and Plaintiff's failure to discuss one of NYP's objections should not be construed as Plaintiff's agreement to the objection, a concession that the objection is well founded, or a waiver of Plaintiff's ability to dispute NYP's basis for asserting such an objection in the future.

## A.  General Objections

  Your Responses contain eight pages of "General Objections," which you "incorporate by reference" in each of your responses, plus additional specific objections. You then make each of your offers of production "subject to and without waiving" those objections. In many instances, however, you do not specify how you are relying on those objections to withhold responsive documents. That does not comply with Rule 34's requirement that "an objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). If you intend to rely on any General or Specific Objection to withhold information responsive to any request as written, you will need to specify which objection you are relying on for which RFP, and to specifically identify the portions of any RFP as written with which you do not intend to comply. The Division will assume that NYP is only withholding information on the basis of an objection dwhen expressly identified in writing.

1

### B.    Objection to Obligations Imposed Beyond the Federal Rules

You object to Plaintiff's Requests, including the Definitions and Instructions, to the extent they impose obligations beyond the Federal Rules of Civil Procedure, the Local Rules, or any applicable order (the "Rules") (GO 1), but you do not identify which Definitions or Instructions exceed those Rules. Plaintiffs will assume that you are only objecting to certain Instructions or Definitions that are expressly written in your Responses. If you are withholding any responsive documents or objecting to complying with any of Plaintiff's instructions on the basis that the Instructions or Definitions impose obligations beyond the Rules, we ask that you explain what is being withheld or what instructions will not be complied with, and the basis for your position, during a meet and confer.

### C.    Relevant Period

You object to Plaintiff's Instruction 2 (GO 2), which identifies the relevant period for the Requests as the last 5 years, on the grounds that such time period is not reasonably proportional, is cumulative of discovery already produced, or it unduly burdensome. Plaintiff disagrees. Plaintiff cannot agree with NYP's proposal to only produce documents between April 22, 2025 and March 26, 2026.

A 5-year time period is reasonable and proportional to the needs of the case, even more so in light of NYP's position that its anti-steering provisions are decades-old and that such provisions were the product of insurer's demands. As such, documents from the past 5 years are highly relevant to Plaintiff's claims and any potential defenses. While you identify that NYP has already produced certain documents during the Division's investigation, Plaintiff's proposed time period is not cumulative because Instruction 1 states that such documents already produced need not be produced again in response to the Requests. Plaintiff's time period is also not unduly burdensome as it is not an excessively long time period and is a clearly defined, finite time period for which NYP can apply a date filter to easily identify responsive documents in the relevant period. On a meet and confer, Plaintiffs seek to further understand the basis for NYP's objection to a 5 year time period, especially in light of *NYP's First Set of RFPs on Plaintiffs which contain no time limit whatsoever* and NYP has expressly sought all documents from a tangentially related litigation matter that is over 26 years old. Given that you have requested non-parties to produce documents going back to at least January 1, 2021, you clearly agree that documents from this timeframe are likely to be relevant to the claims and defenses in this case.

### D.    "Payor Contracting" Limitation

You object to the Requests for seeking information that is unrelated to payor contracting and state you will only produce information relating to payor contracting (GO 3). NYP's objection based on an extremely narrow interpretation of relevance is improper under the Federal Rules. For information to be discoverable, it need only be "relevant to any party's claim or defense and proportional to the needs of the case." FRCP Rule 26(b)(1). The claims and defenses in this case extend to other issues beyond solely payor contracting and negotiations, including other issues such as, for example, information and facts relating to the affordability of healthcare, challenges facing employers offering or seeking to offer healthcare to employees and their

2

families, potential solutions employers may consider in addressing these challenges, as well as quality of care, hospital competition, geographic market, product market, and market power, among other issues. The market power issue is reflective of attributes of NYP and other market participants that are not limited to payor contracting, including, but not limited to, brand recognition, reputation, assets, and operations that complement NYP's inpatient GAC services. On a meet and confer, Plaintiffs would like NYP to explain what categories of documents or information NYP is withholding on the basis of this objection.

### E.        "Relevant Payors" Limitation

You object to the definition of "Payor" in the Requests and assert that you will interpret Payor as only including "Aetna, Anthem/Empire, Cigna, Emblem, and/or United" (GO 4). Plaintiff cannot agree to this limitation. The other commercial payors with whom NYP contracts (or used to contract) are in the relevant market pleaded in the Complaint and are relevant to Plaintiff's claims. There is a finite number of payors with whom NYP contracts, and this case revolves around NYP's contracting practices with each of the commercial payors. The fact that Dov Schwartzben testified that network participation agreements/steering restrictions were "a usual and customary provision in all" NYP payor agreements further supports Plaintiff's request. Schwartzben Dep. 266:4-14 (Mar. 19, 2026).  There is therefore no reason to limit discovery to only the five payors you identify.

The only immediate request for which this is pertinent is RFP 3, which requests all agreements and contracts between NYP, or any hospital or hospital system NYP operates, manages, or affiliates with and any Payor. NYP's agreements and contracts with Payors are central to Plaintiffs claims in this case, and as such its agreements with other payors beyond the 5 payors identified are highly relevant to the claims and defenses of this litigation. On a meet and confer, Plaintiffs would like you to explain your basis for withholding responsive documents relating to other payors.

### F.        "Scope of Search" Objection / Custodian Limitation

You object to the scope of Plaintiff's Requests on the grounds that they are compound, overly broad, unduly burdensome, or not proportional to the needs of the case absent reasonable limitations (GO 6). Specifically, you identify that you will only conduct custodial searches of seven individuals. We note that most, if not all, of the requests in the First Set of RFPs are documents and data that can be identified through targeted searches rather than custodial searches. Plaintiffs seek to discuss your proposed scope of search on a meet and confer. Plaintiffs are available to discuss what custodians would be appropriate for custodial searches going forward.

You additionally object to any ESI protocols, guidelines, directives, or instructions in the DOJ's Requests, including Instructions 5 and 6. Before you make any productions, we would like to understand the ways in which your production will differ from any guidelines or instructions provided.

3

### G.    Time, Place, Manner of Production

You state that NYP plans on rolling productions in response to these Requests (GO 7). Plaintiffs agree to rolling productions so long as productions of documents that are relevant to specific deponents are completed in a reasonable amount of time ahead of such depositions. Plaintiffs are open to have a discussion concerning a mutual substantial completion date for production of documents on a meet and confer so that the Parties can conduct discovery in an efficient manner.

### H.    Protected Personal Information

You object to producing documents containing protected personal information (PPI) (GO 9), and claim to reserve the right to fully withhold such documents. Plaintiff's proposed Protective Order, which you resisted, protects personal information. ECF 20-1, Plaintiff's Proposed Protective Order, Ex. A ⸿ 2. In light of Plaintiff's proposed protective order for personal information, we see no basis for withholding documents based on this objection, once and if our proposed Protective Order is entered. If the Court enters your protective order instead, we are willing to consider you seeking leave to amend it in order to enable it to afford the appropriate protection for the information that appears to be within the scope of this objection.

Plaintiffs cannot agree to your reservation of a right to withhold documents on the basis that they contain the very broad categories of PPI you identify, such as, for example personal phone numbers, To the extent there are responsive text messages that contain personal phone numbers (or are on employee's personal phones), such text messages should be produced and not withheld on the basis of PPI. On a meet and confer, we seek to understand if you disagree, and your basis for seeking to withhold such documents.

### I.    Privilege Instruction

You object to Instruction 9 as imposing privilege logging requirements beyond those imposed by the Federal Rules of Civil Procedure (GO 11). Given the significant deficiencies in NYP's produced privilege logs during the Division's Investigation, and its inability to remedy those deficiencies to date, Plaintiff has concerns about NYP's objections to Plaintiff's privilege instructions which are standard instructions. On a meet and confer, Plaintiffs seek an explanation of which portions of Instruction 9 NYP intends to not comply with in this and future productions.

### J.    "Possession, Custody, and Control" Objection

You object to the definition of "Possession, Custody, or Control" (GO 13). You state you will search and produce materials on behalf of New York and Presbyterian Hospital only. On a meet and confer, please be prepared to explain the basis of your objection and to excluding the subsidiaries and divisions of NYP in your response, and why such entities should not be considered in NYP's control. We seek to understand whether there are responsive documents you are withholding based on this objection.

### K.    RFP 1 (Organization Charts)

You state that NYP has already produced organization charts responsive to this Request, but Plaintiff understands there have been a number of leadership changes at NYP within the last year. As such, Plaintiff requests updated organization charts that reflect these changes. We understand from your response that NYP will produce these updated organizational charts, but if that is not correct, we ask that you clarify that in our meet and confer. Additionally, for the organization charts preceding April 22, 2025, we would ask that you confirm if you have such organization charts and are withholding them, and on what basis you are withholding them.

### L.    RFP 2 (Performance Evaluations)

You object to this request for performance evaluations for a number of individuals on the basis that they do not have responsibility for payor contracting. That is not an appropriate basis to withhold evaluations for these individuals. Many of the individuals identified in this request, but excluded from your list of proposed custodians, are on the managed care team and have or had responsibility for evaluating, negotiating or enforcing contractual terms with payors. These include Paresh Shah, Emily Goodwin, Carrie Elwood, Otto Lee, and Smith Won. The additional individuals have job functions that are pertinent to the claims and defenses in this case. Karen Westerfelt, Group Senior Vice President, Strategic Initiatives and Chief and Regulatory Planning at NYP, is heavily involved in evaluating the New York City healthcare market, competition, and NYP's competitors, which are central issues in Plaintiff's case. Others like Paresh Shah, Chief Operating Officer at NewYork-Presbyterian/Weill Cornell Division, are senior leaders at NYP. Lastly, the Request seeks the performance evaluations for Maggie Buehler or any other appropriate person responsible for NYP's employee health plan design and offerings. As further described below for RFP 6, NYP's consideration of employee health benefits that contain steering features, do not contain steering features, or consider broad or "open" networks is relevant to Plaintiff's claims and relevant to preparing for NYP's defenses as gleaned from NYP's 60-page answer.

NYP cannot claim that retrieving performance reviews for this limited set of individuals is unduly burdensome as they can be retrieved through a targeted search from NYP's human resources systems. Plaintiffs seek to further discuss this issue on a meet and confer.

### M.    RFP 3 (Payor Agreements)

You object to this request for NYP's agreements and contracts with payors on the basis that it is overly broad, unduly burdensome, and disproportionate to the needs of the case. Plaintiffs disagree with these objections as NYP's contracts with payors are central to this case and are highly relevant to Plaintiffs claims, which are about NYP's contracts with payors. Plaintiff does not agree to limit NYP's response to this Request to only Relevant Payors as NYP's agreements with other payors are also relevant. This request is not unduly burdensome as NYP has a central repository of payor agreements and is able to retrieve such documents through a targeted search. Plaintiff seeks to discuss these objections and NYP's proposed limitations to its production at a meet and confer. Plaintiff also seeks to understand better how NYP interprets

5

its General Objection 3 and 5 in relation to this request, and what, if any documents, it seeks to withhold on the basis of either of those objections.

### N.    RFP 4 (Improperly Withheld Documents on CID Privilege Log)

RFP 4 requests documents that were improperly withheld on the basis of privilege during the Investigation or where inadequate information was provided in the log to assess the validity of the privilege claim. Notwithstanding your objections, we understand that you agree to re-review your privilege log and produce unprivileged documents and to produce a revised privilege log. If that is incorrect, please let us know. On a meet and confer, please be prepared to speak to what categories of documents you are withholding from production in response to this request. Specifically, please be prepared to discuss whether you will produce the following categories identified in the March 16, 2026 privilege deficiency letter:

- The 978 documents where the privilege log description identified that the document is not privileged;
- The 1907 documents where no attorney was identified anywhere on the entry; and
- The documents that contain third parties in the communications (as many as at least 1107 individuals on NYP's legend).

On the meet and confer, we would like to discuss whether NYP has waived privilege and what authority NYP has for continuing to maintain privilege after having failed to explain its privilege claims in spite of multiple attempts highlighting these issues.

### O.    RFP 5 (NYP Board Documents)

RFP 5 requests all NYP board documents. You agree to conduct a search for such documents only after April 22, 2025. But the Request goes back 5 years. To the extent not already produced in the Investigation, we request that you produce board documents for the past 5 years. This is a finite set of documents that can easily be identified through a targeted search, thereby imposing minimal burden on NYP. Your limitation that you will only produce board documents if they relate to "payor contracting," is also improper as other topics are relevant to the claims and defense in this litigation, as explained earlier in this letter.

### P.    RFP 6 (NYP Employee Health Plan Documents)

You object to this request for documents relating to NYP's health insurance plans and health benefits offerings on the basis of relevance, burden, breadth, and proportionality. On a meet and confer, we would like to hear the basis of this objection. You say NYP's employee health plans are not an issue in this case but Plaintiffs disagree. Given that multiple NYP employees testified in investigational depositions that NYP considered the use of narrow networks and other steering mechanisms in its own health plan, such documents are relevant to this case.

**Q.      RFP 7 (Data Received or Collected from Third Parties)**

RFP 7 requests data received or collected by NYP in connection with the Investigation, Lawsuit, or other related *Cement Workers* and *UFCW* cases, and any other related investigation/lawsuits. We are unclear regarding your response as on the one hand you state "NYP shall limit this request to documents produced in discovery in Cement Workers or UFCW" while on the other hand you state "Absent further agreement or Court Order, NYP will not produce documents in response to this request." On a meet and confer, we seek to clarify NYP's position and what it plans on producing or withholding in response to this request. First, the request seeks data received or collected by NYP, not merely documents produced in discovery. RFP 7 is broader than documents or data produced in discovery. Please be prepared to discuss if there is anything you are withholding in response to RFP 7 that is outside of the documents and data produced in discovery in the *Concrete Workers* or *UFCW* cases. Second, RFP 7 is substantially similar to NYP's request to Plaintiff in its first Set of RFPs (RFP 5), which similarly seeks data DOJ collected or received in its Investigation or in connection with the Lawsuit. We seek to better understand why you are not willing to produce data in response to this request if you have such data.

**R.      RFP 8 (Documents Produced or Received in Connection with Private Suits)**

RFP 8 requests all documents and data produced or received by NYP in connection with the *Cement Workers* and *UFCW* cases, or any other related investigations/lawsuits.  Similar to your response to Request 7, we are unclear regarding your response as on the one hand you state "NYP shall limit this request to documents produced in discovery in Cement Workers or UFCW" while on the other hand you state "Absent further agreement or Court Order, NYP will not produce documents in response to this request." On a meet and confer, we seek to understand if there are documents responsive to RFP 8 that you are withholding and on what basis. If you are withholding documents on the basis of a protective order, please be prepared to speak to whether such documents are being withheld only on the basis of a notice requirement or if such documents cannot be produced subject to the terms of the protective order.

Sincerely,

/s/ Sean P. Mulloy
Sean P. Mulloy
Trial Attorney, Antitrust Division
U.S. Department of Justice

7