**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

              Plaintiff,

    v.

THE NEW YORK AND PRESBYTERIAN HOSPITAL,

              Defendant.

1:26-cv-2480

Hon. Paul A. Engelmayer, USDJ
Hon. Ona T. Wang, USMJ

---

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3). The parties' proposed schedules are contained in Exhibit A.

1.    The parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2.    This case is not to be tried to a jury.

3.    Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Absent good cause, any motion to amend or to join additional parties shall be filed within 30 days of this Order.

4.    Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be served no later than five (5) business days from the date of this Order.

5.    Fact Discovery shall be completed no later than May 14, 2027. The Parties must complete no later than July 13, 2027, discovery for persons not previously deposed in the action that were identified in the parties' exchange of potential fact witness disclosure.

6.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, except as modified herein or by further order of the Court. All interim Fact Discovery deadlines, as set forth below, may be extended by written consent of the parties without application to the Court, provided that all Fact Discovery is completed by the date set forth in paragraph 5 above.

    a.    Initial requests for production of documents have been served. All requests for production of documents to be served no later than March 19, 2027.

    b.    Interrogatories to be served no later than March 19, 2027.

    c.    Depositions to be completed by May 14, 2027.

     d.     Requests to Admit to be served no later than March 19, 2027.

7. All Expert Discovery shall be completed no later than October 15, 2027.

8. All motions and applications shall be governed by the Court's Individual Rules and Practices, including the requirement of a pre-motion conference before summary judgment is filed. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within fourteen (14) days following the close of Expert Discovery.

9. All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of Fact Discovery.

10.   a.    Counsel for the parties have had preliminary settlement discussions, but have not reached any agreement as of the submission of this Plan. The parties believe that no informal exchange of information is needed for the parties to have productive settlement discussions.

     b.    Counsel for the parties have discussed the use of the following alternative dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator.

     c.    Counsel for the parties recommend that they revisit whether the dispute resolution mechanisms designated in paragraph 10(b) be employed after the close of Expert Discovery.

     d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11. The Court will issue a separate order to govern the timing and content of the Final Pretrial Order. The Parties will meet and confer to propose a Final Pretrial Order date and its contents. The Final Pretrial Order date will be after the deadline for summary judgment motions.

12. Counsel for the parties have conferred and agree that their present best estimate of length of the trial is eighteen (18) court days.

13. Other Items

     a.    ***Supplemental Fact Witness Disclosures.*** By May 14, 2027, the parties will exchange a revised, shortened version of their Initial Disclosures, in which they shall identify in good faith the fact witnesses whom they expect to present as live witnesses at trial (other than solely for impeachment). To the extent any disclosed person has not yet been deposed in this action, the opposing party shall have until July 13, 2027 to take a deposition of the person and request or subpoena the production of the person's documents if they have not yet been produced in

discovery, subject to the objections of the party or non-party whose documents are requested or subpoenaed.

b.   ***Deposition Limits***.

i)   *Number of Depositions*. During Fact Discovery, each party is permitted to take up to thirty (30) depositions.

ii)   *Time Allotment for Party Fact Depositions.* Noticing counsel may reserve time for rebuttal from its allotted seven (7) hours of time for any rebuttal examination. Counsel for the deponent may take reasonable and appropriate redirect examination of their own fact witnesses. On rebuttal, noticing counsel is not limited to topics covered by counsel for a party on redirect. Noticing counsel may utilize any time reserved out of its allotted seven (7) hours, even if opposing counsel declines to redirect their own witness.

iii)   *Time Allotment for Third-Party Fact Depositions*. The parties agree that, if both parties notice or cross-notice a third-party witness, they shall split the examination time equally absent any agreement to the contrary or Court order. If a third-party's deposition is cross-noticed, each side may use 3½ hours, and the deposition shall count as a half deposition towards each party's limit.  If only one party notices a deposition, the entire deposition shall count towards the noticing party's deposition limit. For a third-party deposition that is not cross noticed, the noticing party may use six-and-one-half (6½) hours of deposition time, the non-noticing party may use thirty (30) minutes of deposition time, absent agreement among the parties and affected third party or by Court order. The non-noticing party may seek to enlarge its deposition time to one (1) hour, by adhering to the procedure described in the sub-part entitled Extending Deposition Time.

iv)   *Extending Deposition Time*. The parties agree that, absent an agreement or Court order, a deposition is presumptively limited to seven (7) hours in accordance with the Federal Rules. If a party believes it may need more than its allotted time, it must confer with the other party and if applicable, the third party, in a good-faith effort to reach agreement on the deposition's duration. If the parties, and if applicable the third party, cannot agree, the party seeking to extend deposition time may seek leave of court, and the deposition shall not go forward until the issue has been resolved. To do so, the party must file a letter motion as prescribed by the undersigned's Individual Rules and Practices in Civil Cases. The moving party is responsible for (a) ensuring that any affected non-party receives prompt notice of the motion's filing, and (b) filing the motion in sufficient time to enable the Court to rule on the motion ahead of the deposition occurring.

v)    *30(b)(6) Depositions*. Every 7 hours of 30(b)(6) deposition time shall count as a "deposition" for purposes of calculating deposition limits. The parties shall work in good faith to avoid the need to depose a witness in both a personal and representative capacity at separate times, but the fact that a witness may be designated as a 30(b)(6) deponent shall not preclude an individual deposition of that witness. If a witness is deposed in both a personal and representative capacity, each 7 hours of testimony shall count as one deposition, regardless of the capacity in which the testimony was provided.

vi)    *Completed document productions ahead of depositions.* The parties will work in good faith to notice and schedule depositions and complete a deponent's document productions sufficiently in advance of the deposition occurring.

c.    ***Contention Interrogatories***. The parties agree that the Court should order adaptations to Local Civil Rule 33.3(c) that governs contention interrogatories. The *earliest* date contention interrogatories can be served shall be November 9, 2026, and the responding party must provide *preliminary* substantive answers forty-five days after service, unless the parties agree to a different date or the Court orders otherwise. The answers shall be based on the discovery available at the time of the answer. The parties must supplement their responses 30 days prior to the close of fact discovery. The parties may otherwise supplement their responses as permitted by Fed. R. Civ. P. 26(e), including after the close of fact discovery.

d.    ***Third-party Written Discovery***. Every discovery request to a third-party shall include a cover letter requesting that (a) the third-party Bates-stamp each document with a production number and any applicable confidentiality designation prior to producing it, and (b) the third-party provide to the other side copies of all productions at the same time as they are produced to the requesting party. If a third-party does not provide copies of productions to both parties, the requesting party shall provide such copies to the other side, in the format the productions were received by the requesting party, within three (3) business days of when the requesting party received such materials from the third-party. In addition, if a third-party produces documents or electronically stored information that are not Bates-stamped, the party receiving those materials shall request that the third-party Bates-stamp all documents or electronically stored information and produce such Bates-stamped copies to all parties simultaneously. Each party must promptly communicate with the other party with any agreed-upon changes to the scope of the subpoena or the timing of the response not later than three (3) business days after the change is agreed to. For any discovery request made to a third-party in this litigation prior to entry of the Case Management Plan, the party that issued the discovery must within five (5) business days of entry of this Plan inform all third parties to which it issued discovery of the terms of this provision, and provide to the other Party copies of any agreed-upon modifications to the scope of the subpoena or the timing of the response.

e.   ***Expert Discovery.*** Expert disclosure and discovery will be governed by Fed. R. Civ. P. 26(a)(2) and 26(b)(4) except as modified by order of the Court or agreed to by the parties. There shall be three rounds of simultaneously served expert reports, in accordance with the schedule set forth in Exhibit A. A party's initial report shall at least cover the issues for which it bears the burden of proof at trial.  Each party shall have 14 hours of examination time on the record to depose each expert economist disclosed by the opposing party. Unless the parties agree or the Court orders otherwise, all other expert depositions are limited to one day of seven (7) hours.

f.   ***Privilege Log Limits.*** Privilege logs shall comply with Fed. R. Civ. P. 26(b)(5) and L.R. Civ. P. 26.2.  The following privileged documents, however, may be excluded from a party or third party's privilege log:  (i) documents solely between outside counsel for a party or third party (or persons employed by or acting on behalf of such counsel); (ii) documents or communications solely between counsel for Plaintiff (or persons employed by or acting on behalf of the Executive Branch including any federal antitrust agencies); and (iii) documents or communications sent solely among inside counsel (acting in a purely legal capacity), or inside counsel (acting in a purely legal capacity) and outside counsel (or persons employed by or acting on behalf of counsel) for the defendant.

g.   ***Non-preservation of Certain documents and ESI.*** None of the Parties must preserve or produce in discovery the following categories of documents:

    i)   Documents or communications sent solely between outside counsel for Defendant (or persons employed by or acting on behalf of such counsel) or solely between counsel for Plaintiff (or persons employed by or acting on behalf of such counsel);

    ii)   Documents authored by the Parties' outside counsel (or persons employed by or acting on behalf of such counsel) that were not directly or indirectly furnished to any third party, such as internal memoranda, or documents authored by counsel for the Plaintiff (or persons employed by or acting on behalf of the Plaintiff); and

    iii)   Temporary or cache files, including Internet history, web browser cache, and cookie files, wherever located.

Respectfully Submitted,

/s/ *Paul Torzilli*
Paul Torzilli
*Senior Litigation Counsel*

Karl D. Knutsen
Jessica Hollis
Rahul A. Darwar
Matthew R. Jones
Sean P. Mulloy
Stella Martin
*Trial Attorneys*

United States Department of Justice
Antitrust Division
Healthcare & Consumer Products Section
450 Fifth Street, NW, Suite 4000
Washington, DC 20530
Telephone: (202) 476-0547
Email: Paul.Torzilli@usdoj.gov

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

/s/ *Rachel Kroll*
Rachel Kroll
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2765
E-mail: rachel.kroll@usdoj.gov

*Attorneys for United States of America*

Dated: July 31, 2026

/s/ *Colin Kass*
Colin Kass*
Mark R. Rosman
PROSKAUER ROSE LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 416-6800
ckass@proskauer.com
mrosman@proskauer.com

Vinay Kohli*
Richard W. Westling*
Portia S. Proctor
PROSKAUER ROSE LLP
2029 Century Park East
Los Angeles, CA 90067
(310) 557-2900
vkohli@proskauer.com
rwestling@proskauer.com
pproctor@proskauer.com

David A. Munkittrick
Reut N. Samuels
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
(212) 969-3000
dmunkittrick@proskauer.com
rsamuels@proskauer.com

Joon H. Kim
Joseph M. Kay
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000
jkim@cgsh.com
jkay@cgsh.com

David I. Gelfand*
D. Bruce Hoffman*
CLEARY GOTTLIEB STEEN & HAMILTON LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037

6

(202) 974-1500
dgelfand@cgsh.com
bhoffman@cgsh.com

*Attorneys for Defendant*
*The New York and Presbyterian Hospital*

*\* Admitted pro hac vice*

## EXHIBIT A
## PARTIES' PROPOSED SCHEDULES

| Event | Deadline |
|---|---|
| Initial Disclosures Due | Five (5) business days after entry of this Order |
| First Day to Serve Contention Interrogatories | Monday, November 9, 2026 |
| Initial Responses to Contention Interrogatories Served on November 9, 2026 | Thursday, December 24, 2026[1] (45 days after service) |
| Last Day to Serve Document Requests, Interrogatories, and Requests for Admission | Friday, March 19, 2027 |
| Mandatory Supplemental Responses to Contention Interrogatories Due | Wednesday, April 14, 2027 |
| Parties Exchange Disclosures Identifying The Persons They In Good Faith Reasonably Expect May Be Called As Trial Fact Witnesses | Friday, May 14, 2027 |
| Close of Fact Discovery | Friday, May 14, 2027 |
| First Round of Expert Reports | Friday, May 28, 2027 |
| Second Round of Expert Reports | Monday, July 12, 2027 |
| Last Day to Depose Newly Disclosed Fact Witnesses | Tuesday, July 13, 2027 |
| Third Round of Expert Reports | Thursday, August 26, 2027 |
| Close of Expert Discovery | Monday, October 11, 2027 |
| Pre-Motion Letters regarding Summary Judgment Motions Due | Monday, October 25, 2027 |

---

[1] Parties *must* supplement their responses by April 14, 2027. The parties may supplement their answers at any other time prescribed by Fed. R. Civ. P. 26(e).

8

------------------------------------------------------------------------------------

**TO BE COMPLETED BY THE COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Fed. R. Civ. P. 16(b).

14.  [Other]

15.  The next Case Management Conference is scheduled for _Nov. 11, 2027_ at _2:30_

Unless otherwise indicated, the Case Management Conference will be held **telephonically.** The parties should call into the Court's dedicated conference line at **(888) 363-4749, and enter Access Code 468-4906, followed by the pound (#) key.**  _Courtroom 1305, Thurgood Marshall Courthouse_

Counsel are directed to review the Court's Emergency Individual Rules and Practices in Light of COVID-19, found at https://nysd.uscourts.gov/hon-paul-engelmayer, for the Court's procedures for telephonic conferences and for instructions for communicating with chambers. All conferences with the Court are scheduled for a specific time; there is no other matter scheduled for that time, and counsel are directed to appear promptly.

All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. **Please email to EngelmayerNYSDChambers@nysd.uscourts.gov, no later than twenty-four hours before the conference,** the names of any counsel who wish to enter an appearance at the conference, and the number from which each counsel will call.

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1.E of the Court's Individual Rules and Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

_Paul A. Engelmayer_
_____
Paul A. Engelmayer
United States District Judge

Dated:  New York, New York

_7/31/26_