**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>THE NEW YORK AND PRESBYTERIAN HOSPITAL,<br>Defendant. | Case No. 26-cv-02480-PAE-OTW<br>District Judge Paul A. Engelmayer<br>Magistrate Judge Ona T. Wang |

# AMENDED PROTECTIVE ORDER

Discovery in the above-captioned action is likely to involve production of confidential, proprietary, trade secret, or private information for which special protection may be warranted. To ensure the efficient and prompt resolution of this Action, facilitate discovery by the Parties litigating this Action, and protect Confidential Information, Highly Confidential, and Restricted Highly Confidential Information from improper disclosure or use, pursuant to Fed. R. Civ. P. 26(c)(1), the Court finds good cause for entry of this Protective Order governing information produced in discovery and ORDERS as follows:

## I. GENERAL PROVISIONS

### A. Definitions

For the purposes of this Order, the following definitions will apply:

1. “Action” means *United States of America v. The New York and Presbyterian Hospital*, 26-cv-02480 (S.D.N.Y.), including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

2. “Confidential Information” means the portion of any Investigation Materials and Discovery Materials that contains (a) Personally Identifiable Information (PII), (b) Sensitive Health Information (SHI), or (c) trade secrets or other confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G). Provided, however, that any portion of any Investigation Materials or Discovery Materials, except for PII or SHI, that has been published or otherwise made publicly available is not Confidential Information.

3. “Defendant” means The New York And Presbyterian Hospital, its successors and assigns, and its subsidiaries, divisions, groups, affiliates, partnerships, and joint ventures, and its and their directors, officers, managers, agents, and employees.

4. “Disclosed” means shown, divulged, revealed, produced, described, transmitted, or otherwise communicated, in whole or in part.

5. “Discovery Materials” means any information, documents, data, communications, transcripts of testimony, or other materials relating to this Action that (a) any Non-Party provides to any Party; (b) any Party provides to any Non-Party; (c) any Party provides to any opposing Party, including in response to any discovery request or obligation pursuant to Court Order or Federal Rules of Civil Procedure 26–37, or 45. Discovery Materials do not include information that is or becomes publicly available or known to a Person through other sources, other than through a violation of this Order. Provided, however, that written comments relating to a

proposed consent judgment in this Action that is submitted pursuant to the Antitrust Procedures and Penalties Act (Tunney Act), 15 U.S.C. § 16(b)–(h), are not Discovery Materials.

6. "Document" means any document, data, or electronically stored information as such term is used in Federal Rule of Civil Procedure 34(a).

7. "Expert" means a Person who possesses specialized knowledge that a Party has retained to provide opinions or analysis pursuant to Federal Rule of Civil Procedure 26(b)(4), including persons who may testify pursuant to Federal Rules of Evidence 701–702, and non-testifying trial preparation consulting experts. Absent agreement of the Parties or Court Order, the term Expert excludes any past, present, or anticipated future employee of the Party retaining the expert.

8. "Highly Confidential Information" means any Confidential Information the disclosure of which the Protected Person reasonably believes is likely to result in economic harm or competitive disadvantage.

a. "Restricted Highly Confidential Information" means any Highly Confidential Information relating to negotiations of participating provider agreements between a healthcare provider and a payor, or other entity, that the Protected Person reasonably believes to be so sensitive that it is entitled to extraordinary protections including distribution among the law firms representing the Defendant.

9. "Investigation" means any pre-Complaint review, assessment, or investigation by any Party of the Defendant's conduct alleged in the Complaint.

10. "Investigation Materials" means documents, data, communications, transcripts of testimony, or other materials relating to the Investigation, including but not limited to those provided pursuant to the Antitrust Civil Process Act, 15 U.S.C. §§ 1311-1314, or the Hart-Scott-

Rodino Antitrust Improvements Act, 15 U.S.C. § 18a, that (a) any Non-Party provided to any Party; (b) any Party provided to any Non-Party; or (c) any Party provided to any opposing Party.

11. "Non-Party" means any Person that is not a Party to this Action.

12. "Outside Counsel of Record" means the law firm(s) representing Defendant(s) in this Action, including any attorneys, paralegals, and other professional personnel (including IT professionals and support staff) employed by such law firm(s) and assigned to this Action.

13. "Party" means the United States, or the Defendant in this Action. "Parties" means collectively the United States, and the Defendant in this Action.

14. "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

15. "Personally Identifiable Information" or "PII" means a natural person's (a) Social Security number; (b) driver's license number, state or federal government identification number, or foreign country equivalent identification number; (c) passport number; (d) financial account number; (e) credit or debit card number; (f) name, address, or phone number in combination with their date of birth; or (e) SHI.

16. "Plaintiff" means the United States and its employees, agents, and representatives.

17. "Pretrial Period" means the time between the filing of this Action and the first day of any trial of this Action.

18. "Protected Person" means any Person, including any Party or Non-Party, that provided Investigation Materials or provides Discovery Materials.

19. "Related Action" means *UFCW Local 1500 Welfare Fund v. The New York and Presbyterian Hospital*, 25-cv-05023 (E.D.N.Y.); *Cement and Concrete Workers DC Benefit*

*Fund v. The New York and Presbyterian Hospital*, 25-cv-05571 (E.D.N.Y.); and any other action that is consolidated with those actions.

20. "Sensitive Health Information" or "SHI" means information or data about an individual's health, including medical records and other individually identifiable health information, whether on paper, in electronic form, or communicated orally. SHI relates to the past, present, or future physical or mental health or condition of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

### B. Computing Time

21. Unless otherwise specified, time will be computed according to Federal Rule of Civil Procedure 6(a).

### C. Person Bound by This Order

22. This Order is binding on the Parties, including without limitation their representatives, agents, experts, and consultants, all non-Parties providing Investigation Materials or Discovery Materials in this Action, and all other interested Persons who receive or have access to Confidential Information, Highly Confidential, or Restricted Highly Confidential Information with actual or constructive notice of this Order, upon pain of contempt.

### D. Notice of This Order to Non-Party Protected Persons

23. Within two (2) business days of the Court's entry of this Order, each Party must send by email, overnight mail, or hand delivery a copy of this Order to each Non-Party Protected Person (or, if represented by counsel, the Non-Party Protected Person's counsel) that provided Investigation Materials to that Party. To the extent a Party provided timely notice of the

Protective Order (ECF 55) to a Non-Party Protected Person that provided Investigation Materials, the Party need not provide the notice otherwise required by this Paragraph.

24. Any Party that seeks discovery related to this Action from any Non-Party must include a copy of this Order when serving a discovery request or subpoena on the Non-Party. If any Party sent a discovery request or subpoena to any Non-Party prior to entry of this Order, that Party must send a copy of this Order to the Non-Party within two (2) business days of entry of this Order.

### E. Modifications of This Order

25. If a Non-Party Protected Person determines that this Order does not adequately protect its Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information within its Investigation Materials, it may, within ten (10) business days after receiving notice of this Order, file a motion seeking additional protection from the Court for such Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information. A Party may not disclose a non-Party Protected Person's Investigation Materials until the ten (10) business day period concludes, unless such Non-Party Protected Person consents to earlier disclosure. If a Non-Party Protected Person timely files such a motion, the information for which additional protection has been sought may not be disclosed until the Court has rendered a decision on the motion, unless the movant and the Parties reach an agreement that permits disclosure of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information while the motion is pending.

26. Nothing in this Order limits any Person, including members of the public, a Party, or an interested Non-Party, from seeking additional protection or modification of this Order upon

a motion duly made according to the Local Rules of this Court or an order that certain information need not be produced at all or is not admissible evidence in this Action or any other proceeding.

### F. Privacy Act

27. This Order, and any subsequent order of this Court governing the United States' production of any documents, data, communications, transcripts of testimony, or other materials in this Action, constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a (b)(12).

## II. PROCEDURES FOR DESIGNATING CONFIDENTIAL

### A. Investigatory Materials Designated Highly Confidential Information

28. All Investigatory Materials produced by any Party or Non-Party Protected Persons to any other Party will automatically be designated "Highly Confidential." Any Party may challenge Investigation Materials designations pursuant to Section II.E.

### B. Designating Discovery Materials

29. Initial Confidentiality Designations. All Discovery Materials produced in the Action may initially be designated "Confidential" "Highly Confidential" or "Restricted Highly Confidential" by complying with the designation procedures established in this Subsection B. Any Party may challenge Discovery Material designations pursuant to Section II.E. Any Discovery Materials not designated in the manner required by this Order will not be treated as Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information, even if such information was subject to a prior designation of confidentiality. A Person may address the lack of a confidentiality designation in accordance with Paragraph 37.

30. Production of Electronic Documents and Information. Where a Protected Person produces in this Action documents or information in electronic format, Confidential Information,

Highly Confidential Information, or Restricted Highly Confidential Information contained in those electronic documents or information must be designated by the Protected Person for protection under this Order by marking each page with a "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "RESTRICTED HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" header or footer.

31. Documents Produced in Native Format. When a Protected Person produces electronically stored documents in native file format, the Protected Person must designate any Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information by (a) appending the suffix "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "RESTRICTED HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to the file name or document production number, or (b) including the confidentiality designation in reasonably accessible metadata associated with the file. When documents that were produced in native file format are printed for use during a deposition, for a court proceeding, or for disclosure to any Person covered by Paragraphs 45 and 46, the Party printing the file must affix to the printed version a label containing the production number and the confidentiality designation associated with the document.

32. Documents and Data Produced in Hard Copy or Non-Native Format. When a Protected Person produces documents in hard copy, image files, or other non-native file formats, the Protected Person must designate Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information by stamping or otherwise marking each page or image that contains Confidential Information, Highly Confidential Information, or Restricted

Case 1:26-cv-02480-PAE Document 65 Filed 08/28/26 Page 9 of 28

Highly Confidential Information with the designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "RESTRICTED HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" in a manner that will not interfere with legibility.

33. PII. Any PII produced to any Party, whether during the Investigation or this Action, is considered Confidential Information under this Order without the need for any Protected Person or Party to designate it as such.

34. SHI. The Parties and Protected Persons desire to ensure the privacy of patient records and other information that the Parties have determined might contain SHI. Any SHI produced to any Party, whether during the Investigation or this Action, is considered Confidential Information under this Order without the need for any Protected Person or Party to designate it as such. Any Person who receives and stores SHI, whether during the course of the Investigation or this Action, will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any SHI and to prevent unpermitted use or disclosure of any SHI they may receive from any Person in connection with this proceeding. The Parties will securely return or destroy SHI in accordance with and to the extent required by the Health Insurance Portability and Accountability Act ("HIPAA").

35. Testimony. All transcripts and recordings of depositions taken in this Action will be treated as Highly Confidential Information in their entirety for twenty-one (21) days after the date when a complete and final copy of the transcript has been made available to the deponent (or the deponent's counsel). Within twenty-one (21) days of receiving a final transcript, a Protected Person may designate any portion of a deposition transcript or any portion of a

deposition exhibit as containing Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information by highlighting, stamping, or otherwise clearly marking the information as Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information and by providing a copy of the deposition transcript and exhibits with the Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information redacted. Any portion of a transcript or portion of a deposition exhibit not designated in the manner required by this Paragraph will not be treated as Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information, even if the document(s) that became the deposition exhibit(s) or information that is the subject of the deposition testimony was subject to a prior designation of confidentiality. For avoidance of doubt, a blanket designation that an entire deposition transcript or all exhibits from a deposition are Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information does not comply with the requirements of this Order.

**C. Notice of Confidentiality Designations to the Parties**

36. Any designation of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information or other written notice to the Parties required by this Order must be provided by email, overnight mail, or hand delivery to the following counsel for the Parties:

For Plaintiff:

Paul J. Torzilli
Karl D. Knutsen
Jessica Hollis
Sean Mulloy
U.S. Department of Justice, Antitrust Division
450 Fifth Street NW, Suite 4000
Washington, DC 20530
paul.torzilli@usdoj.gov

karl.knutsen@usdoj.gov
jessica.hollis@usdoj.gov
sean.mulloy@usdoj.gov

For Defendant:

Joon H. Kim
Joseph M. Kay
Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
jkim@cgsh.com
jkay@cgsh.com

David I. Gelfand
D. Bruce Hoffman
Cleary Gottlieb Steen & Hamilton LLP
2112 Pennsylvania Avenue, NW
Washington, DC 20037
dgelfand@cgsh.com
bhoffman@cgsh.com

Colin Kass
Vinay Kohli
David A. Munkittrick
Portia S. Proctor
Mark Rosman
Reut N. Samuels
Proskauer
Eleven Times Square
New York, NY 10036-8299
CKass@proskauer.com
VKohli@proskauer.com
DMunkittrick@proskauer.com
PProctor@proskauer.com
MRosman@proskauer.com
RSamuels@proskauer.com

### D. Inadvertent Failure to Designate Confidential Information Highly Confidential Information, or Restricted Highly Confidential Information

37. If at any time prior to the trial of this Action a Protected Person realizes that it inadvertently failed to designate any Discovery Materials as Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information, such failure will not

constitute a waiver of the right to designate any of such Discovery Materials as Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information. The Protected Person may so designate such information by following the procedures of this Order. If so designated, the Parties must thereafter treat the information according to the Protected Person's new designation; provided, however, that no prior disclosure of newly designated Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information violates this Order. The disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any subsequent confidentiality designation.

### E. Challenging Designations during the Pretrial Period

38. This Order does not preclude or prejudice a Protected Person or Party from arguing for or against any confidentiality designation, establish any presumption that a particular confidentiality designation is valid, or alter the burden of persuasion that would otherwise apply in a dispute over whether something constitutes Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information.

39. Request for a Revised Confidentiality Designation. A Party that intends to disclose Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information contained in Investigation Materials or Discovery Materials of a Protected Person in a manner not permitted by the then-current confidentiality designation may request a revised confidentiality designation from the Protected Person. Any request for a revised confidentiality designation must identify the Investigation Materials or Discovery Materials with particularity and provide a specific reason for requesting the revision.

40. Revised Confidentiality Designation. Absent agreement between the Protected Person and the Party requesting a revised confidentiality designation or Court Order, the Protected Person will have fourteen (14) days to make a revised confidentiality designation or confirm its initial designation after receiving a request for a revised designation. If the Protected Person fails to provide a revised confidentiality designation or confirm its initial designation within the time prescribed, or as otherwise agreed between the parties, the information will no longer be deemed Confidential, Highly Confidential, or Restricted Highly Confidential.

41. Challenging a Confidentiality Designation. If the Party requesting a revised confidentiality designation believes that the revised or confirmed confidentiality designation is not appropriate, it must meet and confer with the Protected Person to resolve the dispute. If the dispute cannot be resolved, the dispute may be raised with the Court, in which case the Protected Person retains the burden to show that the confidentiality designation is appropriate. The information will continue to be treated in accordance with the Protected Person's revised or confirmed designation until the Court rules on the dispute.

## III. DISCLOSURE AND USE OF CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, OR RESTRICTED HIGHLY CONFIDENTIAL INFORMATION

### A. Restriction on Use and Disclosure of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information

42. Except as provided by Paragraph 49 of this Order, all Confidential Information, Highly Confidential Information, and Restricted Highly Confidential Information produced by a Party or a Non-Party Protected Person as part of this Action will be used solely for the purpose of prosecuting or defending the Action or any Related Action–provided the procedures specified in this Order are complied with prior to its use in any Related Action–and must not be used for any business, commercial, competitive, personal, or other purpose.

43. Any Person that becomes subject to a motion to disclose Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information protected by this Order in another case must promptly notify the Party or Non-Party Protected Person that designated the Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information of the motion so the Protected Person has an opportunity to appear in the other case and be heard on whether that information should be disclosed.

44. Notwithstanding anything to the contrary in this Order, unless otherwise ordered by a court of competent jurisdiction, any Protected Person's Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information in any Investigation Materials or Discovery Materials produced in this Action may be re-produced or made available to the parties in a Related Action upon fourteen (14) days' notice to the Protected Person along with a copy of the Protective Order in the Related Action. No such information may be re-produced in a Related Action prior to the entry of a Protective Order and until the fourteen (14) days' notice to the Protected Person period concludes, unless such Protected Person consents to earlier disclosure. The use of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information in any Related Action, and any restrictions relating to the disclosure of such information, will be governed by the Protective Order in the Related Action, except that the Protected Person may petition this Court or the Court in the Related Action during the fourteen (14) days notice period if the Protected Person believes that the Protective Order in the Related Action does not provide adequate protection over information that would be re-produced.

Case 1:26-cv-02480-PAE Document 65 Filed 08/28/26 Page 16 of 29

45. Except as provided by Paragraph 49 or pursuant to a court order, Confidential Information may be disclosed only to the following individuals:

a. In-house counsel for Defendant, not involved in business decisions, to whom disclosure is reasonably necessary for this litigation and whose names must be disclosed to Plaintiff at least five business days before being given access to Confidential Information, provided that the in-house attorneys must first execute an Agreement Concerning Confidentiality in the form attached as Exhibit A. For the purposes of this Paragraph, the phrase "involved in business decisions" does not include the rendering of legal advice solely as to litigation, compliance, regulatory or liability issues related to business decisions.

b. Outside Counsel of Record in the Action, including any attorneys, paralegals, and other professional personnel employed by such counsel (including support and IT staff), and any agents or independent contractors retained by such counsel, whose functions require access to the information;

c. the Court and all individuals assisting the Court in this Action, including Magistrate Judges, law clerks, court reporters, and stenographic or clerical personnel;

d. any special master, mediator, arbitrator, trustee, or monitor that the Parties engage in this Action or that this Court appoints;

e. counsel for Plaintiff, including any attorneys, paralegals, and other professional personnel employed by Plaintiff (including support and IT staff), and any agents or independent contractors retained by Plaintiff whose functions require access to the information;

f. Court reporters and videographers;

g. litigation support vendors or trial consultants retained by a Party to assist that Party in this Action, including without limitation e-discovery vendors, jury consultants, and trial graphics or trial presentation firms, provided they first executed an Agreement Concerning Confidentiality in the form attached as Exhibit A;

h. any individual retained by a Party to serve as a testifying or consulting Expert in this Action, including employees of the firm with which the expert or consultant is associated who assist the expert's work in this Action, provided they first execute an Agreement Concerning Confidentiality in the form attached as Exhibit A;

i. any individual who is an author, addressee recipient, custodian of the information, identified as a participant in any meeting memorialized by the document, and individuals who received or have had access to the information as well as any counsel representing such individuals;

j. a testifying witness may be shown a Document, provided that (i) counsel responsible for the disclosure has a good faith belief that the witness has knowledge of the Document; (ii) prior to any disclosure the witness has executed an Agreement Concerning Confidentiality in the form attached as Exhibit A; (iii) such witness is only shown the Document during the course of providing or preparing for such testimony; and (iv) such witness does not retain a copy of the Document.

46. Except as provided by this Paragraph 46 and Paragraph 49 or pursuant to a court order, Highly Confidential or Restricted Highly Confidential Information may be disclosed only to the persons set forth in Paragraph 45 (b)-(j) above and under the same requirements to execute an Agreement Concerning Confidentiality in the form attached as Exhibit A. Restricted Highly Confidential Information may not be disclosed to any individual attorney who at the time of the proposed disclosure represents an institutional healthcare provider in the State of New York or the surrounding states in any (i) direct negotiation of participating provider agreements with payors, or (ii) disputes with a payor regarding the application, interpretation, or negotiation of their participating provider agreements for the purposes of enforcing those agreements. Further, the Defendant's individual counsel may not use a Protected Person's Restricted Highly Confidential Information for any other purpose including, for a period of one year from the date the individual counsel last accessed the Restricted Highly Confidential Information, by participating in future negotiations of participating provider agreements with payors in the State of New York or the surrounding states. An individual attorney may undertake such a representation within the one-year period if the Protected Person whose Restricted Highly Confidential Information the attorney has accessed consents, which consent will not be unreasonably withheld or delayed. For the purposes of this paragraph, offering antitrust advice to Defendant on the provisions at issue in this litigation is not considered advice that falls under either subsection (i) or (ii). For the avoidance of doubt, all Outside Counsel of Record can receive advice and opinions that do not reveal the specific contents of Restricted Highly Confidential Information. It is further provided that a Protected Person may, before production of materials containing any Restricted Highly Confidential Information, notify counsel for Defendant of the production and request a list of Defendant's counsel who will have access to

the Restricted Highly Confidential Information. No counsel for Defendant who is not included in the list provided to a Protected Person may access the Restricted Highly Confidential Information of that Protected Person. If counsel for the Protected Person objects to disclosure of such information to a particular person or group of persons, the Protected Person will have five (5) business days after receiving the list of counsel to object in writing and will thereafter have seven (7) business days to file a motion for a protective order seeking to restrict such access. The Protected Person will still be required to produce the Restricted Highly Confidential Information, but any person who is the subject of such a written objection will not access the Restricted Highly Confidential Information unless and until the Court orders that such access may be permitted in response to a timely-filed motion for a protective order seeking to restrict such access. If a Protected Person transmits a timely written objection to disclosure of Restricted Highly Confidential Information to a person or persons but fails to file a timely motion for a protective order, the written objection will be deemed waived.

47. Any Person not entitled to receive Highly Confidential Information under this Order is excluded from attendance at any deposition for which the Person would otherwise receive Highly Confidential Information under this Order.

48. Each Person identified in Paragraphs 45 and 46 of this Order to whom Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information is disclosed may not disclose that information to any other Person, except as otherwise provided by this Order.

49. Nothing in this Order:

a. limits a Protected Person's use or disclosure of its own Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information;

b. prevents disclosure of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information with the consent of the Protected Person that designated the information;

c. prevents disclosure by a Party of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information (i) that is or has become publicly known through no fault of that Party; (ii) that was lawfully acquired by that Party independent of receipt during the Investigation or this Action; (iii) that was previously produced, disclosed, or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to a court order;

d. prevents the United States' retention of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information to the extent authorized by 15 U.S.C. § 1313;

e. prevents the United States' use or disclosure of Confidential, Highly Confidential, or Restricted Highly Confidential Information for the purpose of securing compliance with a Final Judgment in this Action; or

f. subject to the Court's prior authorization obtained in accordance with the Court's Order of June 22, 2026, ECF No. 28, prevents the United States' use or disclosure of Confidential, Highly Confidential, or Restricted Highly Confidential Information outside the context of this Action (i) to the extent permitted or required by law, court order, or regulation; or (ii) for law enforcement purposes.

50. The provision of legal advice to a Party based on counsel's evaluation of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential

Information will not constitute an impermissible use or disclosure of such information, provided that such advice and opinions do not reveal the specific contents of the information.

51. ***Use of Large Language Model or Generative AI***. A Party must not load, upload, input, import, submit, or otherwise transfer Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information to a publicly accessible Large Language Model ("LLM") or generative artificial intelligence ("GenAI") platform. Before using Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information in any non-publicly accessible LLM or GenAI platform, a Party must ensure that the LLM or GenAI platform cannot and will not utilize Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information to train public models or otherwise disclose Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information to other users of the LLM or GenAI platform not authorized to receive such materials.

## B. Inadvertent Disclosure of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information

52. If a Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information to a Person not authorized to receive it under this Order, the Party must promptly (a) notify the Protected Person whose information has been disclosed and provide all known relevant information concerning the nature and circumstances of the disclosure, (b) use its best efforts to retrieve all unauthorized copies of the information and ensure there is no additional unauthorized disclosure or use of the information, and (c) provide a copy of this Order to any Person to whom unauthorized disclosures were disclosed and request that such person execute Exhibit A.

53. Unauthorized or inadvertent disclosure of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information does not change the confidential status of any disclosed material or waive the Protected Person's right to maintain the disclosed material as Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information.

### C. Filing Pretrial Court Filings Under Seal

54. Nothing in this Order will modify the standards for maintaining judicial records under seal. A Party that files Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information with the Court must file the information under seal. The Party must follow the Court's procedures with respect to filings under seal.

55. Filing another Person's Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information under seal does not constitute agreement by the filing Party that the information is properly designated, and nothing in this Order should be construed to prevent a Party from later challenging the confidentiality designation of information that was previously filed under seal.

56. ***Disclosure in Public Proceedings.*** Absent good cause or further Order of the Court, (i) a Party will give a Non-Party Protected Person five (5) business days' notice if the Party reasonably expects the Non-Party Protected Person's Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information may be disclosed at a public hearing or other public proceeding before the Court. To the extent a Party seeks to use another Party's or a Non-Party Protected Person's Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information in a public hearing or other public proceeding, regardless of whether notice has been provided pursuant to this Paragraph, the Party

Case 1:26-cv-02480-PAE Document 65 Filed 08/28/26 Page 22 of 28

intending to use the Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information must ask the Court to receive the Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information under seal or in another form that avoids public disclosure. If the Court does not agree to receive the information in a form that avoids public disclosure, such Party must ask the Court to allow the Party or Non-Party Protected Person an opportunity to be heard.

### D. Use of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information at Trial and in Post-Trial Filings

57. Use of Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information at trial and in post-trial filings will be governed by a later order. The Parties must meet and confer and submit a recommended order outlining those procedures.

## IV. PROCEDURES UPON TERMINATION OF THE ACTION

58. A Party will provide a Protected Person notice within seven (7) days after receipt of a subpoena or other process compelling production of Investigation Materials or Discovery Materials that contain Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information. Absent agreement of the Protected Person or an order of this Court or other court of competent jurisdiction, the Party will not otherwise disclose such Investigation Materials or Discovery Materials for at least twenty-one (21) days after such notice has been provided. If the Protected Person objects to the production of such information within such twenty-one (21)-day period, the Party will not disclose such information absent an order from this Court or other court of competent jurisdiction.

59. Within ninety (90) days following the expiration of the time for appeal of a judgment, or decree terminating this Action, all Persons must make a good faith effort to will return or destroy all Confidential Information, Highly Confidential Information, or Restricted

Highly Confidential Information it has received, including all copies, that has not otherwise been made public during this Action unless the Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information may be retained pursuant to Paragraph 49, Paragraph 61, or Paragraph 62. The restrictions set forth in this Order will continue to govern any use or disclosure of such archival copies.

60. Within ninety (90) days after the expiration of the time for appeal of an order, judgment, or decree terminating this Action, all Persons that received Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information must certify compliance with Paragraph 59 of this Order in writing to the Party or Protected Person that produced the Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information.

61. Counsel for the Parties will be entitled to retain court papers, deposition, hearing and trial transcripts, exhibits, and work product. Provided, however, that the Parties and their counsel may not disclose the portions of those materials containing Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information except pursuant to a court order, with the consent of the Protected Person that produced the Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information, or as otherwise permitted by this Order.

62. Expert witnesses for the Parties will be entitled to retain their own expert reports, their own deposition and trial transcripts and exhibits, and their own work product. Provided, however, that they may not disclose the portions of those materials containing Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information except pursuant to a court order, with the consent of the Protected Person that produced the

Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information, or as otherwise permitted by this Order, and except for SHI which must be returned or destroyed.

63. Counsel for a Party that disclosed Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information to a Person identified in Paragraph 45 subparagraphs (a), (g), (h), or (j) of this Order must obtain and retain the signed version of the Agreement Concerning Confidentiality in the form attached as Exhibit A for a period of at least one year following the termination of this Action.

64. This Order will survive the termination of this Action and will remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

65. This Court retains jurisdiction to resolve any disputes arising out of this Order after termination of this Action.

## V. INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

66. The disclosure of any Investigation Materials or Discovery Materials subject to attorney-client privilege, deliberative-process privilege, law-enforcement privilege, work-product protection, or other applicable legal or evidentiary privilege ("Privileged Material") is not a waiver in this Action or in any other federal or state proceeding, provided that (a) the disclosure was inadvertent; (b) the Person that disclosed the Privileged Material used reasonable efforts to prevent such disclosure; and (c) the Person that disclosed the Privileged Material promptly took reasonable steps to rectify the error, including by following Federal Rule of Civil Procedure 26(b)(5)(B). Notwithstanding the foregoing, use of technology-assisted review, including artificial intelligence, to make initial privilege determinations does not on its

own operate as a waiver of privilege absent a specific intent to waive privileged and so long as the holder of the privilege promptly took reasonable steps to rectify the error upon learning of it.

67. The Person asserting the privilege bears the burden of proof with respect to a claim or assertion of privilege. A Person claiming inadvertent production of Privileged Material must first make a good-faith determination that such materials are privileged or otherwise protected from disclosure under applicable law and rules. The Person must then promptly notify all Parties that received the Privileged Material and provide sufficient information for such Parties to assess the claim of privilege in the form of a privilege log as outlined in Federal Rule of Civil Procedure 26(b)(5). If a receiving Person discovers a document that it believes to be Privileged Material, the receiving Person must promptly notify the Person that produced it. Provided, however, that no Person will be found to have violated this Order for failing to recognize inadvertently produced Privileged Material.

68. After discovering or being notified of a claim of inadvertent production of Privileged Material, a receiving Person (a) may not use or disclose the Privileged Material until the claim is resolved, except as permitted by Federal Rule of Civil Procedure 26(b)(5), (b) must return, sequester, or destroy all copies of the Privileged Material in its possession, and (c) must take reasonable steps to retrieve the Privileged Material from any Person(s) to whom the receiving Person disclosed it before being notified of or discovering the inadvertent production. The designating Person must retain a copy of the Privileged Material until the resolution or termination of this Action.

**SO ORDERED**.

Dated: August 28, 2026

Paul A. Engelmayer
United States District Judge
New York, New York

Case 1:26-cv-02480-PAE Document 65 Filed 03/28/26 Page 28 of 29

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

Plaintiff,

v.

THE NEW YORK AND PRESBYTERIAN HOSPITAL,

Defendant.

Case No. 26-cv-02480-PAE-OTW

**Agreement Concerning Confidentiality**

I, ______________________________________, the undersigned person, state as follows:

1. I have received and read the Protective Order entered in this Action.

2. I have been informed that certain information to be disclosed to me or my firm in connection with the Action has been designated as Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information.

3. I agree that I will (i) be bound by the terms of the Protective Order, (ii) comply with the Protective Order; (ii) not disclose any Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information to any Person not entitled to receive such information under the terms of the Protective Order; and (iii) not to use any Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information for any purpose other than this litigation or as expressly permitted by the Protective Order.

4. I understand that my failure to abide by the terms of the Protective Order will subject me, without limitation, to civil and criminal penalties for contempt of Court.

5. I submit to the jurisdiction of this Court solely for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

6. To the extent that disclosure pursuant to Paragraphs 45(g), 45(h), or 46 of the Protective Order is to be made to a litigation support vendor or expert firm with which I am affiliated, I represent and warrant I have authority to agree on behalf of such vendor or firm that the vendor or firm, and its employees, will (i) comply with the Protective Order; (ii) not disclose any Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information to any other person not entitled to receive such information under the terms of the Protective Order; and (iii) not to use any Confidential Information, Highly Confidential Information, or Restricted Highly Confidential Information for any purpose other than this litigation. I agree that I am personally responsible for their conduct with respect to compliance with this Protective Order and agree to be held in contempt for any of their failure to comply with the terms of this Order.

Dated:__________________________ By: ________________________________________